**FREEMAN MATHIS & GARY, LLP**
Marc Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kristin.ingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California  90071
T.: 213.615.7000 | F: 833.264.2083

Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>Plaintiff,<br><br>v .<br><br>HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.<br>District Judge:<br><br>**DECLARATION OF KRISTIN A. INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; EXHIBITS A-C**<br><br>*[Filed concurrently with Notice of Removal; Declaration of Matthew Rubin; Civil Cover Sheet; Notice of Interested Parties]*<br><br>State Complaint Filed: October 24, 2024<br>Removal Filed:          December 6, 2024 |

I, Kristin A. Ingulsrud, Esq., hereby declare as follows:

I am an attorney admitted to practice in all of the courts in the State of California. I am an attorney with the law firm Freeman Mathis & Gary, LLP, counsel of record for Defendant Horace Mann Property and Casualty Insurance Company ("Horace Mann") in this litigation.  Unless otherwise noted, the following is based on my personal knowledge.  If called as a witness, I could and would competently testify to the facts contained herein.  I submit this declaration in support of Horace Mann's Notice of Removal of Action.

Freeman Mathis
& Gary, LLP
Attorneys at Law

01

2.      Horace Mann was served in this action on November 8, 2024. A true and correct copy of Plaintiff's Complaint in this action, filed on October 24, 2024, is attached hereto as **Exhibit A**.  Also included in **Exhibit A** is a true and correct copy of Plaintiff's First Amended Complaint, filed on November 14, 2024.

3.      To the best of my knowledge, the Complaint and First Amended Complaint contained in **Exhibit A**, and the other related documents, constitute all process, pleadings, orders, and other documents received by Horace Mann to date in this action.

4.      The Answer filed by Horace Mann in the Los Angeles County Superior Court and served on all parties is attached hereto as **Exhibit B**.

5.      Horace Mann is a corporation organized and existing under the laws of the state of Illinois, with its principal place of business in Springfield, Illinois.  Horace Mann is, and was as of October 2024, a resident and citizen of the state of Illinois and of the United States.  A true and correct copy of the Illinois Department of Insurance's business page for Horace Mann is attached hereto as **Exhibit C**.

I declare under penalty of perjury and under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 6th day of December, 2024 at Los Angeles, California.


/s/ *Kristin A. Ingulsrud*
Kristin A. Ingulsrud

Freeman Mathis
& Gary, LLP
Attorneys at Law

_____
DECLARATION OF KRISTIN A. INGULSRUD

02

# EXHIBIT A

Electronically Received 11/14/2024 10:22 AM

1    STEPHEN CHAPMAN

2    7917 SELMA AVE 336

3    LOS ANGELES, CA, 90046

4    (619)550-7543

5    Stefinchapman@outlook.com

6    STEPHEN CHAPMAN , IN PRO PER

**FILED**
Superior Court of California
County of Los Angeles

11/14/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ N. Osollo _____ Deputy

7

8

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **FOR THE COUNTY OF LOS ANGELES**

11

12    STEPHEN CHAPMAN,        )    Case Number: 24STCV27909

13    Plaintiff,                   )

14    **v.**                       )    **FIRST AMENDED COMPLAINT**

15    HORACE MANN PROPERTY &      )    **FOR BREACH OF CONTRACT,**
                                        **BAD FAITH DENIAL OF**

16    CASUALTY INSURANCE COMPANY,   )    **INSURANCE BENEFITS, FRAUD,**
                                         **AND RELATED CAUSES OF**

17    Defendant.                  )    **ACTION**

18                                 )

19                                 )    Dated 11.10.2024

20                                 )    CIVIL UNLIMITED

21                                 )

22                                 )

23                                 [STEPHEN CHAPMAN]

24    **FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH DENIAL OF**

25    **INSURANCE BENEFITS, FRAUD, AND RELATED CAUSES OF ACTION**

26

27    **COMES NOW,** Plaintiff Stephen Chapman and hereby files this First Amended Complaint against

28    Defendant Horace Mann Property & Casualty Insurance Company, and alleges as follows:

1

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

**INTRODUCTION**

Plaintiff Stephen Chapman brings this action against Defendant Horace Mann Property & Casualty Insurance Company for breach of contract, bad faith denial of insurance benefits, fraud, and other causes of action related to Defendant's improper handling of Plaintiff's insurance claim.

**PARTIES**

Plaintiff **Stephen Chapman** is an individual residing in Los Angeles County, California.

Defendant **Horace Mann Property & Casualty Insurance Company** is a corporation organized under the laws of Illinois and authorized to conduct business in California, including the issuance of automobile insurance policies.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this action under **Article VI, Section 10 of the California Constitution**, as the amount in controversy exceeds the minimum jurisdictional requirement of the Superior Court. Venue is proper in this Court under **California Code of Civil Procedure § 395(a)** because Defendant conducts substantial business in Los Angeles County, and Plaintiff's causes of action arose in Los Angeles County.

**FACTUAL ALLEGATIONS**

On or about **January 6th, 2022**, Plaintiff purchased an auto insurance policy from Defendant (**policy/account number 65000544570101**), covering his 2017 Porsche Macan S AWD, with a premium of **$1,252.58** for a six-month term. Plaintiff made all required premium payments, including:

- **January 6, 2022**: $213.71 [Payment withheld & processed 01/27/2022 by the insurer]
- **March 16, 2022**: $269.66
- **April 18, 2022**: $269.65
- **May 17, 2022**: $269.67
- **June 16, 2022**: $531.50 (resulting in a credit balance of $307.31).

On or around January 24th, 2022 per the defendant, an internal system errors occurred at Horace Mann which prompted a request for the plaintiff's signature on a new policy/account number (**65000544570102**) with the same terms, conditions, and coverages as the initial policy; **back-dated to January 10th 2022.** At this time, the defendant communicated that there would be no-cost for coverages

2

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

from January 10th 2022 to January 24th 2022. Subsequently, on January 27th 2022 the initial payment that was paid by the plaintiff on January 6th was processed.

Policy (**65000544570102)** was renewed for a new term from **July 10, 2022, to January 10, 2023**, with a renewal premium of $1,566.48. The Plaintiff's payment made on June 15, 2022 exceeded the premium due on 07/15/2022, resulting in no past-due balance as purported by the defendant.

Despite Plaintiff's timely payments and credit balance, Defendant wrongfully canceled Plaintiff's policy on **August 15, 2022**, citing non-payment. Defendant presented redacted transaction records as evidence of declined payments, which Plaintiff later discovered were fraudulent, showing account numbers that did not match Plaintiff's account. Defendant also failed to properly notify Plaintiff of the cancellation as required by **California Insurance Code § 662**. A recorded phone call with a **Horace Mann** agent revealed that procedural irregularities had occurred, with the agent admitting that another review was required and suggesting that the initial cancellation was flawed. As a result of Defendant's wrongful actions, Plaintiff suffered financial losses, including medical expenses, lost wages, and emotional distress.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: Breach of Contract

Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Plaintiff entered into a valid contract with Defendant under policy number 65000544570102, and Plaintiff fully performed by making timely payments.

Defendant breached the contract by:

- Wrongfully canceling Plaintiff's policy despite timely payments;
- Failing to properly notify Plaintiff of the cancellation as required under **California Insurance Code § 662**;
- Failing to honor Plaintiff's legitimate insurance claim following an accident in November 2022.

As a result of Defendant's breach, Plaintiff suffered damages including lost wages, medical expenses, and policy benefits.

### SECOND CAUSE OF ACTION: Bad Faith Denial of Insurance Benefits

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

84    Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant owed Plaintiff

85    a duty of good faith and fair dealing under the insurance contract. Defendant breached this duty by

86    wrongfully canceling Plaintiff's policy and denying his claim, acting in bad faith and violating

87    **California Insurance Code § 1861.03**. As a result of Defendant's bad faith conduct, Plaintiff suffered

88    financial losses, emotional distress, and lost benefits.

89    ### THIRD CAUSE OF ACTION: Fraud and Intentional Misrepresentation

90    Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant knowingly

91    made false representations regarding Plaintiff's policy status, including falsified transaction records and

92    claims of declined payments. Defendant presented fraudulent records to Plaintiff and the California

93    Department of Insurance to justify the wrongful cancellation. Defendant's fraudulent conduct was

94    intended to deceive Plaintiff, causing Plaintiff financial harm and emotional distress.

95    ### FOURTH CAUSE OF ACTION: Negligent Misrepresentation

96    Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant negligently

97    misrepresented the status of Plaintiff's payments, policy, and coverage through its agents. These

98    misrepresentations caused Plaintiff financial losses and emotional distress.

99    ### FIFTH CAUSE OF ACTION: Breach of Fiduciary Duty

100   Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant owed Plaintiff

101   a fiduciary duty to act in good faith and exercise reasonable care in handling his policy and claims.

102   Defendant breached this duty by wrongfully canceling the policy, misrepresenting payment records, and

103   failing to properly investigate Plaintiff's claims. As a result, Plaintiff suffered financial harm and

104   emotional distress.

105   ### SIXTH CAUSE OF ACTION: Malfeasance

106   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

107   Defendant engaged in malfeasance, including submitting fraudulent documents and misrepresenting

108   payment status to justify wrongful cancellation. This conduct caused Plaintiff significant financial losses

109   and emotional distress.

110   ### SEVENTH CAUSE OF ACTION: Oppressive Conduct

4

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant's actions in falsifying records, mishandling payments, and wrongfully canceling Plaintiff's policy constitute oppressive misconduct. Defendant acted with malicious intent to deny Plaintiff his rightful benefits.

**EIGHTH CAUSE OF ACTION: Violation of California Insurance Code § 662**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant violated **California Insurance Code § 662** by failing to send proper notice of cancellation to Plaintiff's correct address. This violation resulted in financial harm and emotional distress to Plaintiff.

**NINTH CAUSE OF ACTION: Violation of California Business & Professions Code § 17200**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant engaged in fraudulent and unfair business practices, violating **California Business & Professions Code § 17200**. Plaintiff is entitled to damages for Defendant's unfair and deceptive conduct.

**TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress (IIED)**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant's conduct, including falsifying records and canceling the policy, was extreme and outrageous, causing Plaintiff severe emotional distress.

**ELEVENTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress (NIED)**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant's negligent handling of Plaintiff's payments and policy caused foreseeable emotional distress.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For punitive damages for Defendant's fraudulent, malicious, and oppressive conduct;
3. For consequential damages for emotional distress;
4. For attorney's fees and costs under **California Code of Civil Procedure § 1021.5**;
5. For interest on damages as allowed by law;
6. For any other relief the Court deems just and proper.

**EXHIBITS**

- **Exhibit A**: Payment records (page intentionally left blank for later inclusion).

5

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

139      • **Exhibit B**: Fraudulent transaction records (page intentionally left blank for later inclusion).

140      • **Exhibit C**: Phone call transcriptions (page intentionally left blank for later inclusion).

141      • **Exhibit D**: Medical and therapy records (page intentionally

142

143

144

145

146

147

148      _____

149

150

151

152

153

154

155

156

157

158

159

160

161

162

163                                                          **DATED**: 11.10.2024

164

165                                                          **Stephen Chapman**

166                                                          **Plaintiff, In Pro Per**

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**



1  STEPHEN CHAPMAN
2  7917 SELMA AVE 336
   LOS ANGELES, CA, 90046
3  (619)550-7543
4  n/a
   Stefinchapman@outlook.com
5  STEPHEN CHAPMAN, IN PRO PER

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2024 3:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

6
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                **FOR THE COUNTY OF LOS ANGELES**
10
11  STEPHEN CHAPMAN                  )  Case No.: 24STCV27909
                                     )
12  Plaintiff(s),                    )  **COMPLAINT FOR BREACH OF**
                                     )  **CONTRACT, BAD FAITH DENIAL OF**
13                                   )  **INSURANCE BENEFITS, FRAUD, AND**
                                     )  **RELATED CAUSES OF ACTION**
14                                   )
                                     )
15              vs.                  )
                                     )
16  HORACE MANN PROPERTY &           )
    CASUALTY INSURANCE COMPANY       )
17                                   )  DATE:10.23.2024
                                     )  TIME: 1539
18  Defendant(s).                    )  DEPT: CIVIL UNLIMITED
                                     )
19  ─────────────────────────────────

20  This action arises from the wrongful cancellation of Plaintiff Stephen Chapman's auto insurance

21  policy by Horace Mann Property & Casualty Insurance Company ("Horace Mann"), despite

22  Plaintiff's timely payments and credit balance. Horace Mann engaged in systematic bad faith

23  insurance practices, including fraudulent misrepresentations, malfeasance, oppressive conduct, and

24  wrongful cancellation of Plaintiff's policy. Plaintiff seeks compensatory and punitive damages.

25  On October 21, 2024, Plaintiff initially filed this Complaint with the Court. However, it was

26  rejected due to formatting issues and non-compliance with CRC Rule 2.100-2.141. This current

27  version of the Complaint has been refiled to address the procedural issues while maintaining the

28  same claims and causes of action.

Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action

Exh. A - 9

**PARTIES**

Plaintiff, **Stephen Chapman** is an individual residing in Los Angeles County, California.

Defendant, **Horace Mann Property & Casualty Insurance Company** is a corporation organized under the laws of Illinois and authorized to conduct business in California, including the issuance of automobile insurance policies.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this action under Article VI, Section 10 of the California Constitution, as the amount in controversy exceeds the minimum jurisdictional requirement of the Superior Court.

Venue is proper in this Court under California Code of Civil Procedure § 395(a) because Defendant conducts substantial business in Los Angeles County, and Plaintiff's causes of action arose in Los Angeles County.

**FACTUAL ALLEGATIONS**

On or about January 10, 2022, Plaintiff purchased an auto insurance policy from Defendant (policy/account number 65000544570102), covering his 2017 Porsche Macan S AWD, with a premium of $1,252.58 for a six-month term $1,246.88 after AAA discount.

Plaintiff made all required premium payments, including:

- January 6, 2022: $213.71 [Payment withheld & processed on 01/27/2022 by the insurer]
- March 16, 2022: $269.66
- April 18, 2022: $269.65
- May 17, 2022: $269.67
- June 16, 2022: $531.50 (resulting in a credit balance of $325.30).

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

51  The policy was renewed for a new term from July 10, 2022, to January 10, 2023, with a renewal

52  premium of approximately $270.00 -which the Plaintiff's credit balanced covered, thus leaving

53  no late or past-due balance.

54  Despite Plaintiff's timely payments and credit balance, Defendant wrongfully canceled

55  Plaintiff's policy on August 15, 2022, citing non-payment.

56  Defendant presented redacted transaction records as evidence of declined payments, which

57  Plaintiff later discovered were fraudulent, showing account numbers that did not match

58  Plaintiff's account. Defendant also failed to properly notify Plaintiff of the cancellation as

59  required by California Insurance Code § 662.

60  A recorded phone call with a Horace Mann agent revealed that procedural irregularities had

61  occurred, with the agent admitting that another review was required and suggesting that the

62  initial cancellation was flawed.

63  As a result of Defendant's wrongful actions, Plaintiff suffered financial losses, including

64  medical expenses, lost wages, and emotional distress.

65                **FIRST CAUSE OF ACTION: Breach of Contract**

66  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

67  Plaintiff entered into a valid contract with Defendant under policy number 65000544570102.

68  Plaintiff fully performed by making timely payments.

69  Defendant breached the contract by:

70      • Wrongfully canceling Plaintiff's policy despite timely payments;

71      • Failing to properly notify Plaintiff of the cancellation as required under California

72        Insurance Code § 662;

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

73    • Failing to honor Plaintiff's legitimate insurance claim following an accident in November
74      2022.
75    As a result of Defendant's breach, Plaintiff suffered damages including lost wages, medical
76    expenses, and policy benefits.

77    **SECOND CAUSE OF ACTION: Bad Faith Denial of Insurance Benefits**
78    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.
79    Defendant owed Plaintiff a duty of good faith and fair dealing under the insurance contract.
80    Defendant breached this duty by wrongfully canceling Plaintiff's policy and denying his claim,
81    acting in bad faith and violating California Insurance Code § 1861.03.
82    As a result of Defendant's bad faith conduct, Plaintiff suffered financial losses, emotional
83    distress, and lost benefits.

84    **THIRD CAUSE OF ACTION: Fraud and Intentional Misrepresentation**
85    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.
86    Defendant knowingly made false representations regarding Plaintiff's policy status, including
87    falsified transaction records and claims of declined payments.
88    Defendant presented fraudulent records to Plaintiff and the California Department of Insurance
89    to justify the wrongful cancellation.
90    Defendant's fraudulent conduct was intended to deceive Plaintiff, causing Plaintiff financial
91    harm and emotional distress.

92    **FOURTH CAUSE OF ACTION: Negligent Misrepresentation**
93    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.
94    Defendant negligently misrepresented the status of Plaintiff's payments, policy, and coverage
95    through its agents.

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 12

96    These misrepresentations caused Plaintiff financial losses and emotional distress.

97                    **FIFTH CAUSE OF ACTION: Breach of Fiduciary Duty**

98    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

99    Defendant owed Plaintiff a fiduciary duty to act in good faith and exercise reasonable care in

100   handling his policy and claims.

101   Defendant breached this duty by wrongfully canceling the policy, misrepresenting payment

102   records, and failing to properly investigate Plaintiff's claims.

103   As a result, Plaintiff suffered financial harm and emotional distress.

104                       **SIXTH CAUSE OF ACTION: Malfeasance**

105   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

106   Defendant engaged in malfeasance, including submitting fraudulent documents and

107   misrepresenting payment status to justify wrongful cancellation.

108   This conduct caused Plaintiff significant financial losses and emotional distress.

109                    **SEVENTH CAUSE OF ACTION: Oppressive Conduct**

110   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

111   Defendant's actions in falsifying records, mishandling payments, and wrongfully canceling

112   Plaintiff's policy constitute oppressive misconduct.

113   Defendant acted with malicious intent to deny Plaintiff his rightful benefits.

114        **EIGHTH CAUSE OF ACTION: Violation of California Insurance Code § 662**

115   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

116   Defendant violated California Insurance Code § 662 by failing to send proper notice of

117   cancellation to Plaintiff's correct address.

118   This violation resulted in financial harm and emotional distress to Plaintiff.

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

119 **NINTH CAUSE OF ACTION: Violation of California Business & Professions Code §**
120 **17200**

121 Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

122 Defendant engaged in fraudulent and unfair business practices, violating California Business &
123 Professions Code § 17200.

124 Plaintiff is entitled to damages for Defendant's unfair and deceptive conduct.

125 **TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress (IIED)**

126 Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

127 Defendant's conduct, including falsifying records and canceling the policy, was extreme and
128 outrageous, causing Plaintiff severe emotional distress.

129 **ELEVENTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress (NIED)**

130 Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

131 Defendant's negligent handling of Plaintiff's payments and policy caused foreseeable emotional
132 distress.

133 **PRAYER FOR RELIEF:**

134 WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

135 **Compensatory damages** for lost wages, medical expenses, and insurance benefits;

136 **Punitive damages** for Defendant's fraudulent, malicious, and oppressive conduct;

137 **Consequential damages** for emotional distress;

138 **Attorney's fees and costs** under California Code of Civil Procedure § 1021.5;

139 **Interest** on damages as allowed by law;

140 Any other relief the Court deems just and proper.

141 **EXHIBITS**

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 14

142    **Exhibit A**: Payment records (page intentionally left blank for later inclusion).

143    **Exhibit B**: Fraudulent transaction records (page intentionally left blank for later inclusion).

144    **Exhibit C**: Phone call transcriptions (page intentionally left blank for later inclusion).

145    **Exhibit D**: Medical and therapy records (page intentionally left blank for later inclusion).

146

147

148

149

150

151

152

153

154

155

156    **DATED:** 10.23.2024

157

158    _____

159    STEPHEN CHAPMAN

160    In Pro Per

161

162

163

164

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 15

165

166
167
168

169

Page 6

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

# EXHIBIT B

FREEMAN MATHIS & GARY, LLP
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kristin.ingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, CA 90071
T.: 213.615.7000 | F: 833.264.2083

Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEPHEN CHAPMAN, | **CASE NO. 24STCV27909** |
| Plaintiff, | Honorable Michael Shultz |
| | Department 40 |
| v. | |
| | **ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT** |
| HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Defendant, | Complaint filed:  October 24, 2024 |
| | First Amended Complaint filed:  November 14, 2024 |
| | Trial Date:  None |

Defendant HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY ("Horace Mann") answers the First Amended Complaint ("Complaint") filed by Plaintiff STEPHEN CHAPMAN ("Chapman") as follows:

## **GENERAL DENIAL**

Under California Code of Civil Procedure § 431.30(d), Horace Mann denies each and every allegation and claim in the Complaint, all and singular, general and specific, and denies that Chapman has been damaged, or has sustained any injury, damages, or loss, by reason of any act or omission by Horace Mann or its agents, representative servants, or employees.

*//*

1

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

## AFFIRMATIVE DEFENSES

Horace Mann raises each of the following affirmative defenses to each and every cause of action, claim, act or omission alleged against it.  Horace Mann alleges the following affirmative defenses without assuming the burden of proof for any of them where the law does not place the burden on Horace Mann.

### FIRST AFFIRMATIVE DEFENSE

### (No Contract of Insurance)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman because *inter alia* Chapman did not pay the premium required to purchase a policy.

### SECOND AFFIRMATIVE DEFENSE

### (Arbitration)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred or limited by an arbitration provision and California Insurance Code § 11580.2.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Comply with Contract Terms and Conditions)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred because Chapman has not complied with the terms and conditions of any such alleged contract.

### FOURTH AFFIRMATIVE DEFENSE

### (Breach of Contract and Implied Covenant)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred because Chapman breached the contract and the implied covenant of good faith and fair dealing.

//

## FIFTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred by Chapman's prevention of Horace Mann from performing under any such contract.

## SIXTH AFFIRMATIVE DEFENSE

### (Recovery Precluded by Terms and Conditions of Contract that is Alleged)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred by the terms and conditions of any such contract.

## SEVENTH AFFIRMATIVE DEFENSE

### (Full Performance and Discharge of Obligations)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred because Horace Mann has completed and fully performed and discharged any and all obligations and legal duties.

## EIGHTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred because Horace Mann has substantially met any and all obligations and legal duties.

## NINTH AFFIRMATIVE DEFENSE

### (No Injury, Damage, or Loss)

The Complaint and the purported causes of action are barred in whole or in part because Chapman has not been injured or damaged and did not sustain any loss as a proximate result

3

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

of any act or omission, if any, for which Horace Mann is responsible, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Offset/Credit)

In the event there is a finding of damages for Chapman, such damages must be offset to the extent Chapman received monetary benefits from collateral sources and by the amounts Chapman owes to Horace Mann and the credits and offsets to which Horace Mann is entitled from Chapman.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Other Insurers and Other Insurance)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred or limited based on principles and doctrines of contribution, indemnity, subrogation, equitable subrogation, allocation, or apportionment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Other Recoveries)

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred or limited based on amounts collected by Chapman from other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint and each purported cause of action are barred because Chapman failed to mitigate, minimize, or avoid any of the damages alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Without admitting that Chapman was in any way damaged, if he were, the Complaint and each purported cause of action are barred because any alleged losses or damages are

4

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

1  speculative, vague, based on guess-work and conjecture, and impossible to ascertain or

2  allocate.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

5    Without admitting that Chapman was in any way damaged, if he were, any alleged loss

6  or damage was proximately caused by the comparative or contributory fault and negligence of

7  Chapman and his agents and representatives.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

10    Without admitting that Chapman was in any way damaged, if he were, any alleged loss

11  or damage was caused by the acts of persons or entities other than Horace Mann.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate)

14    The Complaint and each purported cause of action are barred to the extent Chapman

15  failed to cooperate with Horace Mann's attempts to investigate Chapman's claim.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation or Concealment)

18    To the extent that Chapman made a material misrepresentation or concealed any

19  material fact during the claim or in connection with an insurance application, the Complaint

20  and each purported cause of action would be barred.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

23    The Complaint and each purported cause of action are barred by the equitable doctrine

24  of unjust enrichment.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

27    Chapman knowingly, voluntarily, and willingly waived any rights he may otherwise

28  have had against Horace Mann.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint and each purported cause of action are barred by the equitable doctrine of estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint and each purported cause of action are barred by the equitable doctrine of unclean hands to the extent Chapman engaged in wrongful conduct with respect to the activities and events referenced in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

Chapman's claims against Horace Mann are barred by the equitable doctrine of laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The Complaint's demand for punitive damages violates Horace Mann's rights to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California and, therefore, fails to state a basis upon which punitive damages may be awarded.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint is barred by any applicable statute of limitations, including without limitation California Code of Civil Procedure §§ 337(1), 338(a) and (d), 339(1), 340, and 343.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Additional Unknown Defenses/Reservation of Rights)**

Horace Mann may have other affirmative defenses of which it is currently unaware and reserves the right to allege additional affirmative defenses during the course of this litigation.

//

//

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

**PRAYER FOR RELIEF**

Wherefore, Horace Mann prays for relief as follows:

1.    That the Complaint be dismissed, with prejudice, and in its entirety;

2.    That Chapman take nothing;

3.    For costs, attorney's fees, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: December 5, 2024    **FREEMAN MATHIS & GARY, LLP**

Marc J. Shrake
Kristin A. Ingulsrud
Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

**PROOF OF SERVICE**

*Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909*

I am over 18 years of age and not a party to this action. I am employed in Los Angeles, California. My business address is 550 S. Hope Street, Suite 2200, Los Angeles, California 90071, my email: connie.spears@fmglaw.com.

On December 5, 2024, I served a copy of the document(s) titled **ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT** in the manner described below:

| | |
|---|---|
| **STEPHEN CHAPMAN, IN PRO PER**<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543<br>**stefinchapman@outlook.com** | |

☒ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of FREEMAN MATHIS & GARY, LLP and addressed as shown on the attached service list, for collection and delivery by FEDEX to receive said documents, with delivery fees provided for. I am readily familiar with the practices of FREEMAN MATHIS & GARY, LLP for collection and processing of documents for overnight delivery and said envelope(s) will be deposited for receipt by FEDEX on said date in the ordinary course of business.

☐ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☒ **(BY-E-MAIL)** I caused a copy of the document(s) to be sent from e-mail address connie.spears@fmglaw.com to the person(s) at the email address(es) listed in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 5, 2024, at Houston, Texas.

_____

Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

Exh. B - 25



$0.970
US POSTAGE
FIRST-CLASS
062S000143186
FROM 90071



Freeman
Mathis & Gary LLP

550 South Hope Street, Suite 2200 – Los Angeles, CA 90071

**STEPHEN CHAPMAN, IN PRO PER**
7917 Selma Avenue 336
Los Angeles, CA 90046

FMG
LAW

Freeman
Mathis & Gary LLP

550 South Hope Street, Ste. 2200
Los Angeles, CA 90071

Exh. B - 26

EXHIBIT C



| | |
|---|---|
| **Legal Name:** | Horace Mann Property & Casualty Insurance Company |
| **Company Type:** | P&C Domestic Stock |
| **Domicile:** | Springfield, Illinois |
| **Parent Company:** | Horace Mann Educators Corporation |
| **Status:** | Active |
| **FEIN:** | 95-2413390 |
| **NAIC Code:** | 300 22756 |
| **Incorporated Date:** | 3/25/1965 |

Addresses

| **Corporate Home** | **Administrative Mailing** |
|---|---|
| 1 Horace Mann Plaza<br>Springfield,  IL   62715 0001 | 1 Horace Mann Plaza<br>Springfield,  IL   62715 |

Phone Numbers

| **Business** |
|---|
| (217) 789-2500 |

<-- Back to Search Results

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2024, I served the foregoing document described as **DECLARATION OF KRISTIN A. INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; EXHIBITS A-C** via email and U.S. Mail, on the interested parties in this action as follows:

| | |
|---|---|
| **STEPHEN CHAPMAN, IN PRO PER**<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543<br>**stefinchapman@outlook.com** | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court under whose direction the service was made.

Executed on December 6, 2024, at Houston, TX.

/s/ Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law