UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**          **Date:  January 30, 2025**

**Title:**  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

---

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR JUDICIAL NOTICE OF SECOND AMENDED COMPLAINT AND STAY OR EXTENSION OF RULE 26(f) DEADLINES PENDING MOTION TO REMAND [11]

Before the Court is an Ex Parte Application for Judicial Notice of Second Amended Complaint and Stay or Extension of Rule 26(f) Deadlines Pending Motion to Remand (the "Application") filed by Plaintiff Stephen Chapman on January 23, 2025. (Docket No. 11).  No Opposition was filed.

On January 23, 2025, in support of the Application, Plaintiff also filed a Declaration of Stephen Chapman ("Chapman Decl.") and Memorandum of Points and Authority ("MPA").  (Docket Nos. 12, 13).

The Application is **GRANTED *in part* and DENIED *in part***.  The Court declines Plaintiff's request for judicial notice and to stay the case pending the state court hearing scheduled for March 13, 2025.  However, the Court grants Plaintiff's request to extend the deadline to file a joint Rule 26(f) report.

**I.      BACKGROUND**

On October 24, 2024, Plaintiff, a pro se litigant, commenced this action in Los Angeles County Superior Court (the "State Action").  (Notice of Removal ("NOR") (Docket No. 1) at 2).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10546-MWF (BFMx)          **Date:** January 30, 2025

**Title:** Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

      On November 14, 2024, Plaintiff filed a First Amended Complaint ("FAC") alleging the following causes of action: (1) Breach of Contract; (2) Bad Faith Denial of Insurance Benefits; (3) Fraud and Intentional Misrepresentation; (4) Negligent Misrepresentation; (5) Breach of Fiduciary Duty; (6) Malfeasance; (7) Oppressive Conduct; (8) Violation of California Insurance Code § 662; (9) Violation of California Business & Professions Code § 17200; (10) Intentional Infliction of Emotional Distress; and (11) Negligent Infliction of Emotional Distress. (NOR at 2)

      On December 6, 2024, Defendant Horace Mann Property and Casualty Insurance Company filed the NOR in the United States District Court for the Central District of California. (*Id.* at 2). The basis of removal is diversity jurisdiction pursuant to 28 U.S.C § 1132(b). (*Id.*).

      On January 7, 2025, Defendant filed a copy of the Notice of Removal in the State Action. (*See* Docket No. 11, Ex. B, List of Documents Filed in *Stephen Chapman v. Horace Mann Property & Casualty Insurance Company*, 24STCV27909 ("State Court Docket")) (noting "Notice of Removal to Federal Court" was filed on "1/07/2025"). Plaintiff alleges that Defendant served him a copy of the unfiled NOR on December 6, 2024, but failed to serve him a conformed copy after the filing. (Chapman Decl. ¶ 2).

      On January 6, 2024, prior to Defendant filing a copy of the NOR in State Court, Plaintiff filed a Motion for Order to Strike Notice of Removal, Recognize Second Amended Complaint as Operative Pleading, and Remand to State Court (the "State Court Motion"). (*See* State Court Docket). The State Court scheduled a Case Management Conference and Hearing on the State Court Motion for March 13, 2025 (the "Hearing"). (*See* State Court Docket).

**II.**     **LEGAL STANDARD**

      An ex parte application is a "means of obtaining extraordinary relief and is appropriate only in rare circumstances." *Santos v. TWC Admin. LLC*, No. CV 13-04799-MMM (CWx), 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10546-MWF (BFMx)          **Date:** January 30, 2025
**Title:** Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

To prevail on its ex parte application, a party must show: (i) that they "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (ii) that they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492.

### III. **DISCUSSION**

Plaintiff requests that the Court (1) take judicial notice of Plaintiff's Second Amended Complaint ("SAC"); and (2) stay or extend all Rule 26(f) deadlines until after the Hearing on March 13, 2025. (MPA at 7).

*First*, a Court may judicially notice "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'") (citing Fed.R.Evid. 201(b)). Here, Plaintiff asks the Court take judicial notice of the SAC, affixed as Exhibit D to the Application. (*See* Docket 11 at 9, 68–76). The attached document, however, is not a conformed copy of the SAC and appears to have some alterations, including additional text near the bottom of each page and highlights. The Court is, thus, unable to confirm its accuracy.

Moreover, it appears Plaintiff seeks judicial notice of the SAC because it was "accepted as the operative pleading in state court[.]" (Application at 2). But Plaintiff's State Court Motion, which requests that the court recognize the SAC as the operative pleading, is still pending. (*See* State Court Docket). And it does not appear that Plaintiff was granted leave to file the SAC. (*See id.*) (showing Plaintiff already filed one amended complaint as of right and the SAC was filed after Defendant's answer); (*see also* Cal. Civ. Proc. Code § 472) ("A party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10546-MWF (BFMx)         **Date:** January 30, 2025
**Title:** Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

    ***Second***, the Court concludes that there is no basis to stay the case until the Hearing on March 13, 2025. Notwithstanding Defendant's delay in filing the NOR with the state court, upon the filing of the NOR in both federal and state court, the state court was divested of jurisdiction. 28 U.S.C. § 1446(d) (removing party shall promptly "file a copy of the notice [of removal] with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *see also Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 n. 11 (11th Cir. 1988) ("[T]he filing of a removal petition terminates the state court's jurisdiction until the case is remanded, even in a case improperly removed."); *Gastelum v. American Family Mut. Ins. Co.*, 2014 WL 7338931, at * 2 (D. Nev. Dec. 23, 2014) ("It is well established that, '[R]emoval divests the state court of jurisdiction.'") (quoting *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1245 (D. Nev. 2010)). Accordingly, the state court lacks jurisdiction to make a determination on Plaintiff's pending State Court Motion, unless or until this Court remands the action.

    ***Third***, in the Application, Plaintiff raises substantive arguments as to why remand in this case is appropriate. However, such arguments are not properly raised in an ex parte application and, instead, must be made according to regular noticed motion procedures. Although over 30 days have passed since Defendant's filing of the NOR in federal court, Plaintiff appears to seek joinder of a non-diverse defendant and thus, remand pursuant to Section 1447(e), which, unlike Section 1447(c), does not have a 30-day filing deadline. (*See* Application at 4); *see also* 28 U.S.C. § 1447; *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *5 (N.D. Cal. July 10, 2012) (allowing joinder of non-diverse defendant and granting remand where plaintiff amended complaint over one month after case was removed). Accordingly, Plaintiff has not established that he will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power*, 883 F. Supp. at 492.

    Moreover, the Court rejects Plaintiff's argument that Defendant's delay in filing the NOR in the State Action, on its own, demands remand. While Section 1446(d) creates a separate obligation to "promptly" notify the state court of removal after filing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10546-MWF (BFMx)          **Date:** January 30, 2025

**Title:** Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

a notice of removal in federal court, "a number of federal courts have held that a failure to file the copy with the state court will not defeat the district court's subject-matter jurisdiction." Wright & Miller, Procedure for Removal—Filing and Notification of the Notice of Removal, 14C Fed. Prac. & Proc. Juris. § 3735 (Rev. 4th ed.); *see also Rito Ligutom v. SunTrust Mortgage*, No. C10-05431 HRL, 2011 WL 445655, *2 (N.D. Cal. Feb. 4, 2011) ("This Court does not believe that JP Morgan's roughly one month delay in filing the Notice of Remand with the Superior Court warrants remand of the case."); *Nixon v. Wheatley*, 368 F.Supp.2d 635, 640 (E.D. Tex. 2005) (despite a twenty-two day delay, notice was reasonably prompt); *Calderon v. Pathmark Stores, Inc.*, 101 F.Supp.2d 246, 247–48 (S.D.N.Y. 2000) (finding that a thirty-six day delay was relatively short and harmless and did not justify remand).

*Fourth*, the Court is willing to extend the deadline to file a joint Rule 26(f) report. In the Application, Plaintiff proffers arguments regarding (1) Defendant's deficiency in service of the NOR, (2) confusion caused by Defendant's delay in filing the NOR in the State Action, and (3) significant challenges faced by Plaintiff due to the recent conflagrations in Los Angeles County. And given Defendant's lack of opposition to Plaintiff's request for an extension, the Court is willing to grant Plaintiff this relief.

## IV. CONCLUSION

Accordingly, the Application is **GRANTED** *in part* **and DENIED** *in part*. The Court declines Plaintiff's request for judicial notice and to stay the case pending the state court hearing scheduled for March 13, 2025. However, the Court grants Plaintiff's request to extend the deadline to file the Rule 26(f) report.

The deadline to submit a joint Rule 26(f) Report is now on **March 3, 2025**. Plaintiff must work with Defendant to submit a joint Rule 26(f) Report.

IT IS SO ORDERED.

Parties in court without a lawyer are called "*pro se* litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal Pro

---

**CIVIL MINUTES—GENERAL**          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10546-MWF (BFMx)          **Date:** January 30, 2025

Title: Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Se Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.