STEPHEN CHAPMAN
7917 SELMA AVE 336
LOS ANGELES CA 90046
6195507543
STEFINCHAPMAN@OUTLOOK.COM

FILED
CLERK, U.S. DISTRICT COURT
3/4/25
CENTRAL DISTRICT OF CALIFORNIA
BY    MRV    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>Plaintiff,<br><br> vs.<br><br><br>HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, et al.,<br><br><br>Defendant | Case No.: 2:24-cv-10546-MWF-BFM<br><br><br>**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**<br><br>*Fiat Justitia, Ruat Caelum: Mala Fide Remotio Must Not Stand*<br><br>                              Dated: 03/03/2025 |

**TO THE HONOROABLE COURT AND COUSEL OF RECORD,**

Plaintiff, STEPHEN CHAPMAN, appearing pro se, respectfully moves this Court to recognize its lack of subject matter jurisdiction and **remand this case to the Superior Court of California, County of Los Angeles where Matters on the Forum Defendant, Leave of Court, Striking the Defendant's Improper Assertion of Judical Authority will all be Heard 03/13/2025.** This evidence in this motion confirms

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

federal removal process fraudulently undertaken hath failed, as the state court took measures to protect it jurisdiction and Retained Jurisdiction and continues proceedings despite Defendant's attempted removal. **This motion seeks to have the federal court acknowledge that removal jurisdiction was never properly established**. Plaintiff acted diligently to inhibit the premature assertion of judicial authority that was **exerted by the defense through invalid papers** aimed to control and prescribe the timeline and cadence of this matter to this court.

   **Plaintiff Stephen Chapman respectfully moves this Court for an order remanding this case to the Superior Court of California, County of Los Angeles, based on significant procedural defects, misrepresentation of jurisdictional facts, and Defendant's strategic misconduct to manufacture federal jurisdiction improperly**. Plaintiff further moves to strike Defendant's NOR, Opposition to Plaintiff'sw Ex Parte Application, Motion for Equitable tolling and remand, which contains material misrepresentations, untimly rebuttals, and false claims of procedural errors, designed to mislead the Court and prejudice the Plaintiff. California's strict insurance regulations and consumer protection laws, which provide comprehensive remedies unavailable under federal law.

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

-2

**INTRODUCTION**

This case involves claims governed exclusively by limit Plaintiff's ability to obtain full relief, as California law provides additional statutory penalties, consumer protections, and regulatory oversight specifically tailored for cases like this one. The State Court has already exercised jurisdiction over this matter, scheduling a hearing on March 13, 2025, to resolve jurisdictional issues and rule on Plaintiff's pending motions. The removal should be declared defective and remanded, as Defendant:

Failed to timely file notice of removal in State Court, violating 28 U.S.C. § 1446(d).

Fabricated diversity jurisdiction by misrepresenting corporate ownership.

Unilaterally filed a Rule 26(f) Report containing false claims, without Plaintiff's participation.

Engaged in procedural gamesmanship to prevent Plaintiff from timely objecting to removal.

Plaintiff also seeks sanctions against Defendant for its continued manipulation of jurisdictional facts, misrepresentations in filings, and perjury across all moving papers filed by the Defendant and they littler the record with misrepresentations and left unchecked, they dictate a

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**
- 3

pivotal untruth in this matter aimed to rewrite history to benefit them if appealed.

**I. BACKGROUND**

The forum defendant rule exists to prevent local defendants from manipulating diversity jurisdiction to remove cases they should rightfully defend in state court. Allowing snap removal undermines this principle and encourages defendants to exploit procedural loopholes rather than litigate cases fairly in the proper forum. *See: Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Mass. 2013) – Snap removal contradicts Congressional intent behind the forum defendant rule –* and *– Vallejo v. Amgen, Inc., 2013 WL 12147584 (C.D. Cal. 2013) – The forum defendant rule should not be circumvented by pre-service removal.*

**II. PROCEDURAL MANIPULATION AND DUE PROCESS VIOLATIONS**

Snap removal disproportionately benefits corporate defendants who closely monitor electronic dockets and file removal notices before plaintiffs have a meaningful chance to serve them. This tactic:

Strips plaintiffs of their right to choose a forum, even where Congress specifically intended to protect state jurisdiction. Creates an imbalance in procedural fairness, favoring sophisticated, well-resourced corp. defendants over

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

individual litigants. See: *Standing v. Watson Pharm., Inc., 2020 WL 12884556 (C.D. Cal. 2020) – Courts should reject removal tactics that undermine due process and fairness. Goodwin v. Reynolds, 757 F.3d 1216 (11th Cir. 2014) – Bad-faith procedural tactics in removal justify remand.*

**III. FEDERALISM CONCERNS: PROTECTING STATE COURT JURISDICTION**

*Snap removal undermines the authority of state courts by allowing defendants to remove cases before state courts have had an opportunity to act.* **This practice erodes state sovereignty and allows defendants to override state jurisdiction through procedural manipulation**. *See: Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992) – "Federal jurisdiction must be rejected if there is any doubt as to the right of removal."*

**Plaintiff's Procedural Stopgap: Counterstrategy against Snap Removal**

Defendant engaged in a calculated removal strategy designed to manipulate the litigation timeline and obstruct Plaintiff's procedural rights.

Prematurely and without Judical Authority the Defendant as  Mailed and emailed Plaintiff unfiled, unauthorized legal documents purporting to be a removal notice.

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

-5

The defendant claims to have filed the Notice of Removal (NOR) in Federal Court on 12/06/2024, only perfecting the docket **12/11/2024 [(ECF No. 1-1)]** – see [**(Exhibit 7) counsel confirms no record of filing, stamped copies required]** thereby

- **(1)** deeming the NOR void of Judicial authority until December **11th, 2024  [(ECF No. 7)]** thereby making the removal improper as in excess of its 30-days from the date of service on the Defendant (11-08-2024) Concealed the NOR and failed service on the State Court. Second service must be done "*promptly*" as required under the revised **28 U.S.C. § 1446(d)**.

- **(2)** and although if moving papers were served properly between December 6th and December 11th they might be considered as prompt – however, deficient, premature, and without judical authority. -and **Lastly –**

- **(3)** in considering all moving papers used to notify and serve the NOR to **all Courts and persons on or after the 11th are rendered fraudulent, null and void** - on the basis that they all swear under penalty of Perjury to have been served on the state and notified the plaintiff on December 6th, 2024. However the State Court docket, and Plaintiff – have no such records.

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

Therefore – the removal was improper and could not attach. Thus, the state court continues to exercise its Jurisdictional rights as the Plaintiff in this matter had enough foresight to take proactive measures to create a **procedural stopgap in the removal. By having the court's acknowledgment having accepted SAC evidenced by the clerk confirmation, filed Declaration, and subsequent motions. But unable to grant leave of court in time, the plaintiff effectively filed a Declaration and Notice upon the Court that made solid arguments to identify the local agent and his role in this matter –** as an indispensable key defendant who's joinder could not be reasonably challenged as fraudulent – and further Motioning to the court that if granted leave Mr. Pruitt would be joined immediately so that full relief could be sought by the plaintiff – under the authority of the state from which the contract was established and the parties were bound to by residence and the terms as agreed upon **[(Exhibit 3-4) Ins. Policy Endorsement Pags]** Signatures include geo location - Califnornia - Director, President, and CEO of "Horace Mann," Agent and Former Broker, Raymond Pruitt; and the Insured, Plaintiff Stephen Chapman.

Despite this the Defendants attempted to leverage Plaintiff's pro se status to create procedural confusion

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

and a false forum to control his efforts away from the federal proceedings as they advance to effectively trigger the Court's expectation on the Rule 26 (f report as a way to exhaust the resource limited litigant - without had been allowed to participate in discovery or proceedings to gain a tactical advantage obstruction of due process, a fair and speedy **trial see [(ECF No.3-7), and (ECF No.9-24)]** the Plaintiff recognizes the he received the judges self-representation order **[(ECF No. 8) Dated 12/12/2024]** previously and at the time mistaken for the official NOR as referred to in the Defendant's Declaration in support of …Opposition **[(ECF No. 25 1-1 pg 2)** – the plaintiff's ability to participate was not only limited by the Plaintiff, but also by this Court, as reflected in the docket **[(ECF No. 24) RtN to Sender]** Plaintiff notes a clerical error made by the Sender  *see address "No 336" instead of "Apt. 336, or just 336, as stated in Pacer and the Court Docket.

　　Despite the plaintiff being **deprived of participating in ADR,** and obstructing plaintiff proceeding before the **Magistrate judge** or having any time to become more educated on wither of this rightfully due processes  the Defendant files a unilateral Rule 26 (f) report that they expressed no intention on formulating jointly as their first an

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

initial contact in this regard was to explain the segregated predisposition format that this faux collaboration would take place **[(Exhibit 5, 6, 7) General Email straight forward text]** then **hijacked the Plaintiffs input to shape this strategy and file the report unilaterally despite the plaintiff's timely participation in meeting the Defendant's proposed deadline of Jan 27, 2025 at 2 PM. [(Exhibit 8) email sent 1:38 PM with attached Rule 26]. Notably, on Jan 27th, 2025** – the Plaintiff was at the **Superior Court obtaining a Summons for Mr. Pruitt** – unfortunately, the (Dept. 40) Clerk was absent that day – although the Plaintiff was **issued a summons [(Exhibit 2, 01/27/2025 Summons Issuance].** The Court's continued demonstration of its Jurisdiction authority is clear and further demands to argue in a forum that is improper and without jurisdiction further disadvantages the Plaintiff every second; and **infringes on of his constitutional rights.**

**A. Counter Snap (Procedural Stopgap)**

Early identification based on patterns and other relevant data collected from publicly available cases led the plaintiff anticipate the litigation strategy of the defense and predict their bad-faith tactics effectively. Once actionable (on the estimated 30th day), the Plaintiff

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

filed a **Motion to strike the Improper Removal** following the well pled papers and sworn declaration and accepted second amended complaint in State Court challenging the legitimacy of removal before it was effectuated, highlighting its invalidity, and **creating a procedural stopgap** against Defendant's gamesmanship.

Timely, the Plaintiff used a combination of education in human behavior and intuition to aimed to Motion the Court to take judicial notice of the untimely service of the NOR in the presence of the forum defendant, preventing Defendant from asserting fraudulent diversity over proper jurisdiction.

**B. Defendant's Failure to Properly Serve the State Court Promptly Under 28 U.S.C. § 1446(d):**

Defendants can no longer mettle in confusion through the ambiguity of what constitutes timely as the January 2024 revision casts "prompt service on the state court must be made after the filing of such notice of removal of a civil action, the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall affect the removal."

Although the ninth district is split when it comes to snap removal; however, as in *Greenway Nutrients, Inc. v.*

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

*Pierce*, The Ninth Circuit upholds the principle that **_even if non-diverse defendants haven't been served, their citizenship must still be considered when determining diversity jurisdiction_**. **This case emphasizes that the presence of non-diverse parties, regardless of service status, can deprive the court of subject matter jurisdiction.**

**Additionally, CCP Rule 3.3650 insulates** this step to ensure given proper notice among all is met. Defendant failed to comply with these requirements, which is disrespectful, and the Court should seek sanctions on that alone.  However, I digress - Instead, the Defendant delayed serving the State Court **until more than 31 days after removal**, to move between courts and advance proceedings undetected - violating the procedural rules governing removal

**Overreach by the Defendants requires Remand and Referral for Conduct Review** - The Defendant continually threatens and attempts to deny the State Court what is rightfully theirs to protect and thus it did by placing the matter under a protective special stay so the NOR could not attach or divest jurisdiction from the State – [Exhibit 6 page one line  state court reviews the NOR and will hear these arguments March 13, 2025, which the Court may allow

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

leave to officiate proper joinder of Raymond Pruitt, subsequently striking the removal pursuant to **28 U.S.C. 1441(b)(2)** and thus remanding the case and restoring full jurisdiction to its rightful venue where the action takes place.

**The Plaintiff respectfully argues that equitable tolling and ex parte were warranted** as it is evident from the state and federal dockets and failure to serve the plaintiff on federal proceedings as it advanced and forced the courts hand trough **unilaterally manipulation of the magistrate judge and rule 26 report hoping to leverage an unfair advantage.**

**The defendant's actions demonstrate a deliberate attempt to mislead the plaintiff and the court. While the plaintiff was misled by the Defendant into addressing matters in the state,[(ECF No. 3, 4, 5, 6) Not served on the Plaintiff], and concealed by the defendant as they unilaterally proceeded to disadvantage the plaintiff and control the clock, including the premature initiation of the Rule 26(f) report. This tactic not only undermines the plaintiff's ability to participate effectively but also imposes undue pressure by creating a false sense of urgency. The defendant's calculated maneuvers are designed**

**to exploit procedural loopholes, thereby obstructing the plaintiff's right to a fair trial and due process.**

<u>**This is not mere procedural defects, or a challenging environment, this is judicial gas lighting, this is fraud on the court, abuse of power, and the willful obstruction of due process –an infringement on the Plaintiff's constitutional rights to a fair and speedy trial.**</u>

This is not only grounds for remand – its grounds for **judical conduct and bar review**.

If the court disagrees, the Plaintiff respectfully asks the court to reconsider or dismiss this case without prejudice **citing reasons under FRCP Rule 19, and 20;** as undue prejudice imposed by the **defendants actions** deprive the Plaintiff from seeking full relief as being forced into parallel litigation and comply with federal orders and proceedings that have neglected his rights to participate and **ignore the key defendant responsible for initiating all causes of action in this matter from which where the breach of contract has been drawn under the state laws and state provisions from which both parties have agreed to be bound** to **[(see Exhibit 3-4)** Ins. Policy, **Endorsed by: Marita Zuraitias Director, President, and CEO at Horace Mann Insurance; Raymond Pruitt, Ca. Resident and Ca. Licensed

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

**Insurance Agent (prior to 2022 Pruitt was also a licensed insurance Broker) an appointee of "Horance Mann", (Horance Mann Policies issued under the Defunct entity, "Educators Insurance Sales LLC") and the signature, Plaintiff Stephen Chapman, policy holder – signature of Pruitt and Chapman stamped identifying the geo locations of both parties in California at the time policy contract was executed.**

**THE MANUFACTURING OF JURISDICTION**

- The Defendant failed to disclose Company ownership as required under **FRCP Rule 7-7.1 [Exhibit 1 (ECF No. 2) Notice of Interested Parties]** – additionally Failed to include this an all-other moving papers filed in conjunction with the NOR, on the state court action.

- Defendant falsified Company ownership in their unilateral Rule 26(f) Report as being "wholly owned….no entity owns 10% or more of its stock." [**Exhibit 1 (ECF No. 16) Def's Rule 26 Report**]. **Publicly sourced SEC filings and public reports confirm [(see Exhibit 5)SEC and Published Reports)]:**

1. **BlackRock owns ~15%** of "Horace Mann." With influential business ties through the lease of software from BlackRock Inc. to Horace Mann, necessary to Horace Manns' business.

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

- 14

2. **Vanguard owns ~13%** of "Horace Mann."

**These are no insignificant findings** Because Defendant misrepresented corporate ownership in both its removal notice and their Rule 26(f) Report, it **cannot establish complete diversity under 28 U.S.C. § 1332 – therefore sanctions apply**

**– immediate remand is mandatory under the laws held up by this Court.**

**III. ONGOING STATE COURT PROCEEDINGS SUPPORT REMAND**

Contrary to **Declarant's claims intended to mischaracterize and prejudice the plaintiff [Exhibit 1 ECF 25-1, page 2**] in bad faith counsel states under penalty of perjury as she can and will testify under oath that "no proceedings have taken place in State Court since January 7, 2025,"

Plaintiff's **[(Exhibit 2) the State Court docket]** stands to contend with these admissions under oath. The Plaintiff asks the court to **strike this declaration [Exhibit 1(ECF No. 25-1)]** from record as it was intended to cause further harm and support their facade; but also, the **Plaintiff respectfully asks that the court preserve this on the record and make judical note of it within its context which was aimed to discredit and prejudice the Plaintiff, and as it is - a direct blemish on the Defendant's**

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

**credibility to use as evidence demonstrating the defendant's character, lack of credibility, and malicious intent** – as it may be come relevant at trial and at the **Motion Hearing scheduled on March 13, 2025.**

**LASC REGISTERED ACTIONS AT THE STANLEY MOSK COURTHOUSE: [(Exhibit 2)], actions arising dated on and after 01/07/2025 in** *descending order*

 **Court on its own decision added the forum defendant, Raymond Pruitt to the record –* see Exhibit 2*

- **02/18/2025** Notice OF **IMPROPER REMOVAL AND REQUEST FOR JUDICIAL ACTION;** Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant); Raymond Pruitt (Defendant)

- **01/27/2025** Summons on Complaint (1st); **Issued and Filed by: Stephen Chapman (Plaintiff); A**s to: Horace Mann Property & Casualty Insurance Company (Defendant); **Raymond Pruitt** (Defendant)

- **01/21/2025** Civil Case Cover Sheet; Filed by: Stephen Chapman (Plaintiff)

- **01/14/2025 Case Management Conference scheduled for 03/13/2025 at 08:30 AM** in Stanley Mosk Courthouse at Department 40

- **01/14/2025** Minute Order (Non-Appearance Case Review regarding Order to Show Cause Hear...)
- **01/14/2025 Certificate of Mailing for (Non-Appearance Case Review regarding Order to Show Cause Hear...)** of 01/14/2025; Filed by: **Clerk**
- **01/14/2025** On the **Court's own motion, Order to Show Cause Re: Failure to File Proof of Service scheduled for 02/26/2025 at 08:30 AM** in Stanley Mosk Courthouse at Department 40 Not Held - Vacated by Court on 01/14/2025
- **01/14/2025** On the Court's own motion, Case Management Conference scheduled for 02/26/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 40 Not Held - Advanced and Continued - by Court was **rescheduled to 03/13/2025 08:30 AM**
- **01/07/2025** Notice of Removal to Federal Court; Filed by: Horace Mann Property & Casualty Insurance Company (Defendant)
- **01/07/2025** The case is placed in **special status** of: Stay - Removal to Federal Court
- **01/14/2025** Minute Order (Non-Appearance Case Review regarding Order to Show Cause Hear...)) noting that **the court reviews the Defendant's Notice of Removal and arguments will be heard on the\is matter as scheduled 03/13/2025.**

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

Defendant's insistent & blatant misrepresentations to this Court regarding the status of the State Court case further justifies remand.

**IV. RELIEF SOUGHT**

1. **This Court should strike Defendant's Notice of Removal and remand the case to state court with prejudice.**
2. Court should consider **Judicial review of Defendant's legal counsel is warranted under Gonzalez v. Thaler.**
3. I respectfully request that this Court **grant my Motion to Strike and Remand under 28 U.S.C. § 1447(c).**
4. **Strike all papers and pleadings of the Defendant's from 12/06/2024 onward as reasonably applicable**
5. I request the Court **impose sanctions against Defendant for procedural misconduct.**
6. I urge the Court to **refer Defendant's attorneys for judicial review due to potential misconduct.**
7. I request the Court to **admonish Defendant's brazen disregard and improper use of the removal process.**

V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court recognize its lack of jurisdiction and remand this matter to Los Angeles County Superior Court,

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

as required under **28 U.S.C. § 1447(c)**. The Ninth Circuit has consistently held that remand is mandatory when federal jurisdiction is lacking due to non-diverse parties. See *Gaus v. Miles, Inc.*, 980 F.2d 564 (**9th Cir. 1992**).

Plaintiff **acknowledges the Court's recommendation to seek assistance from the pro se clinic** and has considered all **available legal resources**. However, *the clinic itself has conceded that it lacks the capacity to assist in complex insurance litigation matters such as this.* Furthermore, while **Plaintiff would have sought counsel if feasible**, insurance litigation of this nature presents significant economic barriers and practice complexity for attorneys, making it difficult to secure representation—even when claims are meritorious.

**Plaintiff does not appear before this Court out of arrogance or misplaced confidence but out of necessity, as the systemic challenges in insurance disputes make legal representation unattainable in many cases**. The Defendant, well aware of this reality, has leveraged procedural maneuvering to complicate jurisdictional issues in an attempt to discourage litigation. Such tactics should not override the clear statutory mandate requiring remand.

**NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE**

- 19 -

Accordingly, Plaintiff urges this Court to uphold the law and immediately return this case to state jurisdiction.

Dated: March 03, 2025.

_____
Plaintiff Pro Se, Stephen Chapman