**Stephen Chapman**
7917 Selma Ave 336
Los Angeles CA 90046
619-550-7543
StefinChapman@outlook.com
Plaintiff Pro Se

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/03/2025 3:28 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Gonzalez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **STEPHEN CHAPMAN,** | Case No.: 24STCV27909<br>Dept: 40<br>Judge: Hon. Michael Shultz |
| **Plaintiff,** | **NOTICE OF HEARINF BRIEF IN ADVANCE OF 04/29/2025 MOTION HEARING** |
| | *(Filed concurrently with Declaration of Stephen Chapman and Request for Judical Notice.)* |
| **HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, and DOES 1-20, Inclusive** | Hearing Date: April 29, 2025<br>Time: 8:30 A.M.<br>Filed Concurrently: Motion to Strike NOR, Hearing Brief, Declaration of Stephen Chapman |
| **Defendants.** | |

**TO THE HONORABLE COURT:**

**Executive Summary Background**

Plaintiff Stephen Chapman respectfully **apologizes to this Honorable Court** for his non-appearance on **March 13, 2025**. The absence was not intended as a sign of disrespect toward the Court or the rule of law. Rather, it was a deliberate act grounded in a commitment to truth and justice. Plaintiff made the difficult decision to abstain from the hearing in order to spotlight the ongoing procedural manipulation and misrepresentation perpetrated by Defendant's counsel— both in this Court and in federal proceedings.

PLAINTIFF'S HEARING BRIEF – MOTION HEARING 04/29/2025 1

These counsels stood before this Court on March 13th and will again appear on April 29th, despite having never perfected removal pursuant to **28 U.S.C. § 1446(d)**, nor filed any required notice in State Court as mandated under **California Code of Civil Procedure § 664.5** and **Rule 3.650**. Their ongoing litigation strategy reflects a pattern of disrespect for jurisdictional safeguards, and their conduct has materially prejudiced Plaintiff.

To challenge these abuses and expose the fiction that jurisdiction was properly divested from the State Court, Plaintiff stood on principle. As stated in the Plaintiff's Motion for Remand: "**Thus shall not stand, though the heavens may fall.**" That remains the spirit and purpose animating this filing.

Plaintiff now yields to this Honorable Court's jurisdiction, and respectfully prays the Court consider the points of law and procedural evidence that exposes the Defendant's as they appeared before this Court with the intent to mislead as outlined herein and below.

---

## I. THE DEFENDANTS WILLFUL MISAPPLICATION OF LAW – REBUTED BY THE TRUE AND CORRECT APPLICATION OF 28 U.S.C. § 1446(d) [1]

**The statute imposes a mandatory sequence of procedural acts[2]**

---

[1] "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

[2] (1) filing the notice of removal in the U.S. District Court;
(2) providing written notice to all adverse parties; and
(3) filing a copy of the notice with the clerk of the state court.

PLAINTIFF'S HEARING BRIEF – MOTION HEARING 04/29/2025  2

**Removal is not effectuated until all three**[3] of these requirements have been fulfilled. ***See controlling case law:*** *Regents of Univ. of Cal. v. Gen. Refractories Co.*, No. C 10-04305 WHA, 2011 WL 1459068, at *2 (N.D. Cal. Apr. 15, 2011) ("Failure to file the notice of removal with the state court deprives the federal court of jurisdiction.") –

(Emphasis on **controlling**).

Defendants failed to filed the NOR before the 30-day statutory deadline which expired December 8th – Pacer Metadata reveals that they only started the case opening process on December 6th, 2024 at 5:08 PM – however, deficiencies prevented their case from processing until December 11, 2024 – missing the deadline and forcing removal and jurisdiction ever since…

Proving that the statute does not authorize partial compliance to trigger jurisdiction. The present dispute illustrates why Congress required completion of the full procedural sequence: failure to do so invites precisely the kind of jurisdictional conflict and confusion at issue here. Because Defendant's Notice of Removal ("NOR") was facially defective, the removal never became effective, and jurisdiction did not properly transfer to this Court.

Contrary to Defendant's assertions—and as reflected in the Court's tentative order—there is no evidence that Defendant timely filed the NOR with the state court. The only filing in the state court record is dated **January 7, 2025**, more than a **month after** the federal NOR was filed on **December 6, 2024**, rendering it untimely under § 1446(d). Notably, the state court record bears **no concurrent file-stamp** from December 6, 2024, nor any indicia of proper or prompt filing.

---

[3]The statute imposes a strict sequence, and *jurisdiction does not transfer* until all three acts are satisfied. See *Regents of Univ. of Cal. v. Gen. Refractories Co.*, No. C 10-04305 WHA, 2011 WL 1459068, at *2 (N.D. Cal. Apr. 15, 2011) ("Failure to file the notice of removal with the state court deprives the federal court of jurisdiction."); *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A NOR that is not concurrently filed in state court is a legal nullity. The moment of effectuation arises only when the last procedural prong is completed. Anything less renders the removal void ab initio, and jurisdiction remains vested in the state court.[3]

PLAINTIFF'S HEARING BRIEF – MOTION HEARING 04/29/2025 3

The Defendant's argument—and the Court's tentative ruling—rests on a misapprehension of the statutory terms "removal" and "removed." Respectfully, the Court appears to overlook that these terms presuppose the **completion of all three procedural acts** outlined in § 1446(d). Merely filing the NOR in federal court is insufficient; the statutory concept of "removal" requires full compliance with each prerequisite before jurisdiction can be divested from the state court and vested in the federal forum.

Furthermore, the Court has not accounted for the safeguard and guiding principle codified in **California Code of Civil Procedure § 396(b),** which prohibits further proceedings in the state court **until** a notice of removal is **properly filed** therein. The absence of any such filing on or before December 6, 2024, constitutes a **fatal procedural defect**. Defendant's eventual January 7, 2025, filing does not cure this error, as it fails to satisfy the requisite **contemporaneity** demanded by both federal and state law.

To exacerbate matters, Defendant only emailed Plaintiff with an **unfiled copy** of the state court NOR previously promulgated as properly served by the Defendant, they've since tried to backtrack on that, therefore admitting the email was strictly courtesy and not properly served — an act that does not meet service requirements under the California Rules of Court and underscores Defendant's habitual disregard for procedural mandates. This pattern of informal and delayed service reflects an ongoing belief that Defendant is above compliance with statutory safeguards and civil procedure norms.

---

## II. MISCHARACTERIZATION OF CASE LAW AND PROCEDURAL MISCONDUCT

Defendant cites **Spanair S.A. v. McDonnell Douglas Corp.**, 172 Cal.App.4th 348, 351 (2009), for the proposition that state courts are divested of jurisdiction upon **removal**[4]. However, **Spanair** presumes **proper removal**[1] **under § 1446(d)**[1], which did not occur here. In the absence of proof that the notice was concurrently filed with this court on or about December 6, 2024, **Spanair** does not control.

Additionally, in **California ex rel. Lockyer v. Dynegy, Inc.**, 375 F.3d 831, 838 (9th Cir. 2004), the Ninth Circuit reaffirmed that federal jurisdiction does not attach unless and until the procedural requisites of removal have been strictly complied with.

Defendant's belated January 7, 2025, filing, absent any contemporaneous certification or clerk stamp, coupled with the admission that the SAC was received prior to that date, confirms a bad-faith strategy to delay and obstruct Plaintiff's claims.

It is anticipated that Defendant will attempt to rely upon their prescribed misinterpretation of 28 U.S.C. § 1446(d)[1] to support its position. However, this only further proves that Defendant has successfully manipulated both forums into denying the procedural and factual reality—that removal was never properly effectuated. The record shows that the Defendant appeared in state court **unopposed** on March 13, 2025, and we are again before this Court on April 29, 2025. To now suggest that this Court lacks jurisdiction, despite Defendant's participation in these proceedings, is not only demonstrably false but **boarders upon cognitive dissonance**.

---

[4] **The statutory term "removal/Removed" as used in 28 U.S.C. § 1446(d) must be construed in its full procedural context, not in isolation. The phrase "shall effect the removal" refers to the completion of a statutory tripartite (3 step) sequence; Only upon satisfaction of all three prongs does removal become jurisdictionally operative. Misinterpreting "removed" to mean "filed" contravenes the plain meaning, structure, and judicial interpretations of the statute.**

## III. COURT'S INHERENT POWER TO DETERMINE JURISDICTION AND PROCEDURAL VALIDITY

Plaintiff respectfully contends that this court retains jurisdiction to determine whether removal was properly effectuated. The Superior Court's authority is not divested, as demonstrated by the defendant's live case law appearances on 3/13/2025 and 4/29/2025 **as the State demonstrates jurisdictional authority** to hear the moving party's argument to strike the invalid Notice of Removal purported by the Defendants under false pretenses and to confer joinder of the named Defendant – an indispensable party, as pled by the Plaintiitf on 01/03/2025 and 01/06/202; Pruitt's involvement supported by documentary is evidence that proves Raymond Pruitt to be a indispensable and necessary party – which the Court added Mr. Pruitt to the Docket and scheduled the Motion hearing on **03.13.2025 to grant leave and join Mr. Pruitt** – which all occurred prior to the Defendant's failure to serve Answer on the Plaintiff and before serving their conjured up into conception Notice of Removal, as we now know it to be; therefore, equitable tolling must be enforced upon the proceedings by this Court to right the wrongs imposed by the defendants. The presence of the forum defendant before any valid acts from the defendants divests their presumptive federal jurisdiction and defeats diversity though none ever existed.

## IV. MOTION TO STRIKE DEFENDANT'S ANSWER FOR DEFECTIVE SERVICE AND INSUFFICIENCY

Plaintiff respectfully moves this Court, pursuant to **Code of Civil Procedure §§ 435 and 436, to strike the Defendant's purported Answer filed on or about December 5, 2024, on the grounds that the pleading was never properly served in accordance with governing law and is therefore procedurally void.**

**Pursuant to Code of Civil Procedure § 1010.6[5] and California Rules of Court, Rule 2.251, service by electronic means is only valid if the receiving party has affirmatively consented to electronic service. In this matter, Plaintiff never consented to electronic service under Rule 2.251(b)(1)(A), nor was any valid Proof of Service attached to the Defendant's Answer as required by Rule 3.1300(c).** Rather, Defendant merely transmitted an informal, unfiled copy via email, retrospectively falsely denominated as a "courtesy copy."

**No certificate or declaration of service was executed in compliance with California Rules of Court, Rule 2.300 et seq., nor was the Answer ever served by mail under CCP § 1013. Consequently, the Answer is void ab initio, and no responsive pleading has been validly submitted.**

**Because no Answer was effectively served, Plaintiff's Second Amended Complaint (SAC)— previously lodged with the Court prior to the attempted removal—should be deemed the operative pleading under Code of Civil Procedure § 472, which permits amendment without leave when no responsive pleading is on file.**

To the Defendant's credit, conversely at the expense of their argument, Plaintiff respectfully reasserts the right to amend the complaint. Although one amendment as a matter of course was already exercised under **Code Civ. Proc. § 472**, a motion for leave to amend—calendared in good faith to add indispensable forum defendant Raymond Pruitt—was pending before this Court when Defendant purported to remove the case. The attempted removal was never perfected

---

[5] California Code of Civil Procedure Section 1010.6(a)(2) governs the conditions under which electronic service, such as via email, is permitted:

- For cases filed before January 1, 2019, electronic service is authorized only if the recipient has agreed to it or the court has issued an order permitting it.
- For cases filed on or after January 1, 2019, electronic service requires express consent from the recipient or a court order.

Express consent can be given through a notice filed with the court or via electronic means provided to the court or its filing service provider, along with the recipient's electronic address. Importantly, participating in electronic filing does not automatically grant consent for electronic service.

under **28 U.S.C. § 1446(d)** and was filed in bad faith to preempt the joinder of a non-diverse party and defeat this Court's jurisdiction. No responsive pleading was ever properly served, and the Plaintiff's Second Amended Complaint had already been submitted and lodged with the Court. Pursuant to **CCP §§ 473(a)(1) and 396(b)**, and in the interest of justice, this Court may and should recognize the SAC as the operative pleading, nunc pro tunc, and proceed accordingly. Any denial of this right would amount to prejudicial deprivation of due process caused solely by Defendant's procedural misconduct.

**IV. Request for Entry of Default**

Accordingly, Plaintiff moves the Court to strike Defendant's Answer and enter Defendant's default, as no valid responsive pleading is before the Court. **Defendant's repeated failure to comply with the Rules of Court, Local Rules, and fundamental due process obligations evidences a pattern of gamesmanship and procedural abuse, warranting sanctions and judicial scrutiny.** Such brazen disregard for procedural norms and the integrity of court proceedings should not be rewarded. Rather, it should be met with firm corrective action in the interest of justice and efficient case management.

---

**IV. CONCLUSION AND REQUEST FOR RELIEF**

Plaintiff requests that the Court:

1. **Strike** Defendant's **Answer**

2. Enter **Default**

3. **Take judicial notice** under Evidence Code §§ 452(c), 453 of the absence of a valid December 6, 2024, filing in the state court.

4. ***Reject the Defendant's misapplication*** *of 28 U.S.C. § 1446(d) and* **strike the Notice of Removal** *as ineffective.*

5. **Recognize the Second Amended Complaint (SAC)** as the operative pleading.

6. **Remand this case to state court** for further proceedings.

7. **Exercise its inherent authority under CCP § 128(a)** to evaluate whether the conduct of defense counsel warrants independent review, referral, or other appropriate action, based on the misrepresentations made to this Court and the prejudice caused thereby.

Executed this 2nd day of April, 2025, in Los Angeles, California.

Stephen Chapman, In Pro Per

**STEPHEN R. CHAPMAN**
Pro Se Plaintiff
7917 Selma Avenue, Unit 336
Los Angeles, CA 90046
Phone: (619) 550-7543
Email: stefinchapman@outlook.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S HEARING BRIEF – MOTION HEARING 04/29/2025 10

```
Stephen Chapman
7917 Selma Ave 336
Los Angeles CA 90046
619-550-7543
StefinChapman@outlook.com
Plaintiff Pro Se
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **STEPHEN CHAPMAN,** | Case No.: 24STCV27909 |
| | Judge: Honorable Michael Shultz |
| **Plaintiff,** | Department 40 |
| | |
| | |
| **HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, and DOES 1-20, Inclusive** | **DECLARATION OF STEPHEN CHAPMAN** |
| | *(Filed concurrently with Plaintiff's Notice of Hearing Brief and Request for Judical Notice)* |
| **Defendants.** | **Motion Hearing Date: 04/29/2025** |

I, Stephen Chapman, declare as follows:

1. I am the Plaintiff in this matter, representing myself in propria persona. I submit this declaration in support of my concurrently filed Notice to State Court concerning my Motion to Strike the Notice of Removal, Recognize the Second Amended Complaint as the Operative Pleading, and Remand to State Court. I have personal knowledge of the facts set forth herein and, if called to testify, could and would competently testify thereto.

2. On or about March 13, 2025, I did not appear at the hearing calendared in this action. My absence was not due to indifference or disrespect toward the Court, but rather a strategic and principled decision made to expose and document the procedural manipulation and

DECLARATION OF STEPHEN CHAPMAN - 11

material misrepresentations being executed by defense counsel before both this Court and the United States District Court.

3. Defense counsel failed to properly and contemporaneously file a Notice of Removal in this Court pursuant to 28 U.S.C. § 1446(d) and California Code of Civil Procedure § 664.5. The Notice of Removal was not filed in the state court until January 7, 2025—over a month after the purported federal removal occurred on December 6, 2024.

4. On multiple occasions, including most recently with respect to service of a Notice of Ruling, Defendant has served me with **unfiled courtesy copies** that do not reflect any conformed filing or proper certificate of service under California law. These incomplete and informal service attempts illustrate a consistent pattern by Defendant of acting outside the bounds of the procedural rules that govern this Court.

5. The records herein and that of the State's affirms that I submitted my Second Amended Complaint on December 10, 2024, and again on December 13, 2024, prior to the date of any valid removal; moreover, arguments made therein are already on record as filed on 01/03/2025 and 01/06/2025, thereby naming Raymond Pruitt – demonstrated as a Defendant on this Court's Docket.

6. I respectfully urge this Court to review Defendant's conduct in light of its inherent authority under Code of Civil Procedure § 128(a), as well as under the Business and Professions Code § 6068. While I do not seek formal disciplinary findings within this motion, I believe the record plainly supports the need for independent scrutiny, including possible referral for ethical misconduct.

7. I reaffirm my commitment to this Court's jurisdiction and to the principles of equity, procedural integrity, and accountability under California law.

DECLARATION OF STEPHEN CHAPMAN - 12

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of April, 2025, in Los Angeles, California.

Stephen Chapman, In Pro Per

**STEPHEN R. CHAPMAN**
Pro Se Plaintiff
7917 Selma Avenue, Unit 336
Los Angeles, CA 90046
Phone: (619) 550-7543
Email: stefinchapman@outlook.com

DECLARATION OF STEPHEN CHAPMAN - 13

18

Stephen R. Chapman
Plaintiff, In Pro Per
7917 Selma Avenue, Unit 336
Los Angeles, CA 90046
Email: StefinChapman@outlook.com
Phone: (619) 550-7543

### UPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **STEPHEN CHAPMAN,**<br><br>**Plaintiff,**<br><br><br>**v**<br><br><br>**HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, and DOES 1-20, Inclusive**<br><br>**Defendants.** | Case No.: 24STCV27909<br>Dept: 40<br>Judge: Hon. Michael Shultz<br><br>**REQUEST FOR JUDICIAL NOTICE**<br>Evidence Code § 452(c)(d); 453<br><br><br><br><br><br>Hearing Date: April 29, 2025<br>Time: 8:30 A.M.<br>Filed Concurrently: Motion to Strike NOR, Hearing Brief, Declaration of Stephen Chapman |

I. FACT FOR WHICH NOTICE IS REQUESTED

That the Notice of Removal filed in U.S. District Court on December 6, 2024 (Case No. 2:24-cv-10546-MWF-BFM, ECF No. 1), was not filed with this Court on or around the same date, and that no such filing appears in the State Court docket until January 7, 2025, a full month later.

**REQUEST FOR JUDICAL NOTICE - 1**

**II. BASIS FOR REQUEST**

This absence is capable of immediate and accurate determination by resort to:

1. The official docket in this case, maintained by the Los Angeles County Superior Court, and

2. The official PACER record of the related federal matter.


Judicial notice is proper pursuant to:

- **Evidence Code § 452(c)** – Official acts of any state.

- **Evidence Code § 452(d)** – Records of any court of record.

- **Evidence Code § 453** – The Court shall take judicial notice when requested.

- **Evidence Code § 455** – The Court shall accept as true any matter judicially noticed.


**III. PURPOSE OF NOTICE**

This Request is made to establish that Defendant not only failed to comply with the mandatory service and filing requirements of **28 U.S.C. § 1446(d),** which mandates prompt filing of the Notice of Removal with the State Court to effectuate removal, but also misrepresented law and facts before this court on 03/13/2025.

**REQUEST FOR JUDICAL NOTICE - 2**

Judicial recognition of this procedural defect requires remand.

See:

- Regents of Univ. of California v. Gen. Refractories Co., 2011 WL 1459068

- Rodriguez v. Ventura Cnty., 2020 WL 3964793

- Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 (1978)


**IV. SUPPLEMENTAL STATEMENT IN SUPPORT OF NOTICE**

This Request for Judicial Notice is also necessary to prevent continued abuse of both this Court and the judicial process. The federal docket (Case No. 2:24-cv-10546-MWF-BFM) clearly shows that the Notice of Removal was filed in the U.S. District Court on December 6, 2024, yet no corresponding filing was made in the State Court until January 7, 2025, in direct violation of 28 U.S.C. § 1446(d).


This timeline, judicially noticeable on its face, supports Plaintiff's contention that the Defendant deliberately manipulated removal procedures to deprive the Plaintiff of access to the State forum and misled this Court into believing jurisdiction had been properly divested.


As such, Plaintiff respectfully submits that this Court must:

**REQUEST FOR JUDICAL NOTICE - 3**

- Acknowledge the procedural default as a jurisdictional failure;

- Reject the removal as never having been effectuated under federal law;

- And restore integrity and honor to these proceedings by accepting this judicially noticeable absence as a conclusive fact supporting remand and other relief.

Plaintiff brings this Request not merely to correct the record, but to expose the Defendant's misuse of procedural mechanisms and reestablish this Court's rightful authority, by a preponderance of the evidence and in accordance with constitutional due process.

**Dated: April 3, 2025**

**Respectfully submitted,**

**Stephen R. Chapman**

**Plaintiff, In Pro Per**

**REQUEST FOR JUDICAL NOTICE - 4**

# EXHIBIT A

Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 1 of 100   Page

Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 19 of 100   Page

Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 23 of 100   Page

Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 37 of 100   Page

Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 51 of 100   Page

STEPHEN CHAPMAN
7917 SELMA AVE 336
LOS ANGELES CA 90046
6195507543
STEFINCHAPMAN@OUTLOOK.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>Plaintiff,<br><br> vs.<br><br>HORACE MANN PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br>et al.,<br><br>Defendant | Case No.: 2:24-cv-10546-MWF-BFM<br>Hon. Michael Fitzgerald<br><br>PLAINTIFF'S REPLY MEMORANDUM IN<br>SUPPORT OF THE MOTION TO REMAND<br><br>*RE: [(ECF No. 31) Courts Ordered<br>Briefing Schedule; Opposition &<br>Reply*<br><br>Dated: 03/31/2025 |

     TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

     Plaintiff **Stephen R. Chapman, appearing pro se,**
**respectfully submits this comprehensive Reply Memorandum** in
direct and precise rebuttal to Defendant Horace Mann Property &
Casualty Insurance Company's Opposition to Remand (ECF No. 34),
pursuant to the Court's Scheduling Notice issued on March 10,
2025 (ECF No. 31). Plaintiff systematically addresses each of

PLAINTIFF'S REPLY MEMORANDUM - 1

the inaccuracies, erroneous assertions, procedural missteps, and material omissions contained within Defendant's Opposition, rigorously grounding this response in adherence to the Federal Rules of Civil Procedure (FRCP), relevant federal statutes, binding case law, and the Local Rules of the Central District Court of California.

Indeed, Defendant's Opposition to Remand (ECF No. 34) constitutes an admission of record and supports Plaintiff's claims in this matter. Under **Federal Rule of Evidence 801(d)(2)**, statements by an opposing party in a pleading are not hearsay and are admissible as substantive evidence. Plaintiff thus invokes Defendant's Opposition as operative evidence of (a) the timeline fabricated by Defendant to mask procedural defects; (b) material omissions regarding the forum defendant, Raymond Pruitt; and (c) Defendant's own acknowledgement that it advanced litigation unilaterally despite r**efusing to obtain of serve a Notice of Removal, effectuate proper service** or **file a responsive pleading** pursuant to FRCP 81(c). To this end, through the papers and pleadings on record in alignment with the facts herein, the Plaintiff urges this Court to Strike the Defendant's Answer as its Boilerplate responses are not only irrelevant but have failed to be entered into the Federal record, noting that it not only lacks merit, it also lacks process served on the

**PLAINTIFF'S REPLY MEMORANDUM** - 2

1  Plaintiff, just as the myriad of others which the Defendant had

2  admitted to improperly serve on the plaintiff.

3

4  Defendant's attempt to frame this matter as a simple dispute

5  over unpaid auto insurance benefits is not only legally

6  insufficient, but grossly mischaracterizes the nature of this

7  case. This action involves systemic misconduct concerning

8  Defendant's internal policy administration, billing systems, and

9  regulatory practices. The evidence points to a broader pattern

10 of behavior, not an isolated claims dispute which the Defendant

11 engaged in clear acts of oppressive conduct, insurance and

12 material fraud, scrupulous business practices, malice, and

13 egregious conduct  ensure their financial gains over the rights

14 of Califnornia Consumers.

15

16 Although the Defendant has omitted Raymond Pruitt from their

17 sham petition; mislead this court into believing it had

18 jurisdiction when non ever existed, caused undue harm to the

19 Plaintiff pleading pro se, and contests with their clients'

20 business model acting without impunity as they continue to

21 misleads California consumers, issuing policies in violation of

22 the California Business and Professions Code, California

23 Consumer Protections, California Insurance Law, and through

24 defunct LLCs, such as, Educators Insurance Sales LLC, named on

25 almost every document issued by the Defendants [(ECF No. 23) pgs

**PLAINTIFF'S REPLY MEMORANDUM** -3

34-45]  to the Plaintiff, once owned by the Agent of Record, Raymond Pruitt – however suspended indefinitely, memorialized by over 19 outstanding tax liens equaling over hundreds of thousands of dollars, which is a part of a much larger pattern that the Plaintiff is prepared to expose in the proper forum as his case is prepared for the State - experience in the intricate nature of the Defendant's misconduct spans back many years and 100's of similar violations under which the State of California is fit to adjudicate.

None of which could have not been possible without the indispensable key defendant, Raymond Pruitt who is not only the proponent to all causes of action as stated in the FAC - but as a named defendant in this matter he will be held liable as for his acts and justice will be served.

In direct replay to the Defendants Opposition are the facts as they happened, not as the Defendant has manipulated them to seem [(ECF No. 34)]

**Timeline of Events [(Exhibit 1) Pacer Docket Timestamps]:**

**Friday, December 6, 2024**

- **4:24 PM:** Defendant's counsel, Connie Spears, sent Plaintiff Stephen Chapman via email a package labeled "Notice of

**PLAINTIFF'S REPLY MEMORANDUM** - 4

1  Removal plus supporting documents," prematurely suggesting

2  proper filing and service had already occurred.

3  o **Subsequently stating:** "Hard Copies will follow via US

4  Mail" attached an Image of a Stuffed envelope

5

6  indicating evidence of the documents sent – despite it

7  being almost an hour before they were submitted to the

8  court.

9  • **5:08 PM:** Defendant Horace Mann Property & Casualty

10  Insurance Company filed a Notice of Removal from the County

11  of Los Angeles to Federal Court, Central District of

12  California (Case No. 24STCV27909). *(ECF No. 1)*

13

14  • **5:11 PM:** Defendant filed a Notice of Interested Parties.

15  *(ECF No. 2)*

16  • **5:36 PM:** Defendant's co-counsel Marc J. Shrake emailed

17  Connie Spears requesting "file marked copies of

18  everything," explicitly noting he had not yet received

19  official notice from the Court confirming the filings. He

20  also requested confirmation that his email address was

21  properly listed to ensure future notifications from the

22  Court.

23

24  • Moreover, it appears that **Attorney Marc Shrake has**

25  attempted to materially alter the record by inaccurately

26  representing the timing of correspondence as "18:23,"

27  thereby crafting a misleading narrative that falsely

28

**PLAINTIFF'S REPLY MEMORANDUM** - 5

suggests compliance. Given Defendant's documented pattern of procedural irregularities, this conduct demands judicial scrutiny and must not be permitted to stand unaddressed.

**Wednesdays, December 11, 2024**

- **11:08 AM**: Court issued a Notice of Assignment, assigning the case to District Judge Michael W. Fitzgerald and Magistrate Judge Brianna Fuller Mircheff. *(ECF No. 3)*

- **11:08 AM**: Court filed Notice to Parties regarding Court-Directed Alternative Dispute Resolution (ADR) Program. *(ECF No. 4)*

- **11:09 AM:** Court filed Notice to Counsel regarding Consent to Proceed Before a United States Magistrate Judge. *(ECF No. 5)*

- **11:10 AM**: A conformed copy of Plaintiff's original Complaint, filed in state court on October 24, 2024, was filed. *(Submitted with Attachment 3 to ECF No. 1)*

- **11:13 AM**: A conformed copy of Plaintiff's First Amended Complaint (FAC), filed in state court on November 14, 2024, was filed. *(Submitted with Attachment 3 to ECF No. 1)*

- **11:16 AM**: Defendant's non-conformed Answer to Plaintiff's FAC, previously filed in state court, was filed. *(Submitted with Attachment 3 to ECF No. 1)*

**PLAINTIFF'S REPLY MEMORANDUM** - 6

- **11:19 AM**: Court issued a Notice of Deficiencies in Attorney Case Opening regarding Defendant's Notice of Removal *(ECF No. 1)*, noting an error in the filing of the Civil Cover Sheet. *(ECF No. 6)*
- **12:41 PM**: Defendant separately filed the Civil Cover Sheet. *(ECF No. 7)*

**Thursday, December 12, 2024** *\*Plaintiff offically added to the matter upon Case Opening*

- **11:42 AM**: Court issued a Self-Representation Order, detailing responsibilities and procedures for Plaintiff appearing pro se. *(ECF No. 8)*
- **3:56 PM**: Judge Michael W. Fitzgerald issued an Initial Order setting a Scheduling Conference for January 27, 2025, at 11:00 AM. *(ECF No. 9)*

**Wednesday, January 15, 2025**

- **12:58 PM**: Judge Michael W. Fitzgerald issued a Scheduling Notice and Order vacating the previously scheduled January 27, 2025, Scheduling Conference because the required Joint Rule 26(f) Report due by January 13, 2025, had not been filed. The Court ordered the parties to file the required Joint Rule 26(f) Report along with a completed Schedule of Pretrial and Trial Dates Worksheet no later than January

**PLAINTIFF'S REPLY MEMORANDUM** -7

27, 2025, cautioning that failure to comply could result in dismissal of the action or the striking of Defendant's Answer. (*Text-Only Entry, No PDF*)

I. DEFENDANT'S NOTICE OF REMOVAL WAS UNTIMELY UNDER 28 U.S.C. § 1446(b)(1)

Defendant was properly and duly served with the original Complaint on November 8, 2024, as reflected by official court filings (ECF No. 1-1, Civil Cover Sheet, ¶ 2). Under the strict requirements stipulated in 28 U.S.C. § 1446(b)(1), Defendant had a finite period of thirty (30) days from the date of service to effectuate removal to federal court. Defendant purportedly filed its Notice of Removal (NOR) on December 6, 2024; however, this filing was substantively and procedurally defective, as expressly indicated by the Clerk of the Court via a Notice of Deficiency dated December 11, 2024 (ECF No. 7). According to established jurisprudence interpreting Local Rule 5-4.3.1 and FRCP 5(d)(4), a procedurally deficient submission does not constitute a valid filing. Hence, the recognized date of Defendant's effective filing is December 11, 2024, rendering this filing untimely by two days, thereby mandating immediate remand to the state court pursuant to the governing statute.

PLAINTIFF'S REPLY MEMORANDUM - 8

## II. FAILURE TO TIMELY FILE NOTICE IN STATE COURT UNDER 28 U.S.C. § 1446(d)

Defendant further contravened statutory requirements by failing to file its Notice of Removal promptly in the California Superior Court as explicitly mandated by 28 U.S.C. § 1446(d). The Notice of Removal was belatedly filed in state court on January 7, 2025, creating an interval exceeding one month during which the Superior Court unequivocally maintained active jurisdiction. Throughout this period, the state court continued proceedings, case management efforts, and the issuance of directives. This sustained state jurisdiction directly invalidates Defendant's claim of successfully establishing federal jurisdiction, unequivocally requiring remand.

## III. DEFENDANT'S PATTERN OF PROCEDURAL MISCONDUCT AND MATERIAL MISREPRESENTATIONS

Defendant engaged in demonstrably misleading conduct concerning both the timing and method of service of its removal documents. Defendant misrepresented compliance by prematurely sending Plaintiff electronic documentation labeled "Notice of Removal plus supporting documents" at 4:24 PM PST on December 6, 2024, prior to the filing actually being formally completed and processed by the court (Exhibit 1, Email Correspondence).

**PLAINTIFF'S REPLY MEMORANDUM** - 9

1  Additional correspondence, notably an email from Defendant's co-
2  counsel Marc J. Shrake at 5:36 PM PST on the same date,
3  explicitly acknowledged the absence of formal confirmation from
4  the court, further underscoring Defendant's intentional
5  misrepresentation.
6
7  Moreover, having checked with the Court Clerk, and with the
8  understanding of the only persons to have access to the pro se
9  plaintiff's logistical details it appears that the Plaintiff's
10  address has been intermittently altered Plaintiff's from "Unit
11  336" to the incorrect designation "No 336" within multiple
12  critical court filings. Such manipulations led to critical
13  documents, including court orders and ex parte communications,
14  being returned as undeliverable. These discrepancies have
15  severely compromised Plaintiff's procedural due process rights
16  by obstructing timely and necessary access to judicial
17  notifications, thereby resulting in substantial prejudice
18  against Plaintiff see [11] and [17].
19
20  **IV. LACK OF SUBJECT MATTER JURISDICTION**
21
22      **A. 28 U.S.C. § 1441(b)(2) FORUM DEFENDANT RULE**
23
24          MATERIAL OMISSION OF FORUM DEFENDANT RAYMOND PRUITT
25      Defendant strategically omitted any mention of an
26      indispensable forum defendant, Raymond Pruitt, who acted as
27
28

**PLAINTIFF'S REPLY MEMORANDUM** - 10

Defendant's authorized insurance agent involved extensively in the underlying transactions and representations forming the basis of Plaintiff's claims. The actions of Mr. Pruitt unequivocally bind Horace Mann to California's jurisdiction under fundamental agency law doctrines. Defendant's calculated exclusion of Mr. Pruitt represents fraudulent joinder intended solely to contrive artificial federal diversity jurisdiction under 28 U.S.C. § 1332(a). Such fraudulent conduct decisively invalidates Defendant's removal, mandating the immediate return of jurisdiction to the state court.

**B. AMOUNT-IN-CONTROVERSY REQUIREMENT**

DEFENDANT'S FAILURE to provide evidence that the amount in controversy exceeds the threshold requirnment as Defendant explicitly identified the amount in controversy at precisely $75,000, exactly matching—but failing to surpass—the jurisdictional minimum required by 28 U.S.C. § 1332(a). This statutory provision requires an **amount** in excess of $75,000. Defendant, thus, fails to establish subject matter jurisdiction by meeting the statutory threshold.

**PLAINTIFF'S REPLY MEMORANDUM** - 11

Moreover, Defendant has failed to produce any credible or competent evidence to demonstrate that Plaintiff's claim surpasses this jurisdictional threshold. Controlling Ninth Circuit precedent in Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992) establishes that any ambiguity or inadequacy in meeting the jurisdictional threshold necessitates Defendant's reliance on generalized assumptions and speculative conclusions to establish the jurisdictional threshold is insufficient. The Defendant provides 2 out of 9 pages from the Plaintiff's auto policy renewal declaration – which renewed July, 2022; thus proving that the payment in July had been received – contrary to the Defendant's claims of non-payment as July was the payment in question [**See(Exhibit 2) Complete Auto Policy Renewal Declaration, including renewal Period Proof of Insurance Cards]** The Supreme Court has held that the burden is on the removing party to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Here, Defendant has failed to provide sworn declarations, verified billing records, or any admissible evidence demonstrating that Plaintiff's claims would likely exceed $75,000 in value.

California law's prohibition on damage pleading was not employed by Plaintiff to obscure jurisdictional facts but rather in

**PLAINTIFF'S REPLY MEMORANDUM** - 12

compliance with a mandatory procedural safeguard that ensures
neutrality in state court litigation. Federal jurisdiction
cannot rest on violating or misconstruing state procedural law.
See *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1002
(9th Cir. 2007) (overruled on other grounds by *Standard Fire
Ins. Co. v. Knowles*, 568 U.S. 588 (2013)).

The case arises exclusively under California statutory and
regulatory law, including claims under the California Insurance
Code, Business and Professions Code, and various consumer
protection statutes. These issues are of local concern, best
resolved by state courts with the requisite subject matter
expertise and oversight authority.

The Court should decline jurisdiction where the record fails to
establish diversity and the amount in controversy is unproven
and speculative.

**VI. DEFENDANT'S MISREPRESENTATIONS AND RULE 7.1 DISCLOSURE
VIOLATIONS**

In addition to the untimely and procedurally defective removal,
Defendant has submitted materially false and misleading
representations that must be brought to the Court's attention.
These violations are both substantive and procedural and warrant
the Court's scrutiny under FRCP 11(c).

**PLAINTIFF'S REPLY MEMORANDUM** - 13

**A. MISREPRESENTATIONS REGARDING CORPORATE OWNERSHIP**

Defendant has certified in its Rule 26(f) Report and Certificate of Interested Parties [(ECF No. 2)] **that no publicly held corporation owns 10% or more of its stock.** However, publicly accessible corporate ownership data reveals that the President of Horance Mann is also the President of BCG securities – a significant and influential interchangement indeed [see Adam P. (BCG Broker report)]; additionally, both BlackRock, Inc. and Vanguard Group, Inc. each own more than 10% of Horace Mann Property & Casualty Insurance Company's parent company. These omissions constitute a violation of **Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1,** which require disclosure of any entity with a financial interest in the litigation.

**This failure deprived the Court of critical jurisdictional information and undermines Defendant's claimed basis for diversity.** Plaintiff reserves the right to seek sanctions and further discovery on this issue, particularly as the Rule 7.1 disclosure obligation is ongoing and not satisfied by incomplete certification.

**B. Misuse of Rule 26(f) Conference and Unilateral Filing**

**PLAINTIFF'S REPLY MEMORANDUM** - 14

1       Defendant filed a unilateral Joint Rule 26(f) Report

2   [(ECF No. 28)] without securing Plaintiff's consent, input,

3   or participation, despite Plaintiff's timely and good faith

4   efforts to respond. Plaintiff submitted a completed version

5   of the Rule 26 worksheet and attached email correspondence

6   proving cooperation was ongoing as of January 27, 2025.

7   Defendant's conduct reflects procedural gamesmanship and an

8   intent to mislead the Court regarding Plaintiff's

9   engagement and cooperation.

**VII. APPLICATION OF THE DOCTRINE OF JUDICIAL ESTOPPEL**

Defendant's procedural conduct in concurrently litigating in both federal and state courts directly invokes judicial estoppel. Specifically, Defendant's unopposed appearance in state court on March 13, 2025, represented a tacit admission and acknowledgment of state court jurisdiction, which starkly contrasts and contradicts its concurrent assertions of exclusive federal jurisdiction. This blatant contradiction constitutes exactly the type of procedural gamesmanship judicial estoppel seeks to prevent, as articulated in New Hampshire v. Maine, 532 U.S. 742 (2001). Judicial estoppel appropriately applies here to prevent Defendant from exploiting jurisdictional inconsistencies to Plaintiff's detriment.

**PLAINTIFF'S REPLY MEMORANDUM** - 15

**VII. REQUEST FOR JUDICIAL NOTICE**

Plaintiff formally requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of all pertinent docket entries, state and federal filings, official court documents, and associated correspondence demonstrating Defendant's systematic procedural irregularities, deliberate misrepresentations, and calculated material omissions discussed herein. These judicially noticeable records critically substantiate Plaintiff's claim of Defendant's pervasive litigation misconduct.

**VIII. CONCLUSION**

Based upon Defendant's procedurally defective, untimely and falsely asserted authority, the Notice of Removal, not only demonstrates a deliberate failure to comply with statutory requirements for timely filing of the notice in state court, extensive procedural misconduct, fraudulent omission of an indispensable forum defendant, failure to demonstrate compliance with the statutory amount-in-controversy requirement, and contradictory litigation positions warranting judicial estoppel, Plaintiff respectfully moves this Court to immediately remand this matter to California Superior Court. Plaintiff further respectfully urges the imposition of judicial estoppel and

**PLAINTIFF'S REPLY MEMORANDUM** - 16

1  appropriate sanctions against Defendant for demonstrated

2  intentional and prejudicial litigation misconduct.

3

4  **IX. PRAYER FOR RELIEF**

5

6  **For all of the foregoing reasons, Plaintiff respectfully**

7  **requests that this Court:**

8

9  1. **GRANT** the Motion to Remand;

10  2. **STRIKE** Defendant's Answer [(ECF No. 1-2)];

11  3. **STRIKE** the Declaration of Matthew Rubin [(ECF No. 1-4)];

12  ***4. ENTER DEFAULT** pursuant to Rule 55(a), **if remand is denied;***

13  5. **TAKE JUDICIAL NOTICE** of all docket filings, irregularities,

14     and referenced CM/ECF entries;

15

16  6. **TAKE JUDICAL NOTICE** for Named Defendant Raymond Pruitt, see

17     State Court Docket Parties to the Matter under **Fed Rules of**

18     **Evid. 201**

19

20  7. **TAKE JUDICIAL NOTICE** of the **State Motion Hearing**

21     **rescheduled to 04/29/2025** – Confirmed by the Department 40

22     Court Clerk **Fed Rules of Evid. 201**

23  8. **GRANT** such other and further relief as the Court deems just

24     and proper.

25

26                        **Respectfully** submitted,

27

28

**PLAINTIFF'S REPLY MEMORANDUM** - 17

Dated: March 31, 2025.

_____

Plaintiff Pro Se, Stephen Chapman

**PLAINTIFF'S REPLY MEMORANDUM** - 18

# EXHIBIT 1

**PACER WITH TIME STAMPS CONFIRMS EVERTHING THE DEFENDANT HAS CLAIMED REGARDING THE NOR TO BE FALSE;**

**CONFIRMS THE DEFENDANT DID NOT FILE THE NOR BEFORE THE DEADLINE;**

**PROVES THAT THE NOR WAS ENFORCED UNDER FALSE PRETENSES**

**PROVES THAT THE DEFENDANT DID NOT SERVE THE PLAINTIFF**

**CONFIRMS THE CLAIMS THE PLAINTIFF HAS MADE AGAINST THE DEFENDANTS REGARDING PROCEDURAL MANIPULATION AND FRAUD ON THE COURT TO BE FACT.**

19

| PacerMonitor | A Fitch Solutions Service | Features | Plans & Pricing | About | | Start Free Trial | Sign In |
|---|---|---|---|---|---|---|---|

Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

| **California Central District Court** | | | |
|---|---|---|---|
| Judge: | Michael W Fitzgerald | **Case Filed:** | Dec 06, 2024 |
| Referred: | Brianna Fuller Mircheff | **Case in other court:** | County of Los Angeles, 24STCV27909 |
| Case #: | 2:24-cv-10546 | | |
| Nature of Suit | 110 Contract - Insurance | | |
| Cause | 28:1441 Notice of Removal - Breach of Contract | | |

| Docket | Parties (2) |
|---|---|

Docket last updated: 11 hours ago

**Friday, March 21, 2025**

35 | order | Pro Se Electronic Filing - CV-5 O | Tue 03/25 4:48 PM
ORDER by Judge Michael W. Fitzgerald: Granting15 APPLICATION for Pro Se Electronic Filing. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk. (iv)

34 | respm | Objection/Opposition (Motion related) | Fri 03/21 5:46 PM
OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION to Remand Case to29 OPPOSITION filed by Defendant Horace Mann Property and Casualty Company.(Ingulsrud, Kristin)

Att: 1 | Declaration,
Att: 2 | Declaration

**Friday, March 14, 2025**

| misc | Errata | Fri 03/14 1:43 PM
NOTICE OF ERRATA filed by Plaintiff Stephen Chapman. Correcting Notice of Lodging32 . (iv)

**Monday, March 10, 2025**

33 | notice | Deficiency in Filed Documents (G-112A) - optional html form | Wed 03/12 11:29 AM
NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: Notice of Lodging32 . The following error(s) was/were found: Document lacks required signature. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv)

32 | notice | Notice of Lodging | Wed 03/12 11:26 AM
NOTICE OF LODGING OF MISSING EXHIBITS filed by Plaintiff Stephen Chapman. (iv)

31 | textonly | Text Only Scheduling Notice | Mon 03/10 12:00 PM
SCHEDULING NOTICE and ORDER by Judge Michael W. Fitzgerald. The Court has received Plaintiff Stephen Chapman's Notice of Motion and Motion for Judicial Notice of Notice of Motion to Remand Sua Sponte29 (the "Motion"). The Court will construe the Motion as a Motion to Remand. Defendant Horace Mann Property and Casualty Insurance Company is ORDERED to file its Opposition to the Motion no later than 3/21/2025. Plaintiff may file a Reply in support of the Motion no later than 3/31/3025. The Motion will then be taken under submission. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (smom)

**Tuesday, March 04, 2025**

30 | respm | Reply (Motion related) | Thu 03/06 9:24 AM
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EQUITABLE TOLLING AND REMAND filed by Plaintiff Stephen Chapman. (lom)

29 | motion | Remand Case to State Court | Thu 03/06 9:22 AM
NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE OF NOTICE OF MOTION TO REMAND SUA SPONTE filed by Plaintiff Stephen Chapman. (lom)

**Monday, March 03, 2025**

28 | misc | Joint Report Rule 26(f) Discovery Plan | Thu 03/06 9:19 AM
JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Stephen Chapman. (lom)

**Tuesday, February 25, 2025**

27 | order | Minutes of In Chambers Order/Directive - no proceeding held | Thu 02/27 12:02 PM
MINUTE (IN CHAMBERS) AMENDED ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND23 by Judge Michael W. Fitzgerald. The Motion is DENIED. (iv)

**Monday, February 24, 2025**

26 | order | For Order | Tue 02/25 8:28 AM
MINUTES (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND23 by Judge Michael W. Fitzgerald. The Motion is DENIED. Plaintiff has not established that he is entitled to expedited relief. [See Order for further details.] (san)

25 | respm | Objection/Opposition (Motion related) | Mon 02/24 4:29 PM
OPPOSITION Opposition re: EX PARTE APPLICATION for Order for Equitable Tolling and Remand23 OPPOSITION filed by Defendant Horace Mann Property and Casualty

Insurance Company.(Shrake, Marc)

Att: 1 🔴 Declaration

**Tuesday, February 18, 2025**

23  🔴 30+ pgs | motion | Order | Fri 02/21 4:02 PM
Plaintiff's EX PARTE Motion for Equitable Tolling and Remand filed by Plaintiff Stephen Chapman. (es)

22  🔴 notice | Notice (Other) | Fri 02/21 3:07 PM
PLAINTIFF'S NOTICE OF RELIANCE ON PREVIOUSLY FILED PROPOSED ORDER filed by Plaintiff Stephen Chapman. (es)

**Thursday, February 13, 2025**

24  🔴 misc | Mail Returned | Fri 02/14 4:56 PM
Mail Returned addressed to Stephen Chapman re Minutes of In Chambers Order/Directive - no proceeding held,,17 (es)

**Thursday, February 06, 2025**

21  🔴 notice | Deficiency in Filed Documents (G-112A) - optional html form | Thu 02/06 3:31 PM
NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: Proposed Order20 . The following error(s) was/were found: Proposed document was not submitted with a Motion or Request. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv)

**Monday, February 03, 2025**

20  🔴 notice | Notice of Lodging | Thu 02/06 3:29 PM
NOTICE OF [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS NOTICE OF REMOVAL AND REMAND TO STATE COURT filed by Plaintiff Stephen Chapman. (iv)

**Thursday, January 30, 2025**

19  🔴 service | Proof of Service (subsequent documents) | Mon 02/03 3:25 PM
SUPPLEMENTAL PROOF OF SERVICE & NOTICE OF ERRATA filed by Plaintiff Stephen Chapman, served on 1/30/2025. (iv)

18  🔴 misc | Supplement | Mon 02/03 2:59 PM
SUPPLEMENTARY DECLARATION OF PLAINTIFF STEPHEN CHAPMAN IN OPPOSITION TO RULE 26(F) PROCEEDINGS & IN SUPPORT OF NOTICE OF LACK OF SUBJECT- MATTER JURISDICTION, MOTION TO STRIKE, AND MOTION FOR SANCTIONS filed by Plaintiff Stephen Chapman. (iv)

17  🔴 minute | Minutes of In Chambers Order/Directive - no proceeding held | Thu 01/30 4:53 PM
MINUTE (IN CHAMBERS) ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR JUDICIAL NOTICE OF SECOND AMENDED COMPLAINT AND STAY OR EXTENSION OF RULE 26(f) DEADLINES PENDING MOTION TO REMAND11 by Judge Michael W. Fitzgerald. The Application is GRANTED in part and DENIED in part. The Court declines Plaintiff's request for judicial notice and to stay the case pending the state court hearing scheduled for March 13, 2025. However, the Court grants Plaintiff's request to extend the deadline to file the Rule 26(f) report. The deadline to submit a joint Rule 26(f) Report is now on March 3, 2025. (iv)

**Monday, January 27, 2025**

16  🔴 misc | Report | Mon 01/27 3:57 PM
REPORT of DEFENDANT'S RULE 26(f) Report filed by Defendant Horace Mann Property and Casualty Insurance Company. (Ingulsrud, Kristin)

**Friday, January 24, 2025**

15  🔴 motion | Pro Se Electronic Filing - CV-5 | Mon 01/27 9:34 AM
APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Stephen Chapman. (iv)

14  🔴 notice | Deficiency in Filed Documents (G-112A) - optional html form | Fri 01/24 3:46 PM
NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: Ex Parte11 . The following error(s) was/were found: Proposed documents require a signature by the court only. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv)

**Thursday, January 23, 2025**

13  🔴 8 pgs | respn | Memorandum in Support of Motion | Fri 01/24 3:44 PM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REQUEST FOR EX PARTE RELIEF filed by Plaintiff Stephen Chapman. (iv)

12  🔴 misc | Declaration | Fri 01/24 3:33 PM
DECLARATION OF STEPHEN CHAPMAN filed by Plaintiff Stephen Chapman. (iv)

11  🔴 misc | For Judicial Notice | Fri 01/24 3:32 PM
EX PARTE APPLICATION FOR JUDICIAL NOTICE OF SECOND AMENDED COMPLAINT AND STAY OR EXTENSION OF RULE 26(f) DEADLINES PENDING MOTION TO REMAND filed by Plaintiff Stephen Chapman.(iv)

Att: 1 🔴 Proposed Order

**Wednesday, January 15, 2025**

10  🔴 txtonly | Text Only Scheduling Notice | Wed 01/15 12:58 PM
SCHEDULING NOTICE and ORDER by Judge Michael W. Fitzgerald. On 12/12/2024, the Court issued an Order Setting Scheduling Conference9 (the "Order"). Pursuant to that Order, the parties' Joint Rule 26(f) Report (the "Report") was due no later than 1/13/2025, and the Scheduling Conference was set on 1/27/2025 at 11:00 a.m. The required Report has not been filed. On its own motion, the Court VACATES the Scheduling Conference; no appearances shall be made. The parties are ORDERED to file the required Report, with a completed Schedule of Pretrial and Trial Dates Worksheet (Exhibit A to the Order), no later than 1/27/2025. The Court will review the Report and set pretrial and trial dates. Failure to timely file the Report may result in dismissal of this action without prejudice or the striking of Defendant's Answer. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (smom)

**Thursday, December 12, 2024**

21



| 9 | order | Initial Order Setting R26 Scheduling Conference - form only | Thu 12/12 3:56 PM |

ORDER SETTING SCHEDULING CONFERENCE by Judge Michael W. Fitzgerald. Scheduling Conference set for 1/27/2025 at 11:00 AM before Judge Michael W. Fitzgerald. (rs)

| 8 | 9 pgs | order | Order | Thu 12/12 11:42 AM |

SELF-REPRESENTATION ORDER by Judge Michael W. Fitzgerald. SEE ORDER FOR DETAILS. (iv)

**Wednesday, December 11, 2024**

| 7 | misc | Civil Cover Sheet (CV-71) | Wed 12/11 12:41 PM |

CIVIL COVER SHEET filed by Defendant Horace Mann Property and Casualty Insurance Company. (Ingulsrud, Kristin)

| 6 | notice | Deficiency in Attorney Case Opening | Wed 12/11 11:19 AM |

NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Notice of Removal (Attorney Civil Case Opening),1 . The following error(s) was found: Other error(s) with document(s): Attachment 1 Civil Cover Sheet should be e-filed separately. The event is located under Civil Events Other Filings Miscellaneous Filings. (car)

| 5 | notice | Notice to Counsel Re: Consent to Proceed Before a US Magistrate Judge - optional html form | Wed 12/11 11:09 AM |

Notice to Counsel Re: Consent to Proceed Before a United States Magistrate Judge. (car)

| 4 | adr | Notice to Parties of Court-Directed ADR Program (ADR-8) - optional html form | Wed 12/11 11:08 AM |

NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (car)

| 3 | notice | Notice of Assignment to United States Judges (CV-18) - optional html form | Wed 12/11 11:08 AM |

NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and Magistrate Judge Brianna Fuller Mircheff. (car)

**Friday, December 06, 2024**

| 2 | notice | Certificate/Notice of Interested Parties | Fri 12/06 5:11 PM |

NOTICE of Interested Parties (Ingulsrud, Kristin)

| 1 | notice | Notice of Removal (Attorney Civil Case Opening) | Fri 12/06 5:08 PM |

NOTICE OF REMOVAL from County of Los Angeles, case number 24STCV27909 Receipt No: ACACDC-38712961 - Fee: $405, filed by Defendant HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY. (Attorney Kristin A Ingulsrud added to party HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY(pty:dft))(Ingulsrud, Kristin)

    Att: 1   Civil Cover Sheet,
    Att: 2   Declaration Declaration of Matthew Rubin,
    Att: 3   Declaration Declaration of Kristin A. Ingulsrud

| cmp | Complaint - (Discovery) | Wed 12/11 11:10 AM |

CONFORMED COPY OF COMPLAINT against Defendants Horace Mann Property and Casualty Insurance Company, filed by Plaintiff Stephen Chapman. Filed in State Court on 10/24/2024 Submitted with Attachment 3 Exhibit A to Notice of Removal1 (car) Modified on 12/11/2024 (car)

| othcmp | Amended Complaint | Wed 12/11 11:13 AM |

CONFORMED COPY OF FIRST AMENDED COMPLAINT against Defendant Horace Mann Property and Casualty Insurance Company amending Complaint - (Discovery), filed by Plaintiff Stephen Chapman. Filed in State Court on 11/14/2024 Submitted with Attachment 3 Exhibit A to Notice of Removal1 (car)

| answer | Answer to Complaint (Discovery) | Wed 12/11 11:16 AM |

NON-CONFORMED COPY OF ANSWER to Amended Complaint, filed by Defendant Horace Mann Property and Casualty Insurance Company. Submitted with Attachment 3 Exhibit B to Notice of Removal1 (car)

**Continue to Create Account**

Privacy Policy · Cookie Policy · Terms · About
PacerMonitor, LLC © 2025.

22

# EXHIBIT 2

**COMPLETE DECLARATION PERIOD 07-10-2022 > 01/10/2022**

**PROVES THE PLAINTIFF PAID THE PREMIUM IN QUESTION - JULY'S PAYMENT; THEREFORE THE POLICY SHOULD HAVE NEVER CANCELLED AND WOULD HAVE BEEN IN EFFECT AS EXPECTED.**

23

**\*\*\*\*\* AUTO DECLARATIONS JACKET \*\*\*\*\***

09000A001007

Run Date and Time: 06/05/2022                    Policy Number: CA - ██████0102
Batch ID: 187,949                                Version: 2.0.0
RegGUID: cf4251b9-28e3-d052-520f-f28454ab153c
TransGUID: 84868706-A7DA-4764-BFF6-0CB70EB66571
Full Path: /HM/P&C/Properties/Jacket_Auto_Declarations

24

********* This page intentionally left blank **********

25



00000A002007

**Horace Mann**
1 Horace Mann Plaza, Springfield, IL 62715

STEPHEN CHAPMAN
111 W PENNSYLVANIA AVE APT 3B
SAN DIEGO, CA 92103

### Thank you
# FOR YOUR LOYALTY!

We value your business, and we're proud to provide you quality, affordable insurance coverage designed to meet your unique needs.

**It's time to renew your policy but never too late to review your coverage**. If you're thinking about buying or replacing a vehicle, *let's get together to review your insurance coverage*.

**Coming soon**
Watch your mailbox for your invoice or billing notification and let us know if you would like to discuss our convenient payment options.

**As life changes, so do your needs.** Contact us today to learn more about other Horace Mann products and services.


Home


Life


Renters


Savings & Retirement


Supplemental


Student Loan Solutions

PROUDLY SERVING EDUCATORS SINCE 1945          800-999-1030

CL-V37002 (01-22)

27

26

**\*\*\*Page intentionally left blank\*\*\***

28

27

**Horace Mann**

1 Horace Mann Plaza
Springfield, IL 62715-0001

**California Identification Card**
**Horace Mann Property and Casualty Insurance Company**

0002DA003007

| | |
|---|---|
| **Report a claim:** | 800-999-1030 (horacemann.com) |
| **Fast Glass claim:** | 888-321-9391 (safelite.com) |

Named insured(s):
STEPHEN CHAPMAN
111 W PENNSYLVANIA AVE APT 3B
SAN DIEGO, CA 92103

**Agent:**    Raymond Pruitt
909-625-5500
Raymond.Pruitt@horacemann.com

**Below are your official insurance identification cards.**

---

**CALIFORNIA EVIDENCE OF LIABILITY INSURANCE DOCUMENT**

POLICY #███████0102

**NAMED INSURED(S)**
STEPHEN CHAPMAN

**ADDITIONAL DRIVER(S)**

**EFFECTIVE DATE**
07/10/2022

**EXPIRATION DATE**
01/10/2023

**VIN** ██████B18187

**AGENT**
Raymond Pruitt
909-625-5500

| YEAR | MAKE | MODEL |
|---|---|---|
| 2017 | Porsche | MACAN S AWD |

**TO REPORT A CLAIM, CALL 800-999-1030**

Keep this form in the motor vehicle with the registration card. This policy complies with section 16056 of the California Vehicle Code.

Horace Mann Property and
Casualty Insurance Company
NAIC # 0300-22756
P.O. BOX 4506
SPRINGFIELD, IL 62708-4506

**Horace Mann**

---

CL-VJA223 (12-20)

**29**

28

30

29

**40**



**Renewal California Personal Auto Declarations**
**Horace Mann Property and Casualty Insurance Company**

| | | |
|---|---|---|
| **Named insured(s):** | **Policy #:** | ▮▮▮▮0102 |
| STEPHEN CHAPMAN | **Effective date:** | 07/10/2022 |
| 111 W PENNSYLVANIA AVE APT 3B | | (05:01 a.m. local time) |
| SAN DIEGO, CA 92103 | **Expiration date:** | 01/10/2023 |
| | | (12:01 a.m. local time) |

**Agent:**
Raymond Pruitt
EDUCATORS INS SALES
114 N INDIAN HILL #U
CLAREMONT, CA 91711
909-625-5500
Raymond.Pruitt@horacemann.com

**Insured by:**
Horace Mann Property and Casualty Insurance Company
P.O. Box 19463
Springfield, IL 62794-9463

**Driver(s)**
STEPHEN CHAPMAN

| Policy level coverages | Limits and deductibles | Premiums |
|---|---|---|
| Bodily Injury Liability | $100,000/$300,000 (Per person/Per accident) | $318.50 |
| Property Damage Liability | $100,000 (Per accident) | $274.60 |
| Medical Payments | $5,000 (Per insured) | $43.90 |
| Accidental Death, Dismemberment and Loss of Sight | Declined | |
| Uninsured/Underinsured Motor Vehicle Bodily Injury | $100,000/$300,000 (Per person/Per accident) | $90.70 |
| | Premium for policy level coverages | $726.82 |

**Vehicle level coverages**
2017 Porsche MACAN S AWD, VIN ▮▮▮▮▮▮B18187
Garaging ZIP: 92103

| | | |
|---|---|---|
| Uninsured Motor Vehicle Property Damage | Rejected | |
| Other Than Collision | $500 deductible | $126.00 |
| Collision | $500 deductible | $648.20 |
| Emergency Road Service | Declined | |
| Rental Reimbursement | $70 per day/maximum 30 days | $63.70 |
| Additional or Custom Equipment | Declined | |
| Better Car Replacement | Declined | |
| | Premium for vehicle level coverages | **$837.90** |

**Discounts and surcharges**
Multiline Property Renter
IV AND OV COLLIDED IN INTERSECTION

| Premium summary | |
|---|---|
| Total vehicle premium | $ 1,565.60 |
| Investigation and Prosecution of Fraudulent Automobile Insurance Claims Fee | $ 0.50 |
| Consumer Services Fee | $ 0.13 |

CL-V52CA1 (12-20)                                        Page 1 of 2

1 Horace Mann Plaza, Springfield, IL 62715 - 800-999-1030    **31**    **horacemann.com**

30

| | |
|---|---|
| Fraud Division and Organized Automobile Fraud Activity Interdiction Program Fee | $ 0.25 |
| **Total amount** | **$ 1,566.48** |

 This is not an invoice. An invoice or billing notification will be sent separately in the coming weeks.

**Forms and endorsements applicable to this policy**
CCN00CA1 12 20    PERSONAL AUTO POLICY CALIFORNIA

**Lienholder/Loss Payee/Lessor**
None

Please read your policy carefully. This insurance policy is a legal contract between you and the company. For service call your agent, visit **horacemann.com** or call 800-999-1030. To report a claim call 800-999-1030 or visit **horacemann.com.**

---

CL-V52CA1 (12-20)                                                                                          Page 2 of 2

1 Horace Mann Plaza, Springfield, IL 62715 - 800-999-1030                **horacemann.com**

0000A005007

## Horace Mann's Privacy Pledge

### CA-G50041

When you became a Horace Mann customer, you trusted us with your personal information. We want you to understand how we gather information, how we protect it and to whom we may disclose it. As part of the insurance application, underwriting, claims, administration and servicing process, we collect personal information from the following sources:

- Your application for insurance or other forms (such as name, address, telephone number(s), email address, social security number, household information, vehicle and driver information, date of birth, and insurance coverage information);

- Your transactions with us or our affiliates and third party vendors (such as insurance or annuity products purchased, account balances and payment history, previous claims or accidents and medical information related to claims); and

- A consumer reporting agency (such as a credit-based insurance score, if applicable), state motor vehicle departments and inspection services.

We use this information to issue and service your policy and to offer you other insurance or financial products. We may use any of the information we collect within The Horace Mann Companies as allowed by law. We may also provide any of this information as otherwise required or permitted by law, including sharing it with companies that perform marketing or other services on our behalf or companies with whom we have joint marketing arrangement. We require these other companies to keep your personal information confidential and to use that information only for the purpose of the marketing or service arrangement. You may access and correct recorded personal information as provided by state law.

We restrict access to nonpublic personal information to those employees who need that information to provide products or services to you. We have physical, electronic and procedural safeguards in place to guard your personal information. We will provide an annual notice of our privacy policy for as long as you have a client relationship with us. This policy may change from time to time, but you can review our current policy by visiting our website, horacemann.com, or by contacting us. If you have any questions or concerns regarding our privacy policy, contact us by email at ConsumerAffairs@horacemann.com or write to us at: Horace Mann Insurance Companies, The Office of Consumer Affairs, P.O. Box 3603, 1 Horace Mann Plaza, Springfield, IL 62715-0001. For information on our electronic media privacy policy, please visit horacemann.com/privacy.

The Horace Mann Companies include: Horace Mann Insurance Company; Horace Mann Property & Casualty Insurance Company; Horace Mann Life Insurance Company; Horace Mann Investors, Inc.; Horace Mann Lloyds; Horace Mann Service Corporation; Horace Mann General Agency, Inc.; Teachers Insurance Company; Educators Life Insurance Company of America and ABM Service Corporation.

**Important information**
**CA-V50CA2**

California law requires that you be informed of limits of future coverage with respect to your auto liability insurance policy.  This means the specified reasons we may cancel or refuse to renew your auto liability insurance or increase the premium for the same coverage.  The following is a list of reasons, cited in the law; that may be grounds for canceling or non-renewing your policy (refer to the cancellation and non-renewal provisions in your policy):

1.  Nonpayment of premium;
2.  Substantial change in the risk
3.  Misrepresentation or fraud by the insured.

The law provides that premium may be  increased for certain reasons which shall include, but not be limited to, the following:

1.  Accident involvement by the insured and whether the insured is at fault;
2.  Change in garaging location or use of the insured vehicle, or addition of a vehicle;
3.  Convictions for violating any provision of the vehicle code or the penal code relating to the operation of a motor vehicle
4.  Payment made by us due to a claim filed by an insured or a third party.

Nonrenewal or premium increases may result from unspecified reasons that are both lawful and unfairly discriminatory. California law provides that you have the right to be informed, upon your request, of any increase in your premium, as well as if the increase in premium is in whole or in part charged you because of involvement in any accident or conviction by you or any operator of your motor vehicle.  If you want more information, contact your agent or Horace Mann at 1 Horace Mann Plaza, Springfield, IL 62715-0001.

34

33

**Information Regarding Fees Required by the California Code of Regulations**
CA-V50CA4

The California Code of Regulations imposes the following special purpose fees that are shown on your Declarations:

1) The Investigation and Prosecution of Fraudulent Automobile Insurance Claims Fee authorized by CIC Section 1872.8 funds the investigation and prosecution of automobile insurance fraud, including allocating funds to:
   - The Fraud Division of the California Department of Insurance for enhanced investigative efforts,
   - The Department of the California Highway Patrol's for enhanced prevention and investigative efforts to deter economic automobile theft, and
   - District attorneys for purposes of investigation and prosecution of automobile insurance fraud cases, including fraud involving economic automobile theft.

2) The Fraud Division and Organized Automobile Fraud Activity Program Fee authorized by CIC Section 1874.8 funds the Organized Automobile Fraud Interdiction Program.  Under this section, the commissioner funds between three and ten grants at any one time for a coordinated program targeted at the successful prosecution and elimination of organized automobile fraud activity.

3) The Consumer Services Fee authorized by CIC Section 1872.81 funds the consumer services functions of the California Department of Insurance related to:
   - Regulating automobile insurers including those functions performed by the rating and underwriting service bureau, the claims service bureau, the investigations bureau as well as publicizing the low-cost automobile insurance program, and
   - Improving the ability of the California Department of Insurance to respond to consumer complaints and information requests through the departments toll-free telephone number, and
   - Improving the ability of the department to offer information about automobile insurance rates to the public.

35

34

**Notice of automobile insurance rating plan**
CA-V50CA7

California law requires that you be provided with this notice explaining how the insurance policy's rating plan provides for premium increases due to traffic convictions and at-fault auto accidents. This notice also explains the attributes of the vehicle(s) and the driver(s) used in rating the policy

**Violation points for traffic convictions**
Conviction of any of the California Department of Motor Vehicles public record of traffic violations within three years preceding the effective date or renewal date of the policy may result in violation point(s), and convictions by out-of-state jurisdictions result in violation points, too. Violation points result in policy surcharges.

Violation points for dismissed traffic convictions may be discontinued if you submit evidence of such dismissal. Also, violation points should be removed if the driver was acting in an official capacity in an authorized vehicle at the time of the violation, such as a; peace officer, member of the California Highway Patrol, firefighter, federal officer, or federal customs agent.

**Accident points for at-fault accidents**
Traffic accidents for which the driver is at least 51% the proximate cause of the accident result in Accident Points. As with violation points, accident points also result in policy surcharges. However, a policy surcharge is only applied if the at-fault accident resulted in total loss of $1,000 or more under Liability and/or Collision coverages. Accident points for at-fault accidents resulting while the driver was responding to a call of duty as a member of a fire department, police department, first aid squad, law enforcement agency, or while performing any other governmental in a public emergency may be discontinued if you submit evidence of driving under such an official capacity. Also, accident points may be removed if it is determined the accident was principally caused by a hazardous condition which a driver exercising reasonable care would not have noticed (such as black ice).

**Surcharges on your policy**
The named insured has the right to be informed, upon request, of any increase in the premium, in whole or in part, charged by virtue of the involvement in any accident, or conviction within the meaning of Section 13103 and 13105 of the Vehicle Code, by the insured or any operator of the motor vehicle. If you have additional questions, please contact your Horace Mann representative or our Customer Care Center at 1-800-999-1030.

**Driver and vehicle information**
The following information is provided for each insured vehicle as required by CA S § 381.1; it may contain additional provisions that are not in conflict with, or derogation of, the provisions of that section.

**2017 Porsche MACAN S AWD ▮▮▮▮▮▮▮B18187**

| | |
|---|---|
| Estimated Annual Mileage: | 6000 |
| ZIP Code Where Garaged: | 92103 |
| Vehicle-Related Discount(s): | None |
| | |
| Rated Driver: | STEPHEN CHAPMAN |
| Driver's Years of Driving Experience: | 22 |
| Driver's Driving Record Surcharge Points: | 0 |

      Details of the incidents for which points are applied will be provided upon request.

| | |
|---|---|
| Driver-Related Discount(s): | None |

Page 1 of 1

35

**Third Party Notification For Insurance Termination Notices**
CA-V50CA10

Please read the following important information.

California law permits you to designate a third party to whom we will send a copy of any cancellation or nonrenewal notice issued to you for your insurance policy. To add, change or delete a designee to receive such notices, complete the lower portion of this form and return it to:

  Horace Mann Companies; 1 Horace Mann Plaza; Springfield, IL 62715-0001

Insured's name STEPHEN CHAPMAN                                   Policy Number ███████0102

Address 111 W PENNSYLVANIA AVE APT 3B

City SAN DIEGO                    State CA          Zip 92103

☐ I designate the following person to receive a copy of any termination notices for the policy number shown above.

☐ Please change the person designated to receive a copy of any termination notice for the policy number shown above.

☐ I no longer want termination notices for the policy number shown above to be sent to a third party.

Third party's name _____

Address _____

City _____ State _____ Zip _____

Signature of Insured _____ Date _____

36

# EXHIBIT 3

**CONFIRMS DEFENDANT SSUES POLICIES UNDER
THE DEFUNCT LLC EDUCATORS INSURANCE
SALES LLC**

**OWNED AND OPERATED UNLAWFULLY BY RAYMOND
PRUITT**

**CONFIRMS AGENT AND POLICY HOLDER
RELTIONSHIP IS BASED ON GEOGRAPHY -
THEREFORE NO DIVERSITY EXISTS AS A
FACTOR OF THE DEFENDANT'S BUSINESS MODEL
.**

37



California
*Secretary of State*

**Business**   UCC

Login

Home

Search

Forms

Help

# Business Search

*The California Business Search provides access to available information for* **corporations**, **limited liability companies** *and* **limited partnerships** *of record with the California Secretary of State, with* **free PDF copies** *of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are* **not contained** *in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

### Basic Search

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable,* **remove "C"** *from the entity number. Note,* **a basic search** *will search* **only ACTIVE entities** *(Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The Advanced search allows for a ? starts with? filter. To search entities that have a status other than active or to refine search criteria, use the* **Advanced** *search feature.*

### Advanced Search

*An Advanced search is required when searching for publicly traded disclosure information or a status other than*

Skip to main content   State

## EDUCATORS INSURANCE SALES,LLC (200926510090)



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 09/21/2009 |
| *Status* | **Suspended - FTB** |
| *Standing - SOS* | Good |
| *Standing - FTB* | Not Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Inactive Date* | 11/03/2014 |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Limited Liability Company - CA |
| *Principal Address* | 678 S INDIAN HILL BLVD #206E CLAREMONT, CA 91711 |
| *Mailing Address* | N/A |
| ⓘ *Statement of Info Due Date* | 09/30/2011 |
| *Agent* | 1505 Corporation LEGALZOOM.COM, INC. |
| *CA Registered Corporate (1505) Agent Authorized Employee(s)* | JOYCE YI 500 N BRAND BLVD, GLENDALE, CA<br><br>SANDRA MENJIVAR 500 N BRAND BLVD, GLENDALE, CA<br><br>Jesse Camarena 500 N BRAND BLVD, GLENDALE, CA<br><br>Arielle Devay 500 N BRAND BLVD, GLENDALE, CA |



**View History**



**Request Access**

38

49

61

| Business | UCC |
|----------|-----|

Home

Search

Forms

Help

*...way ....y g....r .....s (e.g., .... Corporations) as well as searching by ? begins with? specific search criteria.*

**Disclaimer:** *Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.*

*Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.*



Educators Insuran   🔍

Advanced ⌄

Results: 1

| Entity Information ⇕ | Initial Filing Date ⇕ | Status |
|---|---|---|
| EDUCATORS INSURANCE SALES,LLC (200926510090) › | 09/21/2009 | Suspen - FTB |

## EDUCATORS INSURANCE SALES, LLC (200926510090)



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 09/21/2009 |
| *Status* | Suspended - FTB |
| *Standing - SOS* | Good |
| *Standing - FTB* | Not Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Inactive Date* | 11/03/2014 |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Limited Liability Company - CA |
| *Principal Address* | 678 S INDIAN HILL BLVD #206E CLAREMONT, CA 91711 |
| *Mailing Address* | N/A |
| ⓘ *Statement of Info Due Date* | **09/30/2011** |
| *Agent* | 1505 Corporation LEGALZOOM.COM, INC. |
| *CA Registered Corporate (1505) Agent Authorized Employee(s)* | JOYCE YI 500 N BRAND BLVD, GLENDALE, CA |
| | SANDRA MENJIVAR 500 N BRAND BLVD, GLENDALE, CA |
| | Jesse Camarena 500 N BRAND BLVD, GLENDALE, CA |
| | Arielle Devay 500 N BRAND BLVD, GLENDALE, CA |



View History          Request Access

© 2025 CA Secretary of State



## California
*Secretary of State*

| Business | UCC |

Login

Home

Search

Forms

Help

# Business Search

*The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

### Basic Search

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The Advanced search allows for a ?starts with? filter. To search entities that have a status other than active or to refine search criteria, use the **Advanced** search feature.*

### Advanced Search

Skip to main content   State

## HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY (488150)



Request
Certificate

| | |
|---|---|
| Initial Filing Date | 03/25/1965 |
| Status | **Terminated** |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Inactive Date | 02/29/2012 |
| Formed In | CALIFORNIA |
| Entity Type | Stock Corporation - CA - General |
| Principal Address | 1 HORACE MANN PL SPRINGFIELD, IL 62715-0001 |
| Mailing Address | 1 HORACE MANN PL SPRINGFIELD, IL 62715-0001 |
| Agent | 1505 Corporation CSC - LAWYERS INCORPORATING SERVICE |
| CA Registered Corporate (1505) Agent Authorized Employee(s) | BECKY DEGEORGE 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | KOY SAECHAO 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | NICOLE STAUSS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | REBECCA VANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | ALEX JENKINS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | WENDY HARRIS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | MELISSA DEKOVEN 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | KACI RANSOM 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | ANNETTE KUHLMAN 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |

Add photos

Suggest an edit · Your business? Claim now

 Horace Mann
https://www.horacemann.com › locator

**Agent and Representative Locator - Horace Mann Educators …**

Find your Horace Mann agent and/or representative.

**Auto Insurance**

Horace Mann Insurance Company and its affiliates underwrite Horace Mann auto insurance. Not all discounts and benefits available in all states…

See results only from horacemann.com

 Horace Mann
https://apps.horacemann.com › agent-locator

**Agent Locator - Horace Mann Educators Corporation**

Find an Agent. Select search method. In my school or district. My location. Agent Name …

 Horace Mann
https://www.horacemann.com

**Horace Mann - Insurance and financial solutions for …**

Auto, home, renters, supplemental, and life Insurance as well as retirement annuities for the community of educators, public service and municipal employees.

Horace Mann
https://www.horacemann.com › about-us

Case 2:24-cv-10546-MWF-BFM    Document 38-1    Filed 04/04/25    Page 60 of 219    Page
ID #:956
Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 42 of 100    Page
ID #:609



# Educators could save $624 a year on car insurance*

Horace Mann auto coverage gives you extra protection, unique benefits and special discounts just for being an educator.

## Start a quote today!

ZIP Code

Get a Quote

Find an Agent
Call 844-865-7734



# The auto insurance Educator Advantage®

Educators with a Horace Mann auto policy receive our Educator Advantage® package of extra coverages and benefits at no additional cost. It's just one way we thank you for the hard work you do every day.

Learn more



# Horace Mann

Insurance    Retirement    Investing    Programs    Employee Solutions    About Us    Get a Quote

Find an Agent    Payments    Claims    Login

## Find an Agent
Select search method

In my school or district

My location

Agent Name

📞 800-999-1030

### About Us
About Us
Careers
Investors
News
Contact
Corporate Social Responsibility

### Customers
My Account Login
Claims
Pay Online
Mobile App
School Admin
Frequently Asked Questions

### Savings & Retirement
Retirement
529 College Savings Plans
Student Loan Solutions
DonorsChoose
Workshops

### Insurance
Auto Insurance
Homeowners Insurance
Life Insurance
Renters Insurance
Liability Insurance

© 2025 Horace Mann Educators Corporation

CA Notice at Collection    Underwriting Companies    Legal Disclaimers    Privacy Policy

Your Privacy Choices

Case 2:24-cv-10546-MWF-BFM    Document 38-1    Filed 04/04/25    Page 62 of 219    Page
ID #:958
Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 44 of 100    Page
ID #:611







# Find an Agent

Search by Home Location

Los Angeles California

**SEARCH**

**START NEW SEARCH**

Searching...



Case 2:24-cv-10546-MWF-BFM    Document 38-1    Filed 04/04/25    Page 66 of 219    Page
ID #:962
Case 2:24-cv-10546-MWF-BFM    Document 37    Filed 03/31/25    Page 48 of 100    Page
ID #:615



Horace Mann

Claims Payments Login

**Educators Insurance Sales LLC**

Raymond Pruitt

**Call or Email us today**

(909) 625-5500

0 Email 0 Request a Quote 0 Schedule Appointment

Main Office

Educators Insurance Sales LLC

114 N INDIAN HILL #D
CLAREMONT, CA 91711

Map

  

This agent is not registered to solicit, sell, or service securities.

Mission



I am proud to be associated with a company *Founded by Educators for Educators®.* My agency shares Horace Mann's commitment to providing quality service and lifelong financial well-being to educators and their families through a full range of tailored insurance and financial services products.

I will be happy to meet with you at your convenience in your home, at school or in my office.



**Helping educators is our passion**

As representatives of Horace Mann, the nation's largest multiline insurance company focusing on the insurance and financial needs of educators, our hearts are in serving the educational community. We provide auto, home and life insurance, as well as retirement annuities.

Our products and services are designed specifically to provide educators peace of mind - both in and out of the classroom. We also proudly support the work educators do in the classroom every day with a variety of resources and support programs.

Auto    Property Life Supplemental Financial Services Student Loan Solutions

Our company's founders believed teachers deserve affordable auto rates. And, our research shows educators tend to be better drivers. That's why educators who qualify get

| | LLC-1 | File # 2 0 0 9 2 6 5 1 0 0 9 0 |
|---|---|---|



## State of California
### Secretary of State

**FILED**
In the Office of the Secretary of State
of the State of California

**SEP 21 2009**

## LIMITED LIABILITY COMPANY
## ARTICLES OF ORGANIZATION

**A $70.00 filing fee must accompany this form.**

**IMPORTANT – Read instructions before completing this form.**

This Space For Filing Use Only

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

EDUCATORS INSURANCE SALES,LLC

**PURPOSE** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Legalzoom.com, Inc.

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA     CITY     STATE     ZIP CODE

CA

**MANAGEMENT** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY

☐ ONE MANAGER

☐ MORE THAN ONE MANAGER

☑ ALL LIMITED LIABILITY COMPANY MEMBER(S)

**ADDITIONAL INFORMATION**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**EXECUTION**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

9/18/2009
DATE

SIGNATURE OF ORGANIZER

Karla Figueroa
TYPE OR PRINT NAME OF ORGANIZER

LLC-1 (REV 04/2007)     APPROVED BY SECRETARY OF STATE

49

**60**



## State of California
### Secretary of State

**STATEMENT OF INFORMATION**
(Limited Liability Company)

**L**

**93**

Filing Fee $20.00.  If amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**FILED**
In the office of the Secretary of State of the State of California

**OCT 0 2 2009**

1. LIMITED LIABILITY COMPANY NAME (Please do not alter if name is preprinted )

EDUCATORS INSURANCE SALES,LLC

EC  This Space For Filing Use Only

**DUE DATE:**

**FILE NUMBER AND STATE OR PLACE OF ORGANIZATION**

| 2. SECRETARY OF STATE FILE NUMBER | 3. STATE OR PLACE OF ORGANIZATION |
|---|---|
| 200926510090 | California |

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | | ZIP CODE |
|---|---|---|---|
| 678 S. Indian Hill Blvd. #206e | Claremont | CA | 91711 |

| 5. CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY) | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 678 S. Indian Hill Blvd. #206e | Claremont | CA | 91711 |

**NAME AND COMPLETE ADDRESS OF THE CHIEF EXECUTIVE OFFICER, IF ANY**

| 6. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER** (Attach additional pages, if necessary.)

| 7. NAME | ADDRESS | CITY AND STATE | | ZIP CODE |
|---|---|---|---|---|
| Raymond Pruitt | 678 S. Indian Hill Blvd. #206e | Claremont | CA | 91711 |

| 8. NAME | ADDRESS | CITY AND STATE | | ZIP CODE |
|---|---|---|---|---|
| Shaleen Pruitt | 678 S. Indian Hill Blvd. #206e | Claremont | CA | 91711 |

| 9. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California address  If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 11 must be left blank.)

| 10. NAME OF AGENT FOR SERVICE OF PROCESS | |
|---|---|
| Legalzoom.com, Inc. | C2967349 |

| 11. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA. IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

**TYPE OF BUSINESS**

12. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY

Insurance

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| Lori Castille | | Authorized Rep. | 09/29/09 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

LLC-12 (REV 05/2005)

APPROVED BY SECRETARY OF STATE

# EXHIBIT 4:

**EMAILS FROM DEFENDANTS CONFIRMING TIMELINE AND THE DISTORTION THEREOF;**

**CONFRIMS NOR WAS NOT SERVED NOR FILED AT FEDERAL COURT**

**PROVES THE DEFENDANT DID NOT FILE WITHIN THE 30-DAY DEADLINE - AND THAT THE NOR WAS FRAUDULENT**

51

se 2:24-cv-10546-MWF-BFM     Document 37     Filed 03/31/25     Page 52 of 100     Pa
ID #:619



52

2/24/25, 6:36 PM                Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 - Stephen Chapman - Outl...

 Outlook

**Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684**

From Marc J. Shrake <MShrake@fmglaw.com>
Date Fri 12/6/2024 5:36 PM
To   Connie Spears <connie.spears@fmglaw.com>
Cc   stefinchapman@outlook.com <stefinchapman@outlook.com>; Kristin A. Ingulsrud
     <kristin.ingulsrud@fmglaw.com>

Please send me file marked copies of everything. I did not receive any notice from the court. Please
make sure that I am listed as a lawyer on the case with my email address so that I get everything that's
filed. Thank you.

Marc

Marc J Shrake
310-892-3759

Mobile phone communication.  Please excuse brevity and typos.

On Dec 6, 2024, at 18:23, Connie Spears <connie.spears@fmglaw.com> wrote:

**Mr. Stephen Chapman,** attached for electronic email service, please find the following
documents:

    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    CIVIL COVER SHEET
    CERTIFICATE AND NOTICE OF INTERESTED PARTIES
    DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
    UNDER 28 U.S.C. § 1441
    DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
    UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

Thank you
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook

about:blank?windowId=SecondaryReadingPane4                                                                1/2

**2**

53

**64**

3/31/25, 12:29 AM          Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 - Stephen Chapman - Outlook

 Outlook

## Chapman v. Horace Mann – Notice of Removal plus supporting docs | Central District Court | 117684

**From** Connie Spears <connie.spears@fmglaw.com>
**Date** Fri 12/6/2024 4:24 PM
**To** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Cc** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>; Marc J. Shrake <MShrake@fmglaw.com>

📎 5 attachments (2 MB)
2024-12-06 Civil Cover Sheet.pdf; 2024-12-06 Notice of Removal.pdf; 2024-12-06 Notice of Interested.pdf; 2024-12-06 Declaration of Ingulsrud.pdf; 2024-12-06 SIGNED Dec of Rubin.pdf;

**Mr. Stephen Chapman,** attached for electronic email service, please find the following documents:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
CIVIL COVER SHEET
CERTIFICATE AND NOTICE OF INTERESTED PARTIES
DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441
DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

Thank you
**Connie Spears**

Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

about:blank?windowId=SecondaryReadingPane9                                                                          1/1

**3**

54

2/24/25, 6:36 PM          Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 - Stephen Chapman - Outl...

<image002.png>

AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

<2024-12-06 Civil Cover Sheet.pdf>
<2024-12-06 Notice of Removal.pdf>
<2024-12-06 Notice of Interested.pdf>
<2024-12-06 Declaration of Ingulsrud.pdf>
<2024-12-06 SIGNED Dec of Rubin.pdf>

about:blank?windowId=SecondaryReadingPane4                                                          2/2

**4**

55



5

56



1   FREEMAN MATHIS & GARY, LLP
2   Marc J. Shrake, SBN 219331
    mshrake@fmglaw.com
3   Kristin A. Ingulsrud, SBN 294532
4   kristin.ingulsrud@fmglaw.com
    550 South Hope Street, Suite 2200
5   Los Angeles, CA 90071
6   T.: 213.615.7000 | F: 833.264.2083

7   Attorneys for Defendant Horace Mann Property
8   and Casualty Insurance Company

9           **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN CHAPMAN, | Case No. |
| | District Judge: |
| Plaintiff, | **DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; EXHIBIT 1** |
| v. | |
| HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, | *[Filed concurrently with Declaration of Kristin Ingulsrud; Notice of Removal; Civil Cover Sheet; Notice of Interested Parties]* |
| Defendant. | |
| | State Complaint Filed: October 24, 2024 |
| | Removal Filed:      December 6, 2024 |

21      I, Matthew Rubin, hereby declare as follows:

22      I am Vice President Property and Casualty Underwriting and Operations and, in
23 this position, I have knowledge of, among other things, policy issuances, renewals,
24 and cancellations on behalf of Horace Mann Property and Casualty Insurance
25 Company ("Horace Mann"). I have personal knowledge of the matters stated herein
26 based upon my review of business records. If called upon to testify, I would and could
27 competently do so.

28      2.     Attached as Exhibit 1 is a true and correct copy (but with redactions to

Freeman Mathis
& Gary, LLP
Attorneys at Law

———————————————————————————
DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL

01

**6**

57



1  protect personal information) of the Renewal California Personal Auto Declarations

2  sent to Stephen Chapman for Policy No. 65000544570102 for the policy period

3  7/10/2022 to 1/10/2023, subject to payment of the required premium.

4      I declare under penalty of perjury and under the laws of the United States and

5  the State of California that the foregoing is true and correct to the best of my

6  knowledge and belief.

7      Executed this ___6___ day of December, 2024 at Springfield, Illinois.

Matthew Rubin

DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL

02

# EXHIBIT 1

59

**70**



**Renewal California Personal Auto Declarations**
**Horace Mann Property and Casualty Insurance Company**

**Named insured(s):**
STEPHEN CHAPMAN
REDACTED

**Policy #:** REDACTED
**Effective date:** 07/10/2022
(05:01 a.m. local time)
**Expiration date:** 01/10/2023
(12:01 a.m. local time)
**Agent:** REDACTED REDACTED

00000404007

**Insured by:**
Horace Mann Property and Casualty Insurance Company
P.O. Box 19463
Springfield, IL 62794-9463

**Driver(s)**
STEPHEN CHAPMAN

| Policy level coverages | Limits and deductibles | Premiums |
|---|---|---|
| Bodily Injury Liability | $100,000/$300,000 (Per person/Per accident) | REDACTED |
| Property Damage Liability | $100,000 (Per accident) | REDACTED |
| Medical Payments | $5,000 (Per insured) | REDACTED |
| Accidental Death, Dismemberment and Loss of Sight | Declined | REDACTED |
| Uninsured/Underinsured Motor Vehicle Bodily Injury | $100,000/$300,000 (Per person/Per accident) | REDACTED |
| | Premium for policy level coverages | REDACTED |

**Vehicle level coverages**
2017 Porsche MACAN S AWD,
Garaging ZIP: REDACTED

| | | |
|---|---|---|
| Uninsured Motor Vehicle Property Damage | Rejected | |
| Other Than Collision | $500 deductible | REDACTED |
| Collision | $500 deductible | REDACTED |
| Emergency Road Service | Declined | REDACTED |
| Rental Reimbursement | $70 per day/maximum 30 days | REDACTED |
| Additional or Custom Equipment | Declined | REDACTED |
| Better Car Replacement | Declined | REDACTED |
| | Premium for vehicle level coverages | REDACTED |

**Discounts and surcharges**

**Premium summary**
| | |
|---|---|
| Total vehicle premium | REDACTED |
| Investigation and Prosecution of Fraudulent Automobile Insurance Claims Fee | REDACTED |
| Consumer Services Fee | REDACTED |

1 Horace Mann Plaza, Springfield, IL 62715 - 800-999-1030                    **horacemann.com**

Fraud Division and Organized Automobile Fraud Activity
Interdiction Program Fee

**Total amount**



 This is not an invoice. An invoice or billing notification will be sent separately in the coming weeks.

**Forms and endorsements applicable to this policy**
CCN00CA1 12 20    PERSONAL AUTO POLICY CALIFORNIA

**Lienholder/Loss Payee/Lessor**
None

Please read your policy carefully. This insurance policy is a legal contract between you and the company. For service call your agent, visit
**horacemann.com** or call 800-999-1030. To report a claim call 800-999-1030 or visit **horacemann.com.**



**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2024, I served the foregoing

document described as **DECLARATION OF MATTHEW RUBIN IN SUPPORT**

**OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441;**

**EXHIBIT 1** via email and U.S. Mail, on the interested parties in this action as

follows:

| | |
|---|---|
| **STEPHEN CHAPMAN, IN PRO PER**<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543<br>**stefinchapman@outlook.com** | |

    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct and that I am employed in the office of a member

of the bar of this Court under whose direction the service was made.

    Executed on December 6, 2024, at Houston, TX.


                /s/ Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

62

**FREEMAN MATHIS & GARY, LLP**
Marc Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kristin.ingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
T.: 213.615.7000 | F: 833.264.2083

Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT</td></tr>
<tr><td colspan="2" align="center">CENTRAL DISTRICT OF CALIFORNIA</td></tr>
<tr><td>

STEPHEN CHAPMAN,

             Plaintiff,

    v.

HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY,

             Defendant.

</td><td>

Case No.
District Judge:

**DECLARATION OF KRISTIN A. INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; EXHIBITS A-C**

*[Filed concurrently with Notice of Removal; Declaration of Matthew Rubin; Civil Cover Sheet; Notice of Interested Parties]*

State Complaint Filed: October 24, 2024
Removal Filed:    December 6, 2024

</td></tr>
</table>

I, Kristin A. Ingulsrud, Esq., hereby declare as follows:

I am an attorney admitted to practice in all of the courts in the State of California. I am an attorney with the law firm Freeman Mathis & Gary, LLP, counsel of record for Defendant Horace Mann Property and Casualty Insurance Company ("Horace Mann") in this litigation. Unless otherwise noted, the following is based on my personal knowledge. If called as a witness, I could and would competently testify to the facts contained herein. I submit this declaration in support of Horace Mann's Notice of Removal of Action.

Freeman Mathis
& Gary, LLP
Attorneys at Law

DECLARATION OF KRISTIN A. INGULSRUD

1       2.    Horace Mann was served in this action on November 8, 2024. A true and

2  correct copy of Plaintiff's Complaint in this action, filed on October 24, 2024, is

3  attached hereto as **Exhibit A**.  Also included in **Exhibit A** is a true and correct copy

4  of Plaintiff's First Amended Complaint, filed on November 14, 2024.

5       3.    To the best of my knowledge, the Complaint and First Amended

6  Complaint contained in **Exhibit A**, and the other related documents, constitute all

7  process, pleadings, orders, and other documents received by Horace Mann to date in

8  this action.

9       4.    The Answer filed by Horace Mann in the Los Angeles County Superior

10  Court and served on all parties is attached hereto as **Exhibit B**.

11       5.    Horace Mann is a corporation organized and existing under the laws of

12  the state of Illinois, with its principal place of business in Springfield, Illinois.  Horace

13  Mann is, and was as of October 2024, a resident and citizen of the state of Illinois and

14  of the United States.  A true and correct copy of the Illinois Department of Insurance's

15  business page for Horace Mann is attached hereto as **Exhibit C**.

16       I declare under penalty of perjury and under the laws of the United States and

17  California that the foregoing is true and correct to the best of my knowledge and belief.

18       Executed this 6th day of December, 2024 at Los Angeles, California.

19

20

21                */s/ Kristin A. Ingulsrud*

22                Kristin A. Ingulsrud

23

24

25

26

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

DECLARATION OF KRISTIN A. INGULSRUD

64

# EXHIBIT A

65

Electronically Received 11/14/2024 10:22 AM

1   STEPHEN CHAPMAN

2   7917 SELMA AVE 336

3   LOS ANGELES, CA, 90046

4   (619)550-7543

5   Stefinchapman@outlook.com

6   STEPHEN CHAPMAN , IN PRO PER

7

8

**FILED**
Superior Court of California
County of Los Angeles
11/14/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ N. Osollo _____ Deputy

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF LOS ANGELES**

11

12   STEPHEN CHAPMAN,                    ) Case Number: 24STCV27909
                                         )
13   Plaintiff,                          )
                                         )
14   **v.**                              ) **FIRST AMENDED COMPLAINT**
                                         ) **FOR BREACH OF CONTRACT,**
15   HORACE MANN PROPERTY &              ) **BAD FAITH DENIAL OF**
                                         ) **INSURANCE BENEFITS, FRAUD,**
16   CASUALTY INSURANCE COMPANY,         ) **AND RELATED CAUSES OF**
                                         ) **ACTION**
17   Defendant.                          )
                                         )
18                                       )
                                         )            Dated 11.10.2024
19                                       )
                                         )            CIVIL UNLIMITED
20                                       )
                                         )
21                                       )
                                         )
22                                       )
                                         )            [STEPHEN CHAPMAN]
23

24   **FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH DENIAL OF**

25   **INSURANCE BENEFITS, FRAUD, AND RELATED CAUSES OF ACTION**

26

27   **COMES NOW,** Plaintiff Stephen Chapman and hereby files this First Amended Complaint against

28   Defendant Horace Mann Property & Casualty Insurance Company, and alleges as follows:

1

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 3

**INTRODUCTION**

29  Plaintiff Stephen Chapman brings this action against Defendant Horace Mann Property & Casualty

30  Insurance Company for breach of contract, bad faith denial of insurance benefits, fraud, and other causes

31  of action related to Defendant's improper handling of Plaintiff's insurance claim.

32  **PARTIES**

33  Plaintiff **Stephen Chapman** is an individual residing in Los Angeles County, California.

34  Defendant **Horace Mann Property & Casualty Insurance Company** is a corporation organized under

35  the laws of Illinois and authorized to conduct business in California, including the issuance of

36  automobile insurance policies.

37  **JURISDICTION AND VENUE**

38  This Court has jurisdiction over this action under **Article VI, Section 10 of the California**

39  **Constitution**, as the amount in controversy exceeds the minimum jurisdictional requirement of the

40  Superior Court. Venue is proper in this Court under **California Code of Civil Procedure § 395(a)**

41  because Defendant conducts substantial business in Los Angeles County, and Plaintiff's causes of action

42  arose in Los Angeles County.

43  **FACTUAL ALLEGATIONS**

44  On or about **January 6th, 2022**, Plaintiff purchased an auto insurance policy from Defendant

45  (**policy/account number 65000544570101**), covering his 2017 Porsche Macan S AWD, with a

46  premium of **$1,252.58** for a six-month term. Plaintiff made all required premium payments, including:

47  - **January 6, 2022**: $213.71 [Payment withheld & processed 01/27/2022 by the insurer]

48  - **March 16, 2022**: $269.66

49  - **April 18, 2022**: $269.65

50  - **May 17, 2022**: $269.67

51  - **June 16, 2022**: $531.50 (resulting in a credit balance of $307.31).

52  On or around January 24th, 2022 per the defendant, an internal system errors occurred at Horace Mann

53  which prompted a request for the plaintiff's signature on a new policy/account number

54  (**65000544570102**) with the same terms, conditions, and coverages as the initial policy; **back-dated to**

55  **January 10th 2022.** At this time, the defendant communicated that there would be no-cost for coverages

2

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 4

67

57  from January 10th 2022 to January 24th 2022. Subsequently, on January 27th 2022 the initial payment that

58  was paid by the plaintiff on January 6th was processed.

59  Policy (**65000544570102**) was renewed for a new term from **July 10, 2022, to January 10, 2023**, with a

60  renewal premium of $1,566.48. The Plaintiff's payment made on June 15, 2022 exceeded the premium

61  due on 07/15/2022, resulting in no past-due balance as purported by the defendant.

62  Despite Plaintiff's timely payments and credit balance, Defendant wrongfully canceled Plaintiff's policy

63  on **August 15, 2022**, citing non-payment. Defendant presented redacted transaction records as evidence

64  of declined payments, which Plaintiff later discovered were fraudulent, showing account numbers that

65  did not match Plaintiff's account. Defendant also failed to properly notify Plaintiff of the cancellation as

66  required by **California Insurance Code § 662**. A recorded phone call with a **Horace Mann** agent

67  revealed that procedural irregularities had occurred, with the agent admitting that another review was

68  required and suggesting that the initial cancellation was flawed. As a result of Defendant's wrongful

69  actions, Plaintiff suffered financial losses, including medical expenses, lost wages, and emotional

70  distress.

71                                              **CAUSES OF ACTION**

72                                  **FIRST CAUSE OF ACTION: Breach of Contract**

73  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Plaintiff entered into a

74  valid contract with Defendant under policy number 65000544570102, and Plaintiff fully performed by

75                                           making timely payments.

76                                     Defendant breached the contract by:

77  • Wrongfully canceling Plaintiff's policy despite timely payments;

78  • Failing to properly notify Plaintiff of the cancellation as required under **California Insurance**

79       **Code § 662**;

80  • Failing to honor Plaintiff's legitimate insurance claim following an accident in November 2022.

81       As a result of Defendant's breach, Plaintiff suffered damages including lost wages, medical

82                                     expenses, and policy benefits.

83                     **SECOND CAUSE OF ACTION: Bad Faith Denial of Insurance Benefits**

3

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 5

84  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant owed Plaintiff

85  a duty of good faith and fair dealing under the insurance contract. Defendant breached this duty by

86  wrongfully canceling Plaintiff's policy and denying his claim, acting in bad faith and violating

87  **California Insurance Code § 1861.03**. As a result of Defendant's bad faith conduct, Plaintiff suffered

88  financial losses, emotional distress, and lost benefits.

89  **THIRD CAUSE OF ACTION: Fraud and Intentional Misrepresentation**

90  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant knowingly

91  made false representations regarding Plaintiff's policy status, including falsified transaction records and

92  claims of declined payments. Defendant presented fraudulent records to Plaintiff and the California

93  Department of Insurance to justify the wrongful cancellation. Defendant's fraudulent conduct was

94  intended to deceive Plaintiff, causing Plaintiff financial harm and emotional distress.

95  **FOURTH CAUSE OF ACTION: Negligent Misrepresentation**

96  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant negligently

97  misrepresented the status of Plaintiff's payments, policy, and coverage through its agents. These

98  misrepresentations caused Plaintiff financial losses and emotional distress.

99  **FIFTH CAUSE OF ACTION: Breach of Fiduciary Duty**

100  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant owed Plaintiff

101  a fiduciary duty to act in good faith and exercise reasonable care in handling his policy and claims.

102  Defendant breached this duty by wrongfully canceling the policy, misrepresenting payment records, and

103  failing to properly investigate Plaintiff's claims. As a result, Plaintiff suffered financial harm and

104  emotional distress.

105  **SIXTH CAUSE OF ACTION: Malfeasance**

106  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

107  Defendant engaged in malfeasance, including submitting fraudulent documents and misrepresenting

108  payment status to justify wrongful cancellation. This conduct caused Plaintiff significant financial losses

109  and emotional distress.

110  **SEVENTH CAUSE OF ACTION: Oppressive Conduct**

4

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 6

111  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant's actions in

112  falsifying records, mishandling payments, and wrongfully canceling Plaintiff's policy constitute

113  oppressive misconduct. Defendant acted with malicious intent to deny Plaintiff his rightful benefits.

114  **EIGHTH CAUSE OF ACTION: Violation of California Insurance Code § 662**

115  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant violated

116  **California Insurance Code § 662** by failing to send proper notice of cancellation to Plaintiff's

117  correct address. This violation resulted in financial harm and emotional distress to Plaintiff.

118  **NINTH CAUSE OF ACTION: Violation of California Business & Professions Code § 17200**

119  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant engaged in

120  fraudulent and unfair business practices, violating **California Business & Professions Code § 17200**.

121  Plaintiff is entitled to damages for Defendant's unfair and deceptive conduct.

122  **TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress (IIED)**

123  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant's conduct,

124  including falsifying records and canceling the policy, was extreme and outrageous, causing Plaintiff

125  severe emotional distress.

126  **ELEVENTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress (NIED)**

127  Plaintiff incorporates all preceding paragraphs as though fully set forth herein. Defendant's negligent

128  handling of Plaintiff's payments and policy caused foreseeable emotional distress.

129  **PRAYER FOR RELIEF**

130  **WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

131  1.  For compensatory damages in an amount to be determined at trial;

132  2.  For punitive damages for Defendant's fraudulent, malicious, and oppressive conduct;

133  3.  For consequential damages for emotional distress;

134  4.  For attorney's fees and costs under **California Code of Civil Procedure § 1021.5**;

135  5.  For interest on damages as allowed by law;

136  6.  For any other relief the Court deems just and proper.

137  **EXHIBITS**

138  •  **Exhibit A**: Payment records (page intentionally left blank for later inclusion).

5

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 7

70



139    • **Exhibit B**: Fraudulent transaction records (page intentionally left blank for later inclusion).

140    • **Exhibit C**: Phone call transcriptions (page intentionally left blank for later inclusion).

141    • **Exhibit D**: Medical and therapy records (page intentionally

DATED: 11-10-2024

**Stephen Chapman**

**Plaintiff, In Pro Per**

6

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 8

71



1    STEPHEN CHAPMAN

2    7917 SELMA AVE 336
     LOS ANGELES, CA, 90046

3    (619)550-7543

4    n/a
     Stefinchapman@outlook.com

5    STEPHEN CHAPMAN, IN PRO PER

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2024 3:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11   STEPHEN CHAPMAN                    )  Case No.: 24STCV27909
                                        )
12   Plaintiff(s),                      )  **COMPLAINT FOR BREACH OF**
                                        )  **CONTRACT, BAD FAITH DENIAL OF**
13                                      )  **INSURANCE BENEFITS, FRAUD, AND**
                                        )  **RELATED CAUSES OF ACTION**
14                                      )
                                        )
15              vs.                     )
                                        )
16   HORACE MANN PROPERTY &             )
     CASUALTY INSURANCE COMPANY         )  DATE:10.23.2024
17                                      )  TIME: 1539
                                        )  DEPT: CIVIL UNLIMITED
18   Defendant(s).                      )
                                        )
19   _____)

20   This action arises from the wrongful cancellation of Plaintiff Stephen Chapman's auto insurance

21   policy by Horace Mann Property & Casualty Insurance Company ("Horace Mann"), despite

22   Plaintiff's timely payments and credit balance. Horace Mann engaged in systematic bad faith

23   insurance practices, including fraudulent misrepresentations, malfeasance, oppressive conduct, and

24   wrongful cancellation of Plaintiff's policy. Plaintiff seeks compensatory and punitive damages.

25   On October 21, 2024, Plaintiff initially filed this Complaint with the Court. However, it was

26   rejected due to formatting issues and non-compliance with CRC Rule 2.100-2.141. This current

27   version of the Complaint has been refiled to address the procedural issues while maintaining the

28   same claims and causes of action.

                              Page 1

              Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action
                                                                              Exh. A - 9

72

**PARTIES**

30    Plaintiff, **Stephen Chapman** is an individual residing in Los Angeles County, California.

31    Defendant, **Horace Mann Property & Casualty Insurance Company** is a corporation

32    organized under the laws of Illinois and authorized to conduct business in California, including

33    the issuance of automobile insurance policies.

**JURISDICTION AND VENUE**

35    This Court has jurisdiction over this action under Article VI, Section 10 of the California

36    Constitution, as the amount in controversy exceeds the minimum jurisdictional requirement of

37    the Superior Court.

38    Venue is proper in this Court under California Code of Civil Procedure § 395(a) because

39    Defendant conducts substantial business in Los Angeles County, and Plaintiff's causes of action

40    arose in Los Angeles County.

**FACTUAL ALLEGATIONS**

42    On or about January 10, 2022, Plaintiff purchased an auto insurance policy from Defendant

43    (policy/account number 65000544570102), covering his 2017 Porsche Macan S AWD, with a

44    premium of $1,252.58 for a six-month term $1,246.88 after AAA discount.

45    Plaintiff made all required premium payments, including:

46    • January 6, 2022: $213.71 [Payment withheld & processed on 01/27/2022 by the insurer]

47    • March 16, 2022: $269.66

48    • April 18, 2022: $269.65

49    • May 17, 2022: $269.67

50    • June 16, 2022: $531.50 (resulting in a credit balance of $325.30).

Page 2

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

51    The policy was renewed for a new term from July 10, 2022, to January 10, 2023, with a renewal

52    premium of approximately $270.00 -which the Plaintiff's credit balanced covered, thus leaving

53    no late or past-due balance.

54    Despite Plaintiff's timely payments and credit balance, Defendant wrongfully canceled

55    Plaintiff's policy on August 15, 2022, citing non-payment.

56    Defendant presented redacted transaction records as evidence of declined payments, which

57    Plaintiff later discovered were fraudulent, showing account numbers that did not match

58    Plaintiff's account. Defendant also failed to properly notify Plaintiff of the cancellation as

59    required by California Insurance Code § 662.

60    A recorded phone call with a Horace Mann agent revealed that procedural irregularities had

61    occurred, with the agent admitting that another review was required and suggesting that the

62    initial cancellation was flawed.

63    As a result of Defendant's wrongful actions, Plaintiff suffered financial losses, including

64    medical expenses, lost wages, and emotional distress.

65    **FIRST CAUSE OF ACTION: Breach of Contract**

66    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

67    Plaintiff entered into a valid contract with Defendant under policy number 65000544570102.

68    Plaintiff fully performed by making timely payments.

69    Defendant breached the contract by:

70    • Wrongfully canceling Plaintiff's policy despite timely payments;

71    • Failing to properly notify Plaintiff of the cancellation as required under California

72    Insurance Code § 662;

Page 3

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action** Exh. A - 11

74

73      • Failing to honor Plaintiff's legitimate insurance claim following an accident in November

74      2022.

75   As a result of Defendant's breach, Plaintiff suffered damages including lost wages, medical

76   expenses, and policy benefits.

77          **SECOND CAUSE OF ACTION: Bad Faith Denial of Insurance Benefits**

78   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79   Defendant owed Plaintiff a duty of good faith and fair dealing under the insurance contract.

80   Defendant breached this duty by wrongfully canceling Plaintiff's policy and denying his claim,

81   acting in bad faith and violating California Insurance Code § 1861.03.

82   As a result of Defendant's bad faith conduct, Plaintiff suffered financial losses, emotional

83   distress, and lost benefits.

84          **THIRD CAUSE OF ACTION: Fraud and Intentional Misrepresentation**

85   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

86   Defendant knowingly made false representations regarding Plaintiff's policy status, including

87   falsified transaction records and claims of declined payments.

88   Defendant presented fraudulent records to Plaintiff and the California Department of Insurance

89   to justify the wrongful cancellation.

90   Defendant's fraudulent conduct was intended to deceive Plaintiff, causing Plaintiff financial

91   harm and emotional distress.

92          **FOURTH CAUSE OF ACTION: Negligent Misrepresentation**

93   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

94   Defendant negligently misrepresented the status of Plaintiff's payments, policy, and coverage

95   through its agents.

Page 4

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action** Exh. A - 12

75

**86**

96 | These misrepresentations caused Plaintiff financial losses and emotional distress.

97 | **FIFTH CAUSE OF ACTION: Breach of Fiduciary Duty**

98 | Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

99 | Defendant owed Plaintiff a fiduciary duty to act in good faith and exercise reasonable care in

100 | handling his policy and claims.

101 | Defendant breached this duty by wrongfully canceling the policy, misrepresenting payment

102 | records, and failing to properly investigate Plaintiff's claims.

103 | As a result, Plaintiff suffered financial harm and emotional distress.

104 | **SIXTH CAUSE OF ACTION: Malfeasance**

105 | Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

106 | Defendant engaged in malfeasance, including submitting fraudulent documents and

107 | misrepresenting payment status to justify wrongful cancellation.

108 | This conduct caused Plaintiff significant financial losses and emotional distress.

109 | **SEVENTH CAUSE OF ACTION: Oppressive Conduct**

110 | Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

111 | Defendant's actions in falsifying records, mishandling payments, and wrongfully canceling

112 | Plaintiff's policy constitute oppressive misconduct.

113 | Defendant acted with malicious intent to deny Plaintiff his rightful benefits.

114 | **EIGHTH CAUSE OF ACTION: Violation of California Insurance Code § 662**

115 | Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

116 | Defendant violated California Insurance Code § 662 by failing to send proper notice of

117 | cancellation to Plaintiff's correct address.

118 | This violation resulted in financial harm and emotional distress to Plaintiff.

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action** Exh. A - 13

119    **NINTH CAUSE OF ACTION: Violation of California Business & Professions Code §**

120    **17200**

121    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

122    Defendant engaged in fraudulent and unfair business practices, violating California Business &

123    Professions Code § 17200.

124    Plaintiff is entitled to damages for Defendant's unfair and deceptive conduct.

125    **TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress (IIED)**

126    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

127    Defendant's conduct, including falsifying records and canceling the policy, was extreme and

128    outrageous, causing Plaintiff severe emotional distress.

129    **ELEVENTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress (NIED)**

130    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

131    Defendant's negligent handling of Plaintiff's payments and policy caused foreseeable emotional

132    distress.

133    **PRAYER FOR RELIEF:**

134    WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

135    **Compensatory damages** for lost wages, medical expenses, and insurance benefits;

136    **Punitive damages** for Defendant's fraudulent, malicious, and oppressive conduct;

137    **Consequential damages** for emotional distress;

138    **Attorney's fees and costs** under California Code of Civil Procedure § 1021.5;

139    **Interest** on damages as allowed by law;

140    Any other relief the Court deems just and proper.

141    **EXHIBITS**

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action** Exh. A - 14



142   **Exhibit A**: Payment records (page intentionally left blank for later inclusion).

143   **Exhibit B**: Fraudulent transaction records (page intentionally left blank for later inclusion).

144   **Exhibit C**: Phone call transcriptions (page intentionally left blank for later inclusion).

145   **Exhibit D**: Medical and therapy records (page intentionally left blank for later inclusion).

146

147

148

149

150

151

152

153

154

155

156   **DATED:** 10.23.2024

157

158                                        ————————————————

159                                        STEPHEN CHAPMAN

160                                        In Pro Per

161

162

163

164

Page 7

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Exh. A - 15

165

166
167
168

Page 2

Exh. A - 16

79

169

Page 6

**Complaint for Breach of Contract, Bad Faith, Fraud, and Related Causes of Action**

Page 2

Exh. A - 17

29

80

# EXHIBIT B

81

1   FREEMAN MATHIS & GARY, LLP
    Marc J. Shrake, SBN 219331
2   mshrake@fmglaw.com
    Kristin A. Ingulsrud, SBN 294532
3   kristin.ingulsrud@fmglaw.com
4   550 South Hope Street, Suite 2200
    Los Angeles, CA 90071
5   T.: 213.615.7000 | F: 833.264.2083

6   Attorneys for Defendant Horace Mann Property
7   and Casualty Insurance Company

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
                            FOR THE COUNTY OF LOS ANGELES
9
    STEPHEN CHAPMAN,                     CASE NO. 24STCV27909
10                                       Honorable Michael Shultz
                 Plaintiff,              Department 40
11
           v.                            ANSWER OF HORACE MANN PROPERTY AND
12                                       CASUALTY INSURANCE COMPANY TO FIRST
    HORACE MANN PROPERTY &               AMENDED COMPLAINT
13  CASUALTY INSURANCE
    COMPANY,
14                                       Complaint filed:  October 24, 2024
                 Defendant,              First Amended Complaint filed:  November 14, 2024
15                                       Trial Date:  None

16

17

18

19

20         Defendant  HORACE  MANN  PROPERTY  AND  CASUALTY  INSURANCE

21  COMPANY ("Horace Mann") answers the First Amended Complaint ("Complaint") filed by

22  Plaintiff STEPHEN CHAPMAN ("Chapman") as follows:

23                                  GENERAL DENIAL

24         Under California Code of Civil Procedure § 431.30(d), Horace Mann denies each and

25  every allegation and claim in the Complaint, all and singular, general and specific, and denies

26  that Chapman has been damaged, or has sustained any injury, damages, or loss, by reason of

27  any act or omission by Horace Mann or its agents, representative servants, or employees.

28  //

                                           1
                      DEFENDANT HORACE MANN'S ANSWER TO FAC

                                                                    Exh. B - 18

82

1                       **AFFIRMATIVE DEFENSES**

2         Horace Mann raises each of the following affirmative defenses to each and every cause

3 of action, claim, act or omission alleged against it. Horace Mann alleges the following

4 affirmative defenses without assuming the burden of proof for any of them where the law does

5 not place the burden on Horace Mann.

6                **FIRST AFFIRMATIVE DEFENSE**

7                **(No Contract of Insurance)**

8         Horace Mann denies that an insurance policy was in effect as alleged by Chapman

9 because *inter alia* Chapman did not pay the premium required to purchase a policy.

10            **SECOND AFFIRMATIVE DEFENSE**

11                   **(Arbitration)**

12         Horace Mann denies that an insurance policy was in effect as alleged by Chapman.

13 Subject to and without waiving this denial, to the extent a valid contract of insurance is found

14 as alleged, the Complaint and each cause of action would be barred or limited by an arbitration

15 provision and California Insurance Code § 11580.2.

16              **THIRD AFFIRMATIVE DEFENSE**

17      **(Failure to Comply with Contract Terms and Conditions)**

18         Horace Mann denies that an insurance policy was in effect as alleged by Chapman.

19 Subject to and without waiving this denial, to the extent a valid contract of insurance is found

20 as alleged, the Complaint and each cause of action would be barred because Chapman has not

21 complied with the terms and conditions of any such alleged contract.

22              **FOURTH AFFIRMATIVE DEFENSE**

23        **(Breach of Contract and Implied Covenant)**

24         Horace Mann denies that an insurance policy was in effect as alleged by Chapman.

25 Subject to and without waiving this denial, to the extent a valid contract of insurance is found

26 as alleged, the Complaint and each cause of action would be barred because Chapman breached

27 the contract and the implied covenant of good faith and fair dealing.

28 //

2

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

Exh. B - 19

**FIFTH AFFIRMATIVE DEFENSE**

**(Prevention of Performance)**

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred by Chapman's prevention of Horace Mann from performing under any such contract.

**SIXTH AFFIRMATIVE DEFENSE**

**(Recovery Precluded by Terms and Conditions of Contract that is Alleged)**

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred by the terms and conditions of any such contract.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Full Performance and Discharge of Obligations)**

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred because Horace Mann has completed and fully performed and discharged any and all obligations and legal duties.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Horace Mann denies that an insurance policy was in effect as alleged by Chapman. Subject to and without waiving this denial, to the extent a valid contract of insurance is found as alleged, the Complaint and each cause of action would be barred because Horace Mann has substantially met any and all obligations and legal duties.

**NINTH AFFIRMATIVE DEFENSE**

**(No Injury, Damage, or Loss)**

The Complaint and the purported causes of action are barred in whole or in part because Chapman has not been injured or damaged and did not sustain any loss as a proximate result

3

DEFENDANT HORACE MANN'S ANSWER TO FAC

Exh. B - 20

84

1  of any act or omission, if any, for which Horace Mann is responsible, if any.

2                    **TENTH AFFIRMATIVE DEFENSE**

3                          **(Offset/Credit)**

4          In the event there is a finding of damages for Chapman, such damages must be offset

5  to the extent Chapman received monetary benefits from collateral sources and by the amounts

6  Chapman owes to Horace Mann and the credits and offsets to which Horace Mann is entitled

7  from Chapman.

8                  **ELEVENTH AFFIRMATIVE DEFENSE**

9              **(Other Insurers and Other Insurance)**

10         Horace Mann denies that an insurance policy was in effect as alleged by Chapman.

11  Subject to and without waiving this denial, to the extent a valid contract of insurance is found

12  as alleged, the Complaint and each cause of action would be barred or limited based on

13  principles and doctrines of contribution, indemnity, subrogation, equitable subrogation,

14  allocation, or apportionment.

15                  **TWELFTH AFFIRMATIVE DEFENSE**

16                      **(Other Recoveries)**

17         Horace Mann denies that an insurance policy was in effect as alleged by Chapman.

18  Subject to and without waiving this denial, to the extent a valid contract of insurance is found

19  as alleged, the Complaint and each cause of action would be barred or limited based on

20  amounts collected by Chapman from other persons or entities.

21                  **THIRTEENTH AFFIRMATIVE DEFENSE**

22                      **(Failure to Mitigate)**

23         The Complaint and each purported cause of action are barred because Chapman failed

24  to mitigate, minimize, or avoid any of the damages alleged.

25                  **FOURTEENTH AFFIRMATIVE DEFENSE**

26                      **(Speculative Damages)**

27         Without admitting that Chapman was in any way damaged, if he were, the Complaint

28  and each purported cause of action are barred because any alleged losses or damages are

                                        4

              **DEFENDANT HORACE MANN'S ANSWER TO FAC**

                                              Exh. B - 21

1   speculative, vague, based on guess-work and conjecture, and impossible to ascertain or

2   allocate.

3         **FIFTEENTH AFFIRMATIVE DEFENSE**

4           **(Comparative Fault)**

5      Without admitting that Chapman was in any way damaged, if he were, any alleged loss

6   or damage was proximately caused by the comparative or contributory fault and negligence of

7   Chapman and his agents and representatives.

8         **SIXTEENTH AFFIRMATIVE DEFENSE**

9          **(Conduct of Third Parties)**

10      Without admitting that Chapman was in any way damaged, if he were, any alleged loss

11  or damage was caused by the acts of persons or entities other than Horace Mann.

12       **SEVENTEENTH AFFIRMATIVE DEFENSE**

13          **(Failure to Cooperate)**

14      The Complaint and each purported cause of action are barred to the extent Chapman

15  failed to cooperate with Horace Mann's attempts to investigate Chapman's claim.

16        **EIGHTEENTH AFFIRMATIVE DEFENSE**

17      **(Misrepresentation or Concealment)**

18      To the extent that Chapman made a material misrepresentation or concealed any

19  material fact during the claim or in connection with an insurance application, the Complaint

20  and each purported cause of action would be barred.

21        **NINETEENTH AFFIRMATIVE DEFENSE**

22           **(Unjust Enrichment)**

23      The Complaint and each purported cause of action are barred by the equitable doctrine

24  of unjust enrichment.

25         **TWENTIETH AFFIRMATIVE DEFENSE**

26              **(Waiver)**

27      Chapman knowingly, voluntarily, and willingly waived any rights he may otherwise

28  have had against Horace Mann.

5

---

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

Exh. B - 22

86

1    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2    **(Estoppel)**

3        The Complaint and each purported cause of action are barred by the equitable doctrine

4    of estoppel.

5    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

6    **(Unclean Hands)**

7        The Complaint and each purported cause of action are barred by the equitable doctrine

8    of unclean hands to the extent Chapman engaged in wrongful conduct with respect to the

9    activities and events referenced in the Complaint.

10    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

11    **(Laches)**

12        Chapman's claims against Horace Mann are barred by the equitable doctrine of laches.

13    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14    **(Due Process)**

15        The Complaint's demand for punitive damages violates Horace Mann's rights to

16    procedural due process under the Fourteenth Amendment to the United States Constitution and

17    the Constitution of the State of California and, therefore, fails to state a basis upon which

18    punitive damages may be awarded.

19    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20    **(Statute of Limitations)**

21        The Complaint is barred by any applicable statute of limitations, including without

22    limitation California Code of Civil Procedure §§ 337(1), 338(a) and (d), 339(1), 340, and 343.

23    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24    **(Additional Unknown Defenses/Reservation of Rights)**

25        Horace Mann may have other affirmative defenses of which it is currently unaware and

26    reserves the right to allege additional affirmative defenses during the course of this litigation.

27    //

28    //

6

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

Exh. B - 23

87

1                                **PRAYER FOR RELIEF**

2     Wherefore, Horace Mann prays for relief as follows:

3         1.     That the Complaint be dismissed, with prejudice, and in its entirety;

4         2.     That Chapman take nothing;

5         3.     For costs, attorney's fees, and such other and further relief as the Court may

6             deem just and proper.

7                              Respectfully submitted,

8   DATED: December 5, 2024           FREEMAN MATHIS & GARY, LLP

9

10



11                                Marc J. Shrake

                                   Kristin A. Ingulsrud

12                                Attorneys for Defendant Horace Mann Property

                               and Casualty Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

**DEFENDANT HORACE MANN'S ANSWER TO FAC**

Exh. B - 24

88



**PROOF OF SERVICE**

*Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909*

I am over 18 years of age and not a party to this action. I am employed in Los Angeles, California. My business address is 550 S. Hope Street, Suite 2200, Los Angeles, California 90071, my email: connie.spears@fmglaw.com.

On December 5, 2024, I served a copy of the document(s) titled **ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT** in the manner described below:

**STEPHEN CHAPMAN, IN PRO PER**
7917 Selma Avenue 336
Los Angeles, CA 90046
T: 619.550.7543
stefinchapman@outlook.com

☒ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of FREEMAN MATHIS & GARY, LLP and addressed as shown on the attached service list, for collection and delivery by FEDEX to receive said documents, with delivery fees provided for. I am readily familiar with the practices of FREEMAN MATHIS & GARY, LLP for collection and processing of documents for overnight delivery and said envelope(s) will be deposited for receipt by FEDEX on said date in the ordinary course of business.

☐ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☒ **(BY-E-MAIL)** I caused a copy of the document(s) to be sent from e-mail address connie.spears@fmglaw.com to the person(s) at the email address(es) listed in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 5, 2024, at Houston, Texas.

_____
Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

_____
PROOF OF SERVICE

Exh. B - 25

89



# EXHIBIT C

91

**102**

11/28/24, 7:41 AM                                              Illinois Department of Insurance - Company Search



| | |
|---|---|
| **Legal Name:** | Horace Mann Property & Casualty Insurance Company |
| **Company Type:** | P&C Domestic Stock |
| **Domicile:** | Springfield, Illinois |
| **Parent Company:** | Horace Mann Educators Corporation |
| **Status:** | Active |
| **FEIN:** | 95-2413390 |
| **NAIC Code:** | 300 22756 |
| **Incorporated Date:** | 3/25/1965 |

Addresses

| Corporate Home | Administrative Mailing |
|---|---|
| 1 Horace Mann Plaza<br>Springfield,  IL    62715 0001 | 1 Horace Mann Plaza<br>Springfield,  IL    62715 |

Phone Numbers

| Business |
|---|
| (217) 789-2500 |

<-- Back to Search Results

https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=759100&s=Active&t=INS          Exh. C - 27       1/1

92



**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2024, I served the foregoing document described as **DECLARATION OF KRISTIN A. INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; EXHIBITS A-C** via email and U.S. Mail, on the interested parties in this action as follows:

| | |
|---|---|
| **STEPHEN CHAPMAN, IN PRO PER**<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543<br>**stefinchapman@outlook.com** | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court under whose direction the service was made.

Executed on December 6, 2024, at Houston, TX.

/s/ Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

93

1   **FREEMAN MATHIS & GARY, LLP**
2   Marc J. Shrake, SBN 219331
    mshrake@fmglaw.com
3   Kristin A. Ingulsrud, SBN 294532
    kristin.ingulsrud@fmglaw.com
4   550 Sout Hope Street, Suite 2200
5   Los Angeles, California  90071
    T.: 213.615.7000 | F: 833.264.2083
6

7   Attorneys for Defendant Horace Mann Property
8   and Casualty Insurance Company

9          **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN CHAPMAN, | Case No. |
| | District Judge: |
| Plaintiff, | **NOTICE OF INTERESTED PARTIES PURSUANT TO LOCAL RULE 7.1-1 AND FRCP RULE 7.1** |
| v. | |
| HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, | |
| | State Complaint Filed: October 24, 2024 |
| Defendant, | Removal Filed:      December 6, 2024 |

19     Defendant Horace Mann Property and Casualty Insurance Company ("Horace

20   Mann") certifies that it is a non-governmental corporation organized and existing

21   under the State of Illinois, with its principal place of business in Springfield, Illinois.

22   Horace Mann submits the following statement of its corporate interests and

23   affiliations pursuant to Local Rule 7.1-1 and Rule 7.1 of the Federal Rules of Civil

24   Procedure:

25     The undersigned, counsel of record for Horace Mann, certifies that the

26   following listed parties may have a pecuniary interest in the outcome of this case.

27   These representations are made to enable the Court to evaluate possible

28   disqualification or recusal.

Freeman Mathis
& Gary, LLP
Attorneys at Law

---

NOTICE OF INTERESTED PARTIES

94

Case 2:24-cv-10546-MWF-BFM   Document 38-1   Filed 04/04/25   Page 113 of 219
Page ID #:1009
Case 2:24-cv-10546-MWF-BFM   Document 37   Filed 03/31/25   Page 95 of 100   Page
ID #:662

1.   Plaintiff Stephen Chapman is a citizen of the State of California and a
resident of Los Angeles County.

2.   Defendant Horace Mann Property and Casualty Insurance Company.

The undersigned understands that under Federal Rule of Civil Procedure Rule
7.1, they must promptly file a supplemental statement upon any change in the
information that this statement requires.

Dated: December 6, 2024                    **FREEMAN MATHIS & GARY, LLP**

**By:**   */s/ Kristin Ingulsrud*
          Marc J. Shrake
          Kristin A. Ingulsrud
          Attorneys for Defendant
          HORACE MANN PROPERTY AND
          CASUALTY INSURANCE
          COMPANY

Freeman Mathis
& Gary, LLP
Attorneys at Law

NOTICE OF INTERESTED PARTIES

95



**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2024, I served the foregoing document described as **NOTICE OF INTERESTED PARTIES PURSUANT TO LOCAL RULE 7.1-1 AND FRCP RULE 7.1** via email and U.S. Mail, on the interested parties in this action as follows:

| |
|---|
| **STEPHEN CHAPMAN, IN PRO PER**<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543<br>stefinchapman@outlook.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court under whose direction the service was made.

Executed on December 6, 2024, at Houston, TX.

/s/ Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

96

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| STEPHEN CHAPMAN | HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY |

| (b) County of Residence of First Listed Plaintiff    Los Angeles | County of Residence of First Listed Defendant    Sangamon, Illinois |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>STEPHEN CHAPMAN, IN PRO PER<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543 | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>Freeman Mathis & Gary, LLP<br>Marc Shrake, mshrake@fmglaw.com; Kristin Ingulsrud, kingulsrud@fmglaw.com<br>550 S. Hope St, Suite 2200, Los Angeles, CA 90071<br>T: 213-615-7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multidistrict Litigation - Transfer
- ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ +75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:

| CV-71 (06/24) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes   [ ] No | [x] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no, " skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes  [x] No | | [ ] NO.  Continue to Question B.2. |
| If "no, " skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes  [x] No | | [ ] NO.  Continue to Question C.2. |
| If "no, " skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [x] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes  [x] No | [ ] Yes  [x] No |
| If "yes," your case will initially be assigned to the | If "yes," your case will initially be assigned to the |
| SOUTHERN DIVISION. | EASTERN DIVISION. |
| Enter "Southern" in response to Question E,  below, and continue from there. | Enter "Eastern" in response to Question E,  below. |
| If "no," go to question D2 to the right.  ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [x] No |

| CV-71 (06/24) | CIVIL COVER SHEET | Page 2 of 3 |
|---|---|---|

98

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**:  Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
                                                                                                    ☒ NO          ☐ YES
If yes, list case number(s): _____

**If yes, you must file a Notice of Related Cases.  See Local Rule 83-1.3.**

**Civil cases** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of
       labor if heard by different judges.

**X. STATEWIDE OR NATIONWIDE RELIEF**:  Does this case seek to bar or mandate enforcement of a state or federal law and seek declaratory
or injunctive relief on a statewide or nationwide basis?                                             ☒ NO          ☐ YES

**If yes, see Local Rule 83-11 for additional requirements.**

**XI. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  Kristin Ingulsrud                          DATE:  12/06/2024

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein
neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For
more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**CV-71 (06/24)**                          **CIVIL COVER SHEET**                          **Page 3 of 3**



**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2024, I served the foregoing document described as **CIVIL COVER SHEET** via email and U.S. Mail, on the interested parties in this action as follows:

**STEPHEN CHAPMAN, IN PRO PER**
7917 Selma Avenue 336
Los Angeles, CA 90046
T: 619.550.7543
**stefinchapman@outlook.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court under whose direction the service was made.

Executed on December 6, 2024, at Houston, TX.

/s/ Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

CIVIL COVER SHEET

100

**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
T: 213.615.7000 | F: 833.264.2083
Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| STEPHEN CHAPMAN, | Case No. 2:24-CV-10546-MWF-BFM |
|---|---|
| Plaintiff, | District Judge Michael W. Fitzgerald |
| v. | **DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND"** |
| HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Defendant, | *[Filed concurrently with Declaration of Kristin A. Ingulsrud]* |

Horace Mann Property and Casualty Insurance Company ("Horace Mann") submits this Opposition to Plaintiff's "Ex Parte Motion for Equitable Tolling and Remand" [ECF No. 23]

The Court has already ruled in its Order of January 30, 2025, that "substantive arguments as to why remand in this case is appropriate . . . are not properly raised in an ex parte application and, instead, must be made according to regular noticed motions procedures" [ECF No. 17 at p. 4]. Plaintiff's "Ex Parte Motion," filed just 22 days after that express ruling by the Court, should be denied on this basis alone.

**I.   Plaintiff's "Ex Parte Motion" should be denied because it fails to comply with the requirements for *ex parte* applications.**

Plaintiff's "Ex Parte Motion" should be denied on the sole basis that it does not comply with any of the rules or the law governing *ex parte* applications. Horace

1

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND"**

408

112

1 Mann has unnecessarily had to apply legal resources and costs to prepare a rush

2 response to comply with the time requirement for responding to an *ex parte*

3 application.

4   **A.**   <u>**The Court's Procedures**</u>

5    The Court's Procedures and Schedules on the Central District's website

6 provide in part as follows:

> 7   *Ex parte* applications can be submitted for routine exceptions to the Local Rules. *Ex parte*
>   applications solely for extraordinary relief are rarely granted. *See Mission Power Engineering v.*
> 8   *Cont'l Casualty Co.*, 883 F. Supp. 488, 490-91 (C.D. Cal. 1995). . . . Both the e-mail to the Court and
>   the application should advise whether opposing counsel will be filing opposition. Applications that
> 9   fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position,
>   will not be considered. In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving
> 10   party shall serve the opposing party by e-mail, facsimile transmission or personal service and shall
>   notify the opposing party that opposition papers must be filed no later than 24 hours (or one court
> 11   day) following such service. Sanctions may be imposed for misuse of *ex parte* applications.

12    An *ex parte* application is a "means of obtaining extraordinary relief and is

13 appropriate only in rare circumstances." <u>Mission Power Eng'g Co. v. Continental</u>

14 <u>Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff's "Ex Parte Motion"

15 does not seek either a routine exception to the Local Rules or extraordinary relief.

16    Assuming all the other procedural requirements are met (which here they are

17 not), *ex parte* applications are granted only if (1) "the moving party's cause will be

18 irreparably prejudiced if the underlying motion is heard according to regular noticed

19 motion procedures," and (2) "the moving party is without fault in creating the crisis

20 that requires ex parte relief, or that the crisis occurred as a result of excusable

21 neglect." <u>Mission Power Eng'g Co.</u>, 883 F. Supp. at 492.

22    In denying (except to the extent it asked for an extension of time) Plaintiff's

23 earlier *ex parte* application [ECF No. 11], the Court confirmed that remand

24 arguments are not properly raised in an *ex parte* motion and ruled that, because 28

25 U.S.C. § 1447(e) has no time deadline, Plaintiff did not establish the first prong of

26 <u>Mission Power Eng'g Co.</u> [ECF No. 17 at page 4].

27    Separately and independently, in no sense is Plaintiff "without fault in creating

28 the crisis" that he believes requires *ex parte* attention. He was served by mail with

2

DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE<br>MOTION FOR EQUITABLE TOLLING AND REMAND"

**409**

**113**

1   Horace Mann's removal papers on December 6, 2024, and by email that same day,

2   which he admits receiving.

3        On these bases alone, Plaintiff's "Ex Parte Motion" should be denied and

4   Horace Mann would have valid arguments for sanctions.

5        **B.     Local Rules 7-19 and 7-19.1**

6        Plaintiff failed to comply with Local Rules 7-19 and 7-19.1.  In discussing his

7   planned "Ex Parte Motion," Plaintiff did not discuss the bases for his request for

8   relief.  The "Ex Parte Motion" does not include a statement of Horace Mann's

9   position, and it was not properly served on Horace Mann.  [ECF No. 23.]

10       On these separate and independent grounds, Plaintiff's "Ex Parte Motion"

11  should be denied.

12  **II.     Plaintiff's "Ex Parte Motion" should be denied because the statutory**

13          **30-day deadline is long past for motions to remand on grounds other than**

14          **lack of subject matter jurisdiction.**

15       Although no legitimate defects are articulated in Plaintiff's "Ex Parte Motion,"

16  if any such defects existed (and they do not), they are all waived (except for lack of

17  subject matter jurisdiction).

18       Under 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect

19  other than lack of subject matter jurisdiction must be made within 30 days after the

20  filing of the notice of removal.  Horace Mann's notice of removal was filed and

21  served on Plaintiff on December 6, 2024.

22       Accordingly, Plaintiff has waived any right to move to remand, and the Court

23  has no statutory authority to remand, on any basis other than lack of subject matter

24  jurisdiction.  Manier v F.D.I.C., 979 F.2d 782, 784 (9th Cir. 1992).

25       On this separate and independent ground, Plaintiff's "Ex Parte Motion" should

26  be denied.

27  ///

28  ///

3

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE
MOTION FOR EQUITABLE TOLLING AND REMAND"**

410

114

III.  **If the Court decides to consider the substance of Plaintiff's "Ex Parte Motion," Horace Mann requests a regular briefing schedule.**

The Court has already ruled that Plaintiff's subject matter jurisdiction points should be raised in a regularly noticed motion and not *ex parte* [ECF No. 17].

However, to the extent the Court decides to entertain any substantive aspect of Plaintiff's "Ex Parte Motion," Horace Mann asks the Court to enter the same briefing schedule that would be utilized for a regularly noticed motion.

Plaintiff's 132-page filing makes numerous incomprehensible, unreasonable, and wholly unsupported contentions which Horace Mann contests and opposes.  The Court's 24-hour turnaround time for *ex parte* applications does not afford Horace Mann sufficient time to respond to each of these to protect its rights.

Horace Mann also objects to the documents attached as "exhibits" attached to Plaintiff's "Ex Parte Motion."  They lack foundation, are incomplete, contain extraneous notes or markings of unknown origin, and/or constitute inadmissible hearsay.  Again, the *ex parte* time constraints do not allow Horace Mann enough time to detail its position regarding each of the many "exhibits" submitted by Plaintiff with the "Ex Parte Motion."

Accordingly, if the Court decides to entertain the request for substantive relief in the "Ex Parte Motion," Horace Mann requests a regular briefing schedule in order to protect its rights.

IV.  **To the extent the Court decides to consider the substance of Plaintiff's "Ex Parte Motion," the 20 lines (at pages 11-12) in the "Ex Parte Application" addressing subject matter jurisdiction were required to be brought in a regularly-noticed motion and, in any event, are unsupported, unpersuasive, and in some sense nonsensical.**

Plaintiff dedicates less than one page of his 134-page "Ex Parte Motion" to diversity subject matter jurisdiction, the basis for Horace Mann's removal to federal court.

4

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND"**

411

115

1      Separate and independent from the Court's direction that such arguments

2  "must be made according to regular noticed motion procedures" [ECF No. 17 at p.

3  4], Plaintiff's contentions regarding diversity should be rejected because they are

4  based on a pleading that has not been filed -- a hypothetical Second Amended

5  Complaint for which Plaintiff has not even sought leave of court to file (or conferred

6  about with Horace Mann's counsel).

7      Similarly, and again separate and independent from the Court's Order,

8  Plaintiff's contentions regarding the amount in controversy should be rejected.

9  Plaintiff has not submitted anything to the Court admitting that the amount he seeks

10  from Horace Mann is $75,000 or less to controvert Horace Mann's contentions,

11  supported by reference to the Plaintiff's complaint and the contract at issue, that

12  Plaintiff seeks in excess of $75,000 (notwithstanding Horace Mann's position that

13  Plaintiff is entitled to nothing).

14      To the extent the Court considers the substantive aspects of Plaintiff's "Ex

15  Parte Motion," on these separate and independent grounds it should be denied.

16  **V.    Although waived, Plaintiff's complaints of alleged procedural or**

17      **substantive defects in the removal are meritless.**

18      Again, to the extent the Court decides to consider the substance of Plaintiff's

19  "Ex Parte Motion," Horace Mann asks for a regular briefing schedule in order to

20  protect its rights.  In regular briefing, Horace Mann would advance, with evidence,

21  numerous points and items of evidence in opposition to Plaintiff's "Ex Parte

22  Motion," including but not limited to the following:

23      **A.    Removal**

24      Before removing, Horace Mann filed its Answer to Plaintiff's First Amended

25  Complaint in the Los Angeles Superior Court, Case No. 24STCV27909 on

26  December 5, 2024.  See Ingulsrud Declaration ¶ 2.

27      Horace Mann filed the Notice of Removal on December 6, 2025, and on that

28  same day served the Notice and supporting papers to Plaintiff by United States Mail

5

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE
MOTION FOR EQUITABLE TOLLING AND REMAND"**

1  and also sent them to him by email.  See Ingulsrud Declaration ¶ 3.  Counsel

2  continues to serve Plaintiff by United States Mail and to email documents to him.

3  See Ingulsrud Declaration ¶ 4.

4      Plaintiff has never contended he did not receive the removal papers and, in

5  fact, continues to communicate with Horace Mann's counsel in the email chain that

6  includes the transmission to him of the removal papers.  See Ingulsrud Declaration

7  ¶ 4.  And, on January 6, 2025, Plaintiff filed a document in state court titled "Motion

8  to Strike Notice of Removal, Recognize Second Amended Complaint as Operative

9  Pleading, and Remand to State Court" in which he states that "defense filed its notice

10 of removal on December 12, 2024" (he is off by 6 days).  See Ingulsrud Decl. ¶ 5.

11 Plaintiff also acknowledged receipt of a "document from Federal Court" on

12 December 12, 2024 in his previous *ex parte* application [ECF No. 13 at page 6].  The

13 parties have also exchanged verbal and written communications relating to the Joint

14 Rule 26(f) Report since at least January 13, 2025.  See Ingulsrud Decl. ¶ 6.

15     Under no scenario has Plaintiff raised any defect in removal within 30 days as

16 required under 28 U.S.C. § 1447(c).

17     Plaintiff's contentions about "email requests to opposing counsel" for

18 documents should also be disregarded because he attaches no evidentiary support

19 and, in fact, none exists.  See Ingulsrud Decl. ¶ 4.

20     **B.    Stay of State Court Action**

21     Horace Mann filed its Notice to state court attaching all removal papers on

22 January 7, 2025.  See Ingulsrud Decl. ¶ 3.  The state court's online docket indicates

23 that the case was stayed on January 7, 2025.  See Ingulsrud Decl. ¶ 7.

24     Contrary to Plaintiff's contention, the federal removal statutes do not require

25 the state court to "cede" jurisdiction in order to perfect removal.  The filing of a

26 removal petition terminates the state court's jurisdiction unless the case is remanded.

27 See 28 U.S.C. § 1446(d); Resolution Trust Corp. v. Bayside Developers, 43 F.3d

28 1230, 1238 (9th Cir. 1994) ("[T]he clear language of the general removal statute

6

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE
MOTION FOR EQUITABLE TOLLING AND REMAND"**

413

117

provides that the state court loses jurisdiction upon the filing of the petition for removal").

**C.    Horace Mann's Corporate Structure**

The only parties to this case are Horace Mann Property and Casualty Insurance Company and Stephen Chapman.  Horace Mann Property and Casualty Insurance Company is still incorporated in and has its principal place of businesses in Illinois. Stephen Chapman is a citizen of the state of California.

**D.    No Prejudice to Plaintiff**

In its Order dated January 30, 2025, the Court determined that because 28 U.S.C. § 1447(e) has no time deadline, Plaintiff is not "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  See ECF No. 17 (citing Mission Power Eng'g Co., 883 F. Supp. at 492).

**E.    No Basis for Equitable Tolling**

Plaintiff's request for "equitable tolling" does not make sense.  He does not specify what he seeks to toll or to what effect.  Plaintiff alleges no delay in notice of removal being served on or received by him.

**VI.   Plaintiff's filing of the "Ex Parte Motion" and his false accusations are sanctionable.**

Plaintiff's filing of the "Ex Parte Motion" is contrary to the direction provided by the Court in its Order of January 30, 2025.  Moreover, Plaintiff's instant "Ex Parte Motion" and his other filings make serious and unsubstantiated allegations that are patently false.

Horace Mann recognizes that Plaintiff is *in pro per,* but his lack of legal training does not justify maliciousness, ignoring the Court's Order, or filing unfounded *ex parte* applications that require an unnecessarily compressed response.

/ / /

/ / /

/ / /

7

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND"**

414

118

**VII.   Conclusion**

1
2          Horace Mann respectfully requests that the Court deny Plaintiff's "Ex Parte
3   Motion" in its entirety because it fails to comply with the Court's rules, the Court's
4   Order of January 30, 2025, and the Local Rules of the Central District.
5          As a separate and independent ground, Horace Mann respectfully requests that
6   the "Ex Parte Motion" be denied based on the 30-day deadline contained in 28
7   U.S.C. § 1447(c).
8          To the extent the Court is inclined to consider any aspect of the substance of
9   Plaintiff's "Ex Parte Motion," Horace Mann requests a regular briefing schedule.
10
11  Dated: February 24, 2025                    **FREEMAN MATHIS & GARY, LLP**
12
13
                                      By:    /s/ Marc J. Shrake
14                                           Marc J. Shrake
                                             Attorneys for Defendant
15                                           HORACE MANN PROPERTY AND
                                             CASUALTY INSURANCE
16                                           COMPANY
17
18
19
20
21
22
23
24
25
26
27
28

8

**DEFENDANT HORACE MANN'S OPPOSITION TO PLAINTIFF'S "EX PARTE
MOTION FOR EQUITABLE TOLLING AND REMAND"**

415

119

**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California  90071
T.: 213.615.7000 | F: 833.264.2083
Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN, | Case No. 2:24-CV-10546-MWF-BFM |
| Plaintiff, | District Judge: Michael W. Fitzgerald |
| v. | **DECLARATION OF KRISTIN A. INGULSRUD IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S "EX PARTE MOTION FOR EQUITABLE TOLLING AND REMAND"** |
| HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Defendant, | *[Filed concurrently with Defendant's Opposition]* |

I, Kristin A. Ingulsrud, Esq., hereby declare as follows:

I am an attorney admitted to practice in all courts in the State of California and in this Court.  I am an attorney with the law firm Freeman Mathis & Gary, LLP, counsel of record for Defendant Horace Mann Property and Casualty Insurance Company ("Horace Mann").  Unless otherwise noted, the following is based on my personal knowledge.  If called as a witness, I could competently testify to these facts.

2.    My office prepared and filed Horace Mann's Answer to Plaintiff's First Amended Complaint in Los Angeles County Superior Court, Case No. 24STCV27909 on December 5, 2024.

3.    My office filed and served Horace Mann's Notice of Removal and all attachments on Plaintiff by United States Mail and email on December 6, 2024.  (ECF

Freeman Mathis
& Gary, LLP
Attorneys at Law

---

DECLARATION OF KRISTIN A. INGULSRUD

No. 1.)  The notice was filed in state court, attaching all removal papers, on January 7, 2025.

4.     My office has continued to serve Plaintiff by United States Mail and email.  Plaintiff frequently communicates with my office via his email address of record, including in response to emails serving documents from my office.  I cannot recall any instances of Plaintiff requesting documents from my office and was not aware of any issues relating to service before reading the instant "Ex Parte Motion." My office is able to send Plaintiff copies of any documents we have filed in this action.

5.     The state court's online docket indicates that Plaintiff filed a "Motion to Strike Notice of Removal, Recognize Second Amended Complaint as Operative Pleading, and Remand to State Court" on January 6, 2025.  In that motion, Plaintiff states that the "defense filed its notice of removal on December 12, 2024."

6.     On January 13, 2025, I discussed the Rule 26(f) Report with Plaintiff and sent him an email confirming our conversation.  Plaintiff responded by email the next day with additional input for the Rule 26(f) Report.

7.     The State Court Action's online docket indicates that the case was stayed on January 7, 2025, and that no actions were taken by the state court from December 6, 2024 to January 7, 2025.  To my knowledge, the state court has not taken any actions inconsistent with a stay since January 7, 2025.

I declare under penalty of perjury and under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 24th day of February, 2025 at El Segundo, California.

/s/ Kristin A. Ingulsrud
Kristin A. Ingulsrud

Freeman Mathis
& Gary, LLP
Attorneys at Law

DECLARATION OF KRISTIN A. INGULSRUD

417

121

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**                **Date:  February 24, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
|  |  |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S EX PARTE
MOTION FOR EQUITABLE TOLLING AND
REMAND [23]

Before the Court is an Ex Parte Motion for Equitable Tolling and Remand (the
"Motion") filed by Plaintiff Stephen Chapman on February 18, 2025.  (Docket No. 23).
As of the date of this Order, no Opposition was filed.

The Motion is **DENIED**.  Plaintiff has not established that he is entitled to
expedited relief.

An ex parte application is a "means of obtaining extraordinary relief and is
appropriate only in rare circumstances."  *Santos v. TWC Admin. LLC*, No. CV 13-
04799-MMM (CWx), 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing
*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).
To prevail on its ex parte application, a party must show: (i) that they "will be
irreparably prejudiced if the underlying motion is heard according to regular noticed
motion procedures" and (ii) that they are "without fault in creating the crisis that
requires ex parte relief, or that the crisis occurred as a result of excusable neglect."
*Mission Power*, 883 F. Supp. at 492.

This is the second ex parte motion filed by Plaintiff in the last month.  (*See*
Docket No. 11 ("Prior Motion")).  As with the Prior Motion, Plaintiff has not
attempted to explain why this Motion cannot be filed and heard according to regular
noticed motion procedures.  (*See* Docket No. 17 ("Prior Order") at 4).  And the Court

_____

**CIVIL MINUTES—GENERAL**                                                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-10546-MWF (BFMx)**          **Date:** **February 24, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

cannot otherwise identify anything in the Motion necessitating relief on an expedited basis.  At bottom, Plaintiff is seeking remand of the action to state court and sanctions against Defendant for alleged fraudulent actions.  (*See generally* Motion).  Plaintiff has thus failed to establish irreparable prejudice absent emergency relief.

Plaintiff also requests clarification on the status of Rule 26 obligations.  As explained in the Prior Order, the Court granted Plaintiff's request to extend the deadline to file the Rule 26(f) report.  (Prior Order at 5–6).  The deadline to submit a joint Rule 26(f) Report is now on March 3, 2025.  Plaintiff must work with Defendant to submit a joint Rule 26(f) Report.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

Parties in court without a lawyer are called "*pro se* litigants."  These parties often face special challenges in federal court.  Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  *Pro se* litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

_____
**CIVIL MINUTES—GENERAL**                                                  2

419

123

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-10546-MWF (BFMx)**          **Date:  February 25, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    AMENDED ORDER DENYING PLAINTIFF'S EX
PARTE MOTION FOR EQUITABLE TOLLING AND
REMAND [23]

Before the Court is an Ex Parte Motion for Equitable Tolling and Remand (the
"Motion") filed by Plaintiff Stephen Chapman on February 18, 2025.  (Docket No. 23).
On February 24, 2025, Defendant Horace Mann Property & Casualty Insurance
Company filed an Opposition.  (Docket No. 25).

The Motion is **DENIED**.  Plaintiff has not established that he is entitled to
expedited relief.

An ex parte application is a "means of obtaining extraordinary relief and is
appropriate only in rare circumstances."  *Santos v. TWC Admin. LLC*, No. CV 13-
04799-MMM (CWx), 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing
*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).
To prevail on its ex parte application, a party must show: (i) that they "will be
irreparably prejudiced if the underlying motion is heard according to regular noticed
motion procedures" and (ii) that they are "without fault in creating the crisis that
requires ex parte relief, or that the crisis occurred as a result of excusable neglect."
*Mission Power*, 883 F. Supp. at 492.

This is the second ex parte motion filed by Plaintiff in the last month.  (*See*
Docket No. 11 ("Prior Motion")).  As with the Prior Motion, Plaintiff has not
attempted to explain why this Motion cannot be filed and heard according to regular

---

**CIVIL MINUTES—GENERAL**                                                  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 24-10546-MWF (BFMx)**          **Date:** **February 25, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

noticed motion procedures.  (*See* Docket No. 17 ("Prior Order") at 4).  And the Court cannot otherwise identify anything in the Motion necessitating relief on an expedited basis.  At bottom, Plaintiff is seeking remand of the action to state court and sanctions against Defendant for alleged fraudulent actions.  (*See generally* Motion).  Plaintiff has thus failed to establish irreparable prejudice absent emergency relief.

Plaintiff also requests clarification on the status of Rule 26 obligations.  As explained in the Prior Order, the Court granted Plaintiff's request to extend the deadline to file the Rule 26(f) report.  (Prior Order at 5–6).  The deadline to submit a joint Rule 26(f) Report is now on March 3, 2025.  Plaintiff must work with Defendant to submit a joint Rule 26(f) Report.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

Parties in court without a lawyer are called "*pro se* litigants."  These parties often face special challenges in federal court.  Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  *Pro se* litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

---

**CIVIL MINUTES—GENERAL**                                          2

# Contents

34 ···························································· 2
    I. RELEVANT FACTS AND PROCEDURAL HISTORY ················ 3
    II. ARGUMENT ·············································· 5
    III. SANCTIONS ··········································· 11
    IV. CONCLUSION ··········································· 12
34-1 ························································· 13
    EXHIBIT A ··············································· 16
    EXHIBIT B ··············································· 24
34-2 ························································· 36

422

126

**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
T: 213.615.7000 | F: 833.264.2083
Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

STEPHEN CHAPMAN,

  Plaintiff,

v.

HORACE MANN PROPERTY &
CASUALTY INSURANCE
COMPANY,

  Defendant.

Case No. 2:24-CV-10546-MWF-BFM
District Judge Michael W. Fitzgerald

**DEFENDANT HORACE MANN'S
OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND**

*[Filed concurrently with Declaration of
Kristin A. Ingulsrud; Declaration of
Marc J. Shrake]*

Horace Mann Property and Casualty Insurance Company ("Horace Mann")
opposes the Motion to Remand made by *pro se* Plaintiff Stephen Chapman because
(a) Horace Mann timely removed on the basis of diversity jurisdiction, (b) Plaintiff
missed, by many weeks, the statutory 30-day deadline to raise defects in removal
other than lack of subject matter jurisdiction, (c) the only Plaintiff and the only
Defendant in this case hail from different states, and the amount in controversy
exceeds $75,000, and (d) Plaintiff's arguments are entirely unsupported. [1]

---

[1] On March 4, 2025, Plaintiff filed a document titled "Motion for Judicial Notice of
Notice of Motion to Remand Sua Sponte." [Docket No. 29.] On March 10, 2024,
the Court entered a Scheduling Order and Notice stating, "The Court will construe
the Motion as a Motion to Remand." [Docket No. 31.]

1

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1    Plaintiff's Motion [Docket No. 29] was filed on March 4, 2025, with no

2 supporting documentation.  Almost a week later, on March 10, Plaintiff filed a

3 document titled "Notice of Lodging of Missing Exhibits."  [Docket No. 32.]  This

4 document consisted of (a) the email to Plaintiff dated December 6, 2024, from

5 Horace Mann's counsel, in which Plaintiff was provided with courtesy copies of all

6 removal documents filed in this Court that same day, along with a note that "Hard

7 copies will follow via U.S. Mail" and a list of all the documents (the hard copies

8 were, in fact, served by mail that same day); (b) an email by Horace Mann's counsel

9 asking to be added to the Court's email distribution list; and (c) the Parties' jointly

10 prepared "Judge Michael W. Fitzgerald/Schedule of Pretrial and Trial Dates

11 Worksheet" that was intended to be attached to the Joint Rule 26(f) Report filed on

12 March 3, 2025.  [Docket No. 28].[2]

13    Plaintiff's Motion fails to support its factual contentions with declarations or

14 other written evidence.  See L.R. 7-6 Evidence on Motions.

15    Conversely, Horace Mann's evidence and the Court file demonstrate that

16 Horace Mann's straightforward, non-controversial removal is now subject to a

17 motion to remand that, by statute, can be premised and decided only on the theory of

18 lack of subject matter jurisdiction.  Horace Mann's removal papers, and additional

19 information submitted with this Opposition, compel denial of Plaintiff's Motion.

20 **I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

21    On or about October 24, 2024, Plaintiff Stephen Chapman filed a Complaint

22 against Defendant Horace Mann, and no other party, in Los Angeles County Superior

23 Court, Case No. 24STCV27909.  See Declaration of Kristin A. Ingulsrud ("Ingulsrud

24 Decl.") ¶ 1.

25    _____

26 [2] Plaintiff's inadvertent processing error in electronically filing the Joint Rule 26(f)
Report caused this scheduling worksheet to show up as blank on PACER.  [Docket
27 No. 28.]  However, the readable form attached with Docket No. 32 is the form the
Parties filled out together and intended to be filed with the Joint Rule 26(f) Report.

28

2

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1    Horace Mann was served with process on November 8, 2024.  See Ingulsrud
2    Decl. ¶ 2.

3    On or about November 14, 2024, Plaintiff filed a First Amended Complaint in
4    state court, again naming Horace Mann as the only Defendant.  See Ingulsrud Decl. ¶
5    3.

6    On December 5, 2024, Horace Mann filed its Answer to the First Amended
7    Complaint in state court.  See Ingulsrud Decl. ¶ 4.

8    That same day, December 5, Horace Mann served Plaintiff with the Answer by
9    mail, and also emailed Plaintiff a courtesy copy.  See Ingulsrud Decl. ¶ 5.

10    On December 6, 2024, Horace Mann filed a Notice of Removal and all
11    supporting papers in this Court.  See Ingulsrud Decl. ¶ 6.

12    That same day, December 6, Horace Mann served Plaintiff with the Notice of
13    Removal and all supporting papers by mail, and also emailed Plaintiff a courtesy
14    copy of these documents.  See Ingulsrud Decl. ¶ 7.  Plaintiff admits he received
15    Horace Mann's removal papers that same day, December 6, 2025.  [Docket No. 12,
16    pp. 1-2.]  In Docket No. 12, Plaintiff declares under penalty of perjury as follows:

17    On Dec. 6, I received the following documents from Defendant . . .[:]

18        ○        Notice of Removal of Action Under 28 U.S.C. § 1441;
           ○        Civil Cover Sheet;
19        ○        Certificate and Notice of Interested Parties;
           ○        Declaration of Kristin Ingulsrud;
20        ○        Declaration of Matthew Rubin.

21    [Docket 12, pp. 1-2.]

22    On January 7, 2025, Horace Mann filed its Notice of Filing Notice of Removal
23    in the state court, served Plaintiff by mail, and emailed Plaintiff a courtesy copy.  See
24    Ingulsrud Decl. ¶ 8.

25    Also on January 7, 2025, the state court stayed the state court case as follows:
26    "01/07/2025 The case is placed in special status of:  Stay - Removal to Federal
27    Court."  See Ingulsrud Decl. ¶ 9, Exh. A.

28

3

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1      On January 23, 2025, Plaintiff filed in this Court a document titled "Ex Parte

2  Application for Judicial Notice of Second Amended Complaint and Stay or

3  Extension of Rule 26(f) Deadlines Pending Motion to Remand." [Docket No. 11].

4      On January 30, 2025, this Court entered an Order denying Plaintiff's "Request

5  for Judicial Notice and to Stay the Case Pending State Court Hearing Scheduled for

6  March 13, 2025." [Docket No. 17].

7      On February 18, 2025, Plaintiff filed in this Court a document titled

8  "Plaintiff's Ex Parte Motion for Equitable Tolling and Remand." [Docket No. 23].

9      On February 24, 2025, Horace Mann filed its opposition to "Plaintiff's Ex

10  Parte Motion for Equitable Tolling and Remand." [Docket No. 25].

11      On February 25, 2025, the Court entered an Order denying Plaintiff's

12  "Plaintiff's Ex Parte Motion for Equitable Tolling and Remand." [Docket No. 27].

13      On March 4, 2025, Plaintiff filed the instant motion, a document titled "Notice

14  of Motion and Motion for Judicial Notice of Notice of Motion to Remand Sua

15  Sponte." [Docket No. 29].

16      On March 10, 2025, the Court entered a Scheduling Order and Notice, stating

17  that it "will construe the [instant] Motion as a Motion to Remand." [Docket No. 31].

18      Following a state court hearing on March 13, 2025, that court entered an Order

19  expressly stating that it had rejected Plaintiff's submissions of a "second amended

20  complaint." See Ingulsrud Decl. ¶ 10, Exh. B.

21  **II.**    **ARGUMENT**

22      The Court should deny Plaintiff's Motion to Remand because Horace Mann

23  timely removed on the basis of diversity jurisdiction and has established that the only

24  Plaintiff and the only Defendant in this case hail from different states and that the

25  amount in controversy exceeds $75,000. Plaintiff missed the statutory 30-day

26  deadline, by many weeks, to raise any other defect with the removal. In any event,

27  all of Plaintiff's arguments regarding are entirely unsupported by facts or law.

28

4

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

**A.    Horace Mann timely removed this case.**

Under 28 U.S.C. § 1446(b)(1), Horace Mann had "30 days after receipt by [Horace Mann], through service or otherwise, of a copy of" Plaintiff's Complaint in state court to file notice of removal in federal court.

Horace Mann was served with Plaintiff's Complaint on November 8, 2024. [Docket No. 1-3, Ingulsrud Decl. ¶ 2 and Exhibit A.][3]

Horace Mann filed notice of removal in this Court on December 6, 2024. [Docket No. 1.]

Therefore, Horace Mann's removal was timely.

**B.    Because 30 days passed before Plaintiff raised any defect with Horace Mann's removal, Plaintiff is barred from raising, and the Court has no statutory authority to consider, any grounds for remand other than lack of subject matter jurisdiction.**

Under 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  "A motion to remand the case for procedural defects must be made within 30 days after the removal notice is filed in federal court." Miller v. California Dept. of Corrections & Rehab., 2012 WL 5336969, at *2 (E.D. Cal. Oct. 26, 2012), report and recommendation adopted, 2012 WL 6088304 (E.D. Cal. Dec. 6, 2012) (citing Northern Calif. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995)).

Horace Mann's notice of removal was filed in federal court and served on -- and received by -- Plaintiff on December 6, 2024.  [Docket No. 12, pp. 1-2.]

Because Plaintiff let pass the 30-day deadline under 28 U.S.C. § 1447(c) to raise defects in the removal other than lack of subject matter jurisdiction, the only

---

[3] Plaintiff subsequently filed a First Amended Complaint in state court, a copy of which Horace Mann obtained from the state court.  See Ingulsrud Decl. ¶ 3.

5

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1  grounds on which Plaintiff's Motion may be based and decided is lack of subject

2  matter jurisdiction.  See Ingulsrud Decl. ¶ 7.

3      Plaintiff has waived any right to seek remand, and the Court has no statutory

4  authority to remand, on any basis other than lack of subject matter jurisdiction.

5  Manier v F.D.I.C., 979 F.2d 782, 784 (9th Cir. 1992).  Such grounds are not present.[4]

6      **C.    There is complete diversity between the only two Parties in the case.**

7      The only Defendant named in Plaintiff's Complaint and subsequently-filed

8  First Amended Complaint is Horace Mann.  [Docket No. 1-3, Ingulsrud Decl. ¶¶ 2-3

9  and Exhibit A.]

10      As demonstrated in Horace Mann's removal papers, Horace Mann is

11  incorporated in Illinois (which Plaintiff alleges) and has its principal place of

12  business in Illinois.  [Docket No. 1-3, Ingulsrud Decl. ¶¶ 2, 5 and Exhs. A, C.]

13  Stephen Chapman is a citizen of California.  [Docket No. 1-3, Ingulsrud Decl. ¶ 2

14  and Exh. A.]

15

16  _____

17  [4] Plaintiff may not challenge Horace Mann's removal based on the filing of the
    Notice of Filing Notice of Removal in state court.  That would be a procedural
18  matter.  However, even if Plaintiff could raise that question, this Court has
    recognized that the timing of Horace Mann's filing in state court does not, on its
19  own, defeat subject matter jurisdiction.  [Docket No. 17.]  The state court has also
    ruled as follows:  "Defendant [Horace Mann] complied with the procedural
20  requirements for removal by filing a notice of removal in the federal court, giving
    notice to all adverse parties, and filing the notice with the clerk of the state court.  (28
21  U.S.C.A. § 1446 (West) subd. (d).)  The filing effects removal . . . ."  See Ingulsrud
    Decl. ¶ 10 and Exhibit B.  See, e.g., Nixon v. Wheatley, 368 F. Supp. 2d 635, 640
22  (E.D. Tex. 2005) (filing copy of notice of removal in state court is procedural act,
    and failure to do so does not defeat federal court's jurisdiction."); Whitney v. Wal-
23  Mart Stores, Inc., 2004 WL 1941345, at **1-2 (D.Maine Aug. 31, 2004) (6-month
    delay in filing notice with state court did not defeat federal diversity jurisdiction);
24  Calderon v. Pathmark Stores, Inc., 101 F. Supp.2d 246, 247-48 (S.D.N.Y. 2000)
    ("where . . . the [37-day] delay was relatively short and no action was taken by the
25  state court between the time of actual removal and the time of the requisite notice,
    the alleged defect is harmless and, not being jurisdictional, creates no basis for
26  remand."), cited in Khayoyan v. Travelers Commercial Ins. Co., 2021 WL 1662579,
    at *4 (C.D. Cal. Apr. 28, 2021); Linden v. Chase Manhattan Corp., 52 F. Supp.2d
27  387, 388-89 (S.D.N.Y. 1999) (federal court's jurisdiction attached as soon as petition
    for removal is filed in federal court; failure to file notice of removal in state court
28  does not affect federal court's jurisdiction and does not vitiate removal).

6

_____

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1    Contrary to Plaintiff's contentions, Horace Mann has been the only Defendant

2  in this case since inception.  Plaintiff has never filed a document called "Second

3  Amended Complaint" in state court or this Court.  See Ingulsrud Decl. ¶ 10, Exh. B.

4    In a ruling dated March 13, 2025, the state court noted that "Plaintiff first

5  submitted for filing a second amended complaint on December 10, 2024, and again

6  on December 13, 2024, both of which the court rejected on December 19, 2024."

7  See Ingulsrud Decl. ¶ 10, Exh. B (emphasis added).  Additionally, this Court

8  previously ruled that Plaintiff cannot have filed a second amended complaint after an

9  answer had already been filed.  [Docket No. 17.]  See also California Code of Civil

10  Procedure § 472.

11    Accordingly, Plaintiff's contention that the case has -- or ever had -- more than

12  one Defendant is untrue and should be disregarded.[5]

13    **D.    The evidence and Horace Mann's removal papers demonstrate the amount in controversy exceeds $75,000.**

14    Generally, the amount in controversy is to be decided from the complaint

15  itself.  Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995)

16  (citing Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961)).  If it is "unclear

17  or ambiguous from the face of a state-court complaint whether the requisite amount

18  in controversy is pled," the Court must determine whether it is "more likely than not"

19  that the amount in controversy exceeds $75,000.  Guglielmino v. McKee Foods

20  Corp., 506 F.3d 696, 699 (9th Cir. 2007).

21    The calculation of the amount in controversy takes into account claims for

22  general damages, special damages, emotional distress damages, punitive damages if

23  recoverable as a matter of law, and attorneys' fees if recoverable by statute or

24  contract.  Richmond v. Allstate Ins. Co., 897 F. Supp. at 449-51.  See also Galt G/S

25

26

27  _____

28  [5] These procedural facts also eviscerate Plaintiff's arguments about "snap removal" and the "forum defendant rule," Horace Mann has always been the only Defendant, and it is not a citizen of California.

7

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1  v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Rippee v. Boston Mkt.

2  Corp., 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005).

3      In Richmond, the Court denied the plaintiffs' motion to remand based on the

4  same types of evidence present in the instant case.  897 F. Supp. at 449-51.  In

5  finding that the removing defendant had established the minimum amount in

6  controversy (which was $50,000 at the time), the court considered (a) the pleadings,

7  (b) the limits of the policy at issue (which were $25,000), (c) the high exposure

8  presented by the plaintiffs' "bad faith" claims, (d) the plaintiffs' demand for

9  "emotional distress damages in an uncertain amount" (about which the court

10  concluded, "The vagueness of plaintiffs' pleadings with regard to emotional distress

11  damages should not preclude this Court from noting that these damages are

12  potentially substantial"), (e) the demand for punitive damages, which in California

13  "are recoverable against an insurance company that breaches the implied covenant of

14  good faith and fair dealing," and (f) the demand for costs and attorney's fees.  Id.

15  (citations omitted).

16      In the instant case, the allegations and claims in the First Amended Complaint

17  seek recovery for alleged losses after Horace Mann, because of Plaintiff's non-

18  payment of premium, canceled an automobile policy.  [Docket Nos. 1, 1-3, Ingulsrud

19  Decl. ¶¶ 2-3, Exh. A.]  That prior policy, before cancellation, had bodily injury

20  liability limits of $100,000 per person/$300,000 per accident, property damage

21  liability limit of $100,000 per accident, medical payments limit of $5,000 per

22  insured, UM/UIM bodily injury limits of $100,000 per person/$300,000 per accident,

23  collision coverage, other-than-collision coverage, and other coverages.  [Docket No.

24  1-2, Rubin Decl. ¶ 2 and Exh. 1.]

25      According to his First Amended Complaint, Plaintiff is suing Horace Mann

26  "for breach of contract, bad faith denial of insurance benefits, fraud, and other causes

27  of action related to [Horace Mann's] improper handling of Plaintiff's insurance

28  claim."  [Docket Nos. 1-3, Ingulsrud Decl. ¶¶ 2-3, Exh. A.]  He seeks not only the

8

**DEFENDANT HORACE MANN'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

1  recovery of benefits under a non-existent insurance policy, but also the recovery of

2  "financial losses, including medical expenses, lost wages, and emotional distress" as

3  well as attorney's fees and costs under California Code of Civil Procedure § 1021.5

4  (as did the plaintiffs in <u>Richmond</u>).  [Docket Nos. 1, 1-3, Ingulsrud Decl. ¶¶ 2-3,

5  Exh. A.]  Among many other things, Plaintiff alleges that Horace Mann "made false

6  representations," "falsified" records, "intended to deceive," "presented fraudulent

7  records," committed "oppressive" and "extreme and outrageous" conduct causing

8  Plaintiff "severe emotional distress," "engaged in fraudulent and unfair business

9  practices," and "acted with malicious intent."  <u>Id.</u>

10      Unlike in <u>Richmond</u>, here the policy limits alone exceed the minimum amount

11  in controversy (Plaintiff is seeking the benefits, even though the policy did not exist).

12      Additionally, the amounts Plaintiff seeks on top of policy benefits include not

13  only punitive damages and attorney's fees and costs, but also alleged medical

14  expenses, alleged lost wages, and allegedly "severe" emotional distress damages,

15  which claim alone exceeds the minimum amount in controversy.  See, e.g., <u>Cain v.</u>

16  <u>Hartford Life & Acc. Ins. Co.</u>, 890 F. Supp. 2d 1246, 1250-51 (C.D. Cal. 2012)

17  (citing <u>Clayton v. United Servs. Auto. Ass'n</u>, 54 Cal. App. 4th 1158 (1997)

18  (emotional distress award of $400,000 for insurance "bad faith"); <u>Hangarter v.</u>

19  <u>Provident Life & Acc. Ins. Co.</u>, 373 F.3d 998, 1005 (9th Cir. 2004) (emotional

20  distress award of $400,000 for denial of disability benefits); <u>Ace v. Aetna Life Ins.</u>

21  <u>Co.</u>, 40 F. Supp. 2d 1125 (D.Alaska 1999) (emotional distress award of $100,000

22  along with initial award of $27,009 for wrongful denial of disability benefits);

23  <u>Richmond</u>, 897 F. Supp. at 450–451 (removal proper because <i>inter alia</i> laintiffs'

24  emotional distress damages were potentially substantial).

25      And, as in <u>Richmond</u>, here the punitive damages sought by Plaintiff alone

26  exceed the jurisdictional minimum.  <u>See</u> 897 F. Supp. 447 at 450-51 (citing <u>Neal v.</u>

27  <u>Farmers Ins. Exch.</u>, 21 Cal. 3d 910, 922-23 (1978) (approving punitive damages

28  award of $749,011.48 with compensatory damages award of $9,573.65); <u>Downey</u>

9

---

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1   Savs. & Loan Ass'n v. Ohio Cas. Ins. Co., 189 Cal. App. 3d 1072, 1099 (1987)

2   (upholding punitive damages equal to 32 times the award of compensatory damages),

3   cert. denied, 486 U.S. 1036 (1988)).

4        The Court in Richmond also based its denial of the motion to remand on an

5   *absence* of particular evidence:  "[A]lthough plaintiffs have not made any explicit

6   demands for over [the required minimum amount in controversy], plaintiffs make no

7   binding representation that they seek any less than that amount . . . ."  897 F. Supp. at

8   451 (emphasis added).  In the instant case, not only is such evidence absent, but

9   Plaintiff in fact conceded in a "meet and confer" about this Motion with counsel for

10  Horace Mann that the amount he is seeking "could be more than $75,000" and that

11  he is "not limiting [his] claim to $74,999."  See Declaration of Marc J. Shrake ¶¶ 1-3.

12       Based on the evidence, the amount in controversy exceeds $75,000.  Again,

13  however, Horace Mann maintains that Plaintiff is entitled to nothing because Horace

14  Mann acted lawfully and properly.[6]  [Docket Nos. 1, 1-2, 1-3].

15  **III.    SANCTIONS**

16       Plaintiff routinely makes unsubstantiated allegations about the record and

17  Horace Mann's counsel that have no evidentiary support and, in fact, are false.

18       Plaintiff has also unnecessarily complicated and extended Rule 26 procedures,

19  filed multiple *ex parte* applications and random documents.

20       Plaintiff does not always serve Horace Mann with his court filings.  This

21  results in delayed notice in this Court; Plaintiff's filings are deemed "filed" on the

22  day he submits them through EDDS, but they do not appear publicly and are not

23  available to Horace Mann until they appear on PACER several days later.

24       Horace Mann reserves its right to seek sanctions if Plaintiff continues his

25  current practice.

26

27

28  _____

[6]  Horace Mann reserves all rights, including without limitation its right to contest the quantum of damages sought by Plaintiff.

10

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

432

136

**IV.    CONCLUSION**

Based on the record, Horace Mann respectfully requests that the Court deny Plaintiff's Motion.

Dated: March 21, 2025                    **FREEMAN MATHIS & GARY, LLP**

By:    /s/ Marc J Shrake_____
Marc J. Shrake
Attorneys for Defendant
HORACE MANN PROPERTY AND
CASUALTY INSURANCE
COMPANY

11

**DEFENDANT HORACE MANN'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California  90071
T: 213.615.7000 | F: 833.264.2083
Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>                         Plaintiff,<br><br>     v.<br><br>HORACE MANN PROPERTY &<br>CASUALTY INSURANCE<br>COMPANY,<br><br>                         Defendant. | Case No. 2:24-CV-10546-MWF-BFM<br>District Judge: Michael W. Fitzgerald<br>**DECLARATION OF KRISTIN A.<br>INGULSRUD IN SUPPORT OF<br>DEFENDANT HORACE MANN'S<br>OPPOSITION TO PLAINTIFF'S<br>MOTION TO REMAND**<br>*[Filed concurrently with Defendant's<br>Opposition; Declaration of Marc J.<br>Shrake]* |

I, Kristin A. Ingulsrud, Esq., hereby declare as follows:

I am an attorney admitted to practice in all courts in the State of California and in this Court.  I am an attorney with the law firm Freeman Mathis & Gary, LLP, counsel of record for Defendant Horace Mann Property and Casualty Insurance Company ("Horace Mann").  Unless otherwise noted, the following is based on my personal knowledge.  If called as a witness, I could competently testify to these facts.

1.    On or about October 24, 2024, Plaintiff Stephen Chapman filed a Complaint against Defendant Horace Mann, and no other party, in Los Angeles County Superior Court, Case No. 24STCV27909 ("state court case").

Freeman Mathis
& Gary, LLP
Attorneys at Law

DECLARATION OF KRISTIN A. INGULSRUD

2.     The proof of service of summons filed in the state court case indicates that the initial Complaint was served on Horace Mann on November 8, 2024.

3.     On or about November 14, 2024, Plaintiff filed a First Amended Complaint in the state court case, again naming Horace Mann as the only Defendant. [Docket No. 1, submitted with Attachment 3 Exhibit A.]

4.     My office filed Horace Mann's Answer to Plaintiff's First Amended Complaint in Los Angeles County Superior Court, Case No. 24STCV27909 on December 5, 2024.

5.     My office served Plaintiff with the Answer to the First Amended Complaint by mail, and also emailed Plaintiff a courtesy copy, on December 5, 2024.

6.     My office filed Horace Mann's Notice of Removal and all supporting documents on December 6, 2024.  [Docket No. 1.]

7.     Also on December 6, 2024, my office served Plaintiff with the Notice of Removal and all supporting papers by mail, and also emailed Plaintiff a courtesy copy of these documents.

8.     The Notice of Filing Notice of Removal was filed in the state court case on January 7, 2025.

9.     For January 7, 2025, the state court case docket states as follows: "01/07/2025 The case is placed in special status of:  Stay - Removal to Federal Court." That docket entry is still visible, as of the date of this filing.  Attached hereto as **Exhibit A** is a true and correct copy of the state court docket as of March 21, 2025.

10.     On March 13, 2025, the state court heard and denied Plaintiff's so-called "Motion to Strike Notice of Removal, Recognize Second Amended Complaint as Operative Pleading, and Remand to State Court".  The state court's order denying the motion states that "Plaintiff first submitted for filing a second amended complaint on December 10, 2024, and again on December 13, 2024, both of which the court rejected."  Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Ruling filed in the state court case on March 13, 2025.

Freeman Mathis
& Gary, LLP
Attorneys at Law

DECLARATION OF KRISTIN A. INGULSRUD

435

139

1      I declare under penalty of perjury and under the laws of the United States and

2  California that the foregoing is true and correct to the best of my knowledge and belief.

3      Executed this 21st day of March, 2025 at El Segundo, California.

4

5                     /s/ *Kristin A. Ingulsrud*

6                     Kristin A. Ingulsrud

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Freeman Mathis
& Gary, LLP**
Attorneys at Law

DECLARATION OF KRISTIN A. INGULSRUD

# EXHIBIT A

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  24STCV27909

STEPHEN CHAPMAN VS HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:**  10/24/2024
**Case Type:**  Insurance Coverage (not complex) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**04/29/2025** at 08:45 AM in Department 40 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Order Striking Defendant's Notice of Removal, Grant Leave to Amend Complaint, and Remand Case to State Court

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CHAPMAN STEPHEN - Plaintiff

HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY - Defendant

INGULSRUD KRISTIN - Attorney for Defendant

PRUITT RAYMOND DBA RAYMOND PRUITT - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
10/30/2024

**03/13/2025** Minute Order ( (Case Management Conference))
Filed by Clerk

**03/13/2025** Notice of Ruling
Filed by Horace Mann Property & Casualty Insurance Company (Defendant)

**03/12/2025** Notice of Lodging (NOTICE OF LODGING: DECLARATION OF STEPHEN CHAPMAN)
Filed by Stephen Chapman (Plaintiff)

**03/12/2025** Exhibit List

Filed by Stephen Chapman (Plaintiff)

**03/12/2025** Brief (CMC BRIEF)
Filed by Stephen Chapman (Plaintiff)

**03/12/2025** Reply (BRIEF REPLY TO DEFENDANT?S SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT
PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY
PLAINTIFF ON MARCH 10, 2025 (Res ID: 0065)
Filed by Stephen Chapman (Plaintiff)

**03/11/2025** Case Management Statement
Filed by Stephen Chapman (Plaintiff)

**03/11/2025** Opposition (DEFENDANTS SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT PROCEEDINGS
AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY PLAINTIFF ON
MARCH 10, 2025 DECLARATION OF MARC J. SHRAKE (Res ID: 0065))
Filed by Horace Mann Property & Casualty Insurance Company (Defendant)

**03/06/2025** Reply (PLAINTIFF?S REPLY BRIEF TO DEFS? UNTIMELY OPPOSITION (Res ID: 0065))
Filed by Stephen Chapman (Plaintiff)

**02/28/2025** Opposition (DEFENDANTS OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL
TO FEDERAL COURT, INCLUDING WITHOUT LIMITATION PLAINTIFFS MOTION TO STRIKE NOTICE OF REMOVAL,
RECOGNIZE SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT)
Filed by Horace Mann Property & Casualty Insurance Company (Defendant)

**02/25/2025** Civil Case Cover Sheet
Filed by Stephen Chapman (Plaintiff)

**02/18/2025** Notice (OF IMPROPER REMOVAL AND REQUEST FOR JUDICIAL ACTION)
Filed by Stephen Chapman (Plaintiff)

**01/27/2025** Summons (on Complaint (1st))
Filed by Stephen Chapman (Plaintiff)

**01/21/2025** Civil Case Cover Sheet
Filed by Stephen Chapman (Plaintiff)

**01/14/2025** Certificate of Mailing for ((Non-Appearance Case Review regarding Order to Show Cause Hear...) of 01/14/2025)
Filed by Clerk

**01/14/2025** Minute Order ( (Non-Appearance Case Review regarding Order to Show Cause Hear...))
Filed by Clerk

**01/07/2025** Notice of Removal to Federal Court
Filed by Horace Mann Property & Casualty Insurance Company (Defendant)

**01/06/2025** Notice of Motion
Filed by Stephen Chapman (Plaintiff)

**01/06/2025** Motion for Order (TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED COMPLAINT AS
OPERATIVE PLEADING, AND REMAND TO STATE COURT (Res ID: 0065))
Filed by Stephen Chapman (Plaintiff)

**01/03/2025** Declaration (in support of Second Amended Complaint)
Filed by Stephen Chapman (Plaintiff)

**12/16/2024** Civil Case Cover Sheet
Filed by Stephen Chapman (Plaintiff)

**12/05/2024** Answer
Filed by Horace Mann Property & Casualty Insurance Company (Defendant)

**11/18/2024** Proof of Personal Service

Filed by Stephen Chapman (Plaintiff)

**11/18/2024** Proof of Personal Service
Filed by Stephen Chapman (Plaintiff)

**11/14/2024** Amended Complaint ((1st) (1st))
Filed by Stephen Chapman (Plaintiff)

**11/12/2024** Proof of Personal Service
Filed by Stephen Chapman (Plaintiff)

**11/08/2024** Proof of Personal Service
Filed by Stephen Chapman (Plaintiff)

**11/05/2024** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

**11/05/2024** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   10/30/2024

**10/30/2024** Summons (on Complaint)
Filed by Stephen Chapman (Plaintiff)

**10/25/2024** Notice of Case Management Conference
Filed by Clerk

**10/25/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**10/24/2024** Notice of Rejection of Electronic Filing
Filed by Clerk

**10/24/2024** Order on Court Fee Waiver (Superior Court)
Filed by Clerk

**10/24/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/24/2024** Alternative Dispute Resolution Packet
Filed by Clerk

**10/24/2024** Civil Case Cover Sheet
Filed by Stephen Chapman (Plaintiff)

**10/24/2024** Civil Case Cover Sheet
Filed by Stephen Chapman (Plaintiff)

**10/24/2024** Complaint
Filed by Stephen Chapman (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   10/30/2024

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**Proceedings Held (Proceeding dates listed in descending order)**

**03/18/2025** at 08:30 AM in Department 40

Hearing on Motion for Stay of Proceedings - **Not Held - Vacated by Court**

**03/13/2025** at 08:30 AM in Department 40, Michael Shultz, Presiding

Case Management Conference - **Not Held - Taken Off Calendar by Party**

**03/13/2025** at 08:30 AM in Department 40

Hearing on Motion for Order (Striking Defendant's Notice of Removal, Grant Leave to Amend Complaint, and Remand Case
to State Court (Res ID0065)) - **Not Held - Rescheduled by Party**

**02/26/2025** at 08:30 AM in Department 40

Order to Show Cause Re: Failure to File Proof of Service - **Not Held - Vacated by Court**

**02/26/2025** at 08:30 AM in Department 40

Case Management Conference - **Not Held - Advanced and Continued - by Court**

**01/14/2025** at 3:56 PM in Department 40, Michael Shultz, Presiding

Non-Appearance Case Review

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**03/13/2025** Hearing on Motion for Order Striking Defendant's Notice of Removal, Grant Leave to Amend Complaint, and
Remand Case to State Court scheduled for 04/29/2025 at 08:45 AM in Stanley Mosk Courthouse at Department 40

**03/13/2025** Notice of Ruling; Filed by: Horace Mann Property & Casualty Insurance Company (Defendant)

**03/13/2025** Minute Order (Case Management Conference)

**03/13/2025** Pursuant to the request of moving party, Hearing on Motion for Order Striking Defendant's Notice of Removal,
Grant Leave to Amend Complaint, and Remand Case to State Court (Res ID: 0065) scheduled for 03/13/2025 at 08:30 AM in
Stanley Mosk Courthouse at Department 40 Not Held - Rescheduled by Party was rescheduled to 04/29/2025 08:45 AM

**03/13/2025** Case Management Conference scheduled for 03/13/2025 at 08:30 AM in Stanley Mosk Courthouse at
Department 40 Not Held - Taken Off Calendar by Party on 03/13/2025

**03/12/2025** Updated -- Motion for Order TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED
COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT (Res ID: 0065): Name Extension changed
from TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING,
AND REMAND TO STATE COURT to to STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED
COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT (Res ID: 0065)

**03/12/2025** Updated -- Reply PLAINTIFF?S REPLY BRIEF TO DEFS? UNTIMELY OPPOSITION (Res ID: 0065): Name
Extension changed from PLAINTIFF?S REPLY BRIEF TO DEFS? UNTIMELY OPPOSITION to PLAINTIFF?S REPLY BRIEF
TO DEFS? UNTIMELY OPPOSITION (Res ID: 0065)

**03/12/2025** Updated -- Opposition DEFENDANTS SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT
PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY
PLAINTIFF ON MARCH 10, 2025 DECLARATION OF MARC J. SHRAKE (Res ID: 0065): Name Extension changed from
DEFENDANTS SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL TO
FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY PLAINTIFF ON MARCH 10, 2025
DECLARATION OF MARC J. SHRAKE to DEFENDANTS SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT
PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY
PLAINTIFF ON MARCH 10, 2025 DECLARATION OF MARC J. SHRAKE (Res ID: 0065)

**03/12/2025** Exhibit List; Filed by: Stephen Chapman (Plaintiff)

**03/12/2025** Notice of Lodging NOTICE OF LODGING: DECLARATION OF STEPHEN CHAPMAN; Filed by: Stephen
Chapman (Plaintiff)

**03/12/2025** Reply BRIEF REPLY TO DEFENDANT?S SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT
PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY
PLAINTIFF ON MARCH 10, 2025; Filed by: Stephen Chapman (Plaintiff)

**03/12/2025** Brief CMC BRIEF; Filed by: Stephen Chapman (Plaintiff)

**03/12/2025** Updated -- Reply BRIEF REPLY TO DEFENDANT?S SUPPLEMENTAL OPPOSITION TO FURTHER STATE
COURT PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT
BY PLAINTIFF ON MARCH 10, 2025 (Res ID: 0065): Name Extension changed from BRIEF REPLY TO DEFENDANT?S
SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT,
AND PRELIMINARY RESPONSE TO PAPERS SENT BY PLAINTIFF ON MARCH 10, 2025 to BRIEF REPLY TO
DEFENDANT?S SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL TO
FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY PLAINTIFF ON MARCH 10, 2025 (Res ID:
0065)

**03/11/2025** Opposition DEFENDANTS SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT PROCEEDINGS
AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY PLAINTIFF ON
MARCH 10, 2025 DECLARATION OF MARC J. SHRAKE; Filed by: Horace Mann Property & Casualty Insurance Company
(Defendant)

**03/11/2025** Case Management Statement; Filed by: Stephen Chapman (Plaintiff)

**03/06/2025** Reply PLAINTIFF?S REPLY BRIEF TO DEFS? UNTIMELY OPPOSITION; Filed by: Stephen Chapman (Plaintiff)

**02/28/2025** Opposition DEFENDANTS OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL
TO FEDERAL COURT, INCLUDING WITHOUT LIMITATION PLAINTIFFS MOTION TO STRIKE NOTICE OF REMOVAL,
RECOGNIZE SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT; Filed by:
Horace Mann Property & Casualty Insurance Company (Defendant)

**02/25/2025** Civil Case Cover Sheet; Filed by: Stephen Chapman (Plaintiff)

**02/18/2025** Notice OF IMPROPER REMOVAL AND REQUEST FOR JUDICIAL ACTION; Filed by: Stephen Chapman
(Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant); Raymond Pruitt (Defendant)

**01/27/2025** Summons on Complaint (1st); Issued and Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property &
Casualty Insurance Company (Defendant); Raymond Pruitt (Defendant)

**01/21/2025** Civil Case Cover Sheet; Filed by: Stephen Chapman (Plaintiff)

**01/14/2025** Case Management Conference scheduled for 03/13/2025 at 08:30 AM in Stanley Mosk Courthouse at
Department 40

**01/14/2025** Minute Order (Non-Appearance Case Review regarding Order to Show Cause Hear...)

**01/14/2025** Certificate of Mailing for (Non-Appearance Case Review regarding Order to Show Cause Hear...) of 01/14/2025;
Filed by: Clerk

**01/14/2025** On the Court's own motion, Order to Show Cause Re: Failure to File Proof of Service scheduled for 02/26/2025
at 08:30 AM in Stanley Mosk Courthouse at Department 40 Not Held - Vacated by Court on 01/14/2025

**01/14/2025** On the Court's own motion, Case Management Conference scheduled for 02/26/2025 at 08:30 AM in Stanley
Mosk Courthouse at Department 40 Not Held - Advanced and Continued - by Court was rescheduled to 03/13/2025 08:30
AM

**01/07/2025** Notice of Removal to Federal Court; Filed by: Horace Mann Property & Casualty Insurance Company
(Defendant)

**01/07/2025** The case is placed in special status of: Stay - Removal to Federal Court

**01/06/2025** Motion for Order TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED COMPLAINT AS
OPERATIVE PLEADING, AND REMAND TO STATE COURT; Filed by: Stephen Chapman (Plaintiff)

**01/06/2025** Notice of Motion; Filed by: Stephen Chapman (Plaintiff)

442

146

**01/06/2025** Hearing on Motion for Order Striking Defendant's Notice of Removal, Grant Leave to Amend Complaint, and Remand Case to State Court scheduled for 03/13/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 40

**01/03/2025** Declaration in support of Second Amended Complaint; Filed by: Stephen Chapman (Plaintiff)

**12/28/2024** Hearing on Motion for Stay of Proceedings scheduled for 03/18/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 40 Not Held - Vacated by Court on 12/28/2024

**12/16/2024** Civil Case Cover Sheet; Filed by: Stephen Chapman (Plaintiff)

**12/05/2024** Answer; Filed by: Horace Mann Property & Casualty Insurance Company (Defendant); As to: Stephen Chapman (Plaintiff)

**11/18/2024** Proof of Personal Service; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant); Service Date: 11/14/2024; Service Cost: 41.30; Service Cost Waived: No

**11/18/2024** Proof of Personal Service; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant); Service Cost Waived: No; Service Cost: 40.00; Service Date: 11/14/2024

**11/14/2024** Amended Complaint (1st) (1st); Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant)

**11/12/2024** Proof of Personal Service; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant); Service Cost Waived: No; Service Cost: 40.00; Service Date: 11/08/2024

**11/12/2024** Case reassigned to Stanley Mosk Courthouse in Department 40 - Hon. Michael Shulteffective 11/12/2024; Reason: Inventory Transfer

**11/08/2024** Proof of Personal Service; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant); Service Date: 11/08/2024; Service Cost: 41.30; Service Cost Waived: No

**11/05/2024** Notice of Case Reassignment and Order for Plaintiff to Give Notice; Filed by: Clerk

**11/05/2024** Notice of Case Reassignment and Order for Plaintiff to Give Notice; Filed by: Clerk

**10/30/2024** Summons on Complaint; Issued and Filed by: Stephen Chapman (Plaintiff)

**10/25/2024** Case Management Conference scheduled for 02/26/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 40

**10/25/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**10/25/2024** Notice of Case Management Conference; Filed by: Clerk

**10/25/2024** Address for Stephen Chapman (Plaintiff) clerical correction

**10/25/2024** Updated -- Stephan Chapman (Plaintiff): First Name: Stephan; Last Name: Chapman; Organization Name: blank

**10/25/2024** Updated -- Stephen Chapman (Plaintiff): First Name changed from Stephan to Stephen

**10/25/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 02/26/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 40

**10/24/2024** Complaint; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant)

**10/24/2024** Civil Case Cover Sheet; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant)

**10/24/2024** Civil Case Cover Sheet; Filed by: Stephen Chapman (Plaintiff); As to: Horace Mann Property & Casualty Insurance Company (Defendant)

**10/24/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**10/24/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**10/24/2024** Updated -- Order on Court Fee Waiver (Superior Court): Status Date changed from 10/24/2024 to 10/24/2024 ; Status changed from TP to Signed and Filed

**10/24/2024** Case assigned to Hon. Anne Richardson in Department 40 Stanley Mosk Courthouse

**10/24/2024** Order on Court Fee Waiver (Superior Court); TP by:

444

148

# EXHIBIT B

**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
T.: 213.615.7000 | F: 833.264.2083

Attorneys for Defendant Horace Mann
Property and Casualty Insurance Company

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/13/2025 10:29 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>Plaintiff,<br><br>v.<br><br>HORACE MANN PROPERTY &<br>CASUALTY INSURANCE<br>COMPANY,<br><br>Defendant. | Case No. 24STCV27909, REMOVED TO UNITED<br>STATES DISTRICT COURT FOR THE CENTRAL<br>DISTRICT OF CALIFORNIA,<br>CASE NO. 2:24-CV-10546-MWF-BFM<br><br>Department 40, Honorable Michael Shultz<br><br>**NOTICE OF RULING ON PLAINTIFF'S**<br>**"MOTION TO STRIKE NOTICE OF**<br>**REMOVAL, RECOGNIZE SECOND AMENDED**<br>**COMPLAINT AS OPERATIVE PLEADING,**<br>**AND REMAND TO STATE COURT"**<br><br>Complaint filed: October 24, 2024<br>Removed:         December 6, 2024<br>Stayed:          January 7, 2025 |

On March 13, 2025, this matter came on for hearing in Department 40 of the captioned Court.

Horace Mann Property and Casualty Insurance Company ("Horace Mann") was represented by Marc

Shrake and Kristin Ingulsrud. Plaintiff Stephen Chapman did not make an appearance.

Horace Mann submitted on the Court's tentative ruling. The tentative ruling is the order of

the Court. A copy of the Court's tentative ruling, which is now the order, is attached as Exhibit A.

Respectfully submitted,

DATED: March 13, 2025        **FREEMAN MATHIS & GARY, LLP**

*Marc J. Shrake*

Marc J. Shrake
Kristin A. Ingulsrud
*Attorneys for Defendant Horace Mann Property*
*and Casualty Insurance Company*

1
**NOTICE OF RULING, MARCH 13, 2025**

# EXHIBIT A

Tentative Rulings - Online Services | Superior Court

Español   Tiếng Việt   한국어   中文   հայերէն

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|---|---|---|---|---|---|---|
| | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Tentative Rulings

Text-to-Speech

Play    Reset

## DEPARTMENT 40 LAW AND MOTION RULINGS

DEPARTMENT 40 - MICHAEL J. SHULTZ - LAW AND MOTION RULINGS

The Court issues tentative rulings on certain motions.The tentative ruling will not become the final ruling until the hearing [see CRC
3.1308(a)(2)]. If the parties wish to submit on the tentative ruling and avoid a court appearance, all counsel must agree and choose
which counsel will give notice. That counsel must 1) email Dept 40 by 8:30 a.m. on the day of the hearing (smcdept40@lacourt.org)
with a copy to the other party(ies) and state that all parties will submit on the tentative ruling, and 2) serve notice of the ruling on all
parties. If any party declines to submit on the tentative ruling, then no email is necessary and all parties should appear at the hearing
in person or by Court Call.

## Case Number: 21SMCV01425    Hearing Date: March 13, 2025    Dept: 40

21STCV30922 / 21SMCV01425 Law Offices of Robert R. Shiri, APC v. Lenny K. Dykstra

Thursday, March 13, 2025

[TENTATIVE] ORDER DENYING PLAINTIFF'S REQUEST FOR COURT JUDGMENT

-

Plaintiff alleges claims for breach of contract and common counts to recover fees for legal services rendered to Defendant in an
underlying action.

On September 10, 2021, the Hon. David Sotelo ordered this case (the "second case" or "-1425") related to 21STCV30922 Lenny
Dykstra v. Robert Shiri designated as the lead case ("lead case" or "-0922"). On January 14, 2022, Judge Sotelo consolidated the related
matters for all purposes and required all documents to be filed under 21STCV30922 (the lead matter).

448

152

On July 11, 2024, the Hon. Anne Richardson noted that the lead matter was dismissed, and default was not entered in the second case. Justice Richardson scheduled a default prove-up hearing for August 9, 2024.

The court's file in the lead matter indicates that Plaintiff Dykstra filed a request for dismissal on June 22, 2023, which the clerk rejected because the cross complainant did not sign the dismissal. This appears erroneous because a cross-complaint was not filed in the lead matter. The record reflects that a second request for dismissal was filed on June 28, 2023. That request for dismissal was rejected because the clerk noted that a request for dismissal was filed on June 23, 2023. The Court finds that the matter was dismissed on June 23, 2023.

The effect of consolidation for all purposes merges the two actions into a single proceeding under one case number and result in only one verdict or set of findings and one judgment. (*Hamilton v. Asbestos Corp., Ltd.* (2000) 22 Cal.4th 1127, 1147.) Therefore, in *Hamilton*, the defendant filed an answer in the second case (Mitchell II), and thereafter the court consolidated it with Mitchel I. (*Id.* at 1149.) Defendant also participated in the trial of the consolidated matters. (*Id.*) As this was a complete consolidation, the court found that defendant had appeared in Mitchell I although it had not been served in Mitchell I. (*Id.*) Moreover, the court's ruling granting a preference in Mitchell I applied to Mitchell II. (*Id.* at 1148.)

As the two cases here were consolidated into one action on September 10, 2021, the dismissal filed in the lead matter, which for all purposes was the only matter having been merged into a single case, the dismissal filed in the lead matter effectively dismissed the second matter 21SMCV1425.

The lodged documents were filed in the lead matter 21STCV30922 and seeks judgment against Lenny Dykstra in the second matter -1425, although that matter had been consolidated and dismissed with the lead matter -0922. The order of July 11, 2024, scheduling a default prove-up hearing was erroneous because of the dismissal of the consolidated action.

Accordingly, Plaintiff's request for court judgment is denied.

**Case Number:** 21STCV00023    **Hearing Date:** March 13, 2025    **Dept:** 40

21STCV00023 Orlando Garcia v. Zarco Hotels Incorporated

Thursday, March 13, 2025

[TENTATIVE] ORDER CONTINUING THE HEARING ON DEFENDANT'S MOTION FOR FURTHER ATTORNEY'S FEES

I.    BACKGROUND

The complaint, filed on January 24, 2021, alleges that Plaintiff is a disabled person with physical disabilities which affect his mobility. (Complaint, ¶ 1.) Plaintiff alleges he accessed Defendant's hotel reservation website to reserve a room but was not given sufficient information about the accessibility features in Defendant's hotel room to allow Plaintiff to assess whether a given room met Plaintiff's needs. (Complaint, ¶¶ 12-16, 18.) Defendant's website stated only that the Defendant's restaurant was "accessible" which is not enough information for Plaintiff to discern whether the tables, travel paths, or service counter were accessible to him. (Complaint, ¶21.)

While Plaintiff alleged he did not need an exhaustive survey, Plaintiff needed information to assess whether the doorways were at least 32-inches wide, whether the position of the sinks in the hotel room provided enough wheelchair clearance, or alternatively, whether the plumbing beneath the sink was insulated to protect against burning. (Complaint, ¶22.)

Plaintiff alleges he does not require an exhaustive list of accessibility features, however, Defendant should have provided a description of a handful of features with modest detail such as whether the hotel room entrance has 32 inches of clearance; whether there is 30 inches of clearance next to the bed to enable him to get into and out of the bed; whether the desk is at least 27-inches high, 30-inches wide, and runs at least 14-inches deep; whether the toilet seat height is between 17-19 inches and whether grab bars are available; the knee clearance of the restroom sink; the type of shower available; the availability of an in-shower seat, wall-mounted grab bars and a detachable, hand-held shower wand; and whether the wall mounted accessories are within 48 inches in height. (Complaint, 5:18-7:2.)

Plaintiff alleged claims for damages, for injunctive relief, and for violations of the Americans With Disabilities Act and the Unruh Civil Rights Act.


II.    ARGUMENTS

Defendant argues that after Plaintiff voluntarily dismissed the action on October 6, 2022, with prejudice, Defendant moved for attorney's fees. On July 11, 2023, the trial court determined that the action was frivolous and awarded Defendant $57,604.90 in fees as requested. The Court of Appeal affirmed the trial court's ruling. Defendant requests an additional $109,222.97 in fees incurred in defending the appeal and to prepare this motion. Defendant has been defensively litigating this case for four years. Defendant wishes to be made whole.

In contrast, Plaintiff argues that the appeal was not frivolous; the billing records are not accurate; and the fee request is vague, unintelligible, duplicative, inefficient, and implausible. Fees for this motion are unnecessary.

In reply, Defendant argues that the appeal was frivolous. The records are accurate and reasonable and seeks reimbursement for compensable work. Deductions are not warranted. Any duplication is not unreasonable as they reflect efficient handling of similar cases.

III.    LEGAL STANDARDS

A.    Attorney's fees may be awarded for work incurred to defend against Plaintiff's appeal.

The court has discretion to allow a reasonable attorney's fee, including litigation expenses, and costs incurred by the prevailing party. As in actions under Title VII of the Civil Rights Act of 1974, a prevailing defendant in an action under 42 U.S.C. § 1983 is entitled to attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" or "that the plaintiff continued to litigate after it clearly became so." (*Hughes v. Rowe* (1980) 449 U.S. 5, 14 ["The plaintiff's action must be meritless in the sense that it is groundless or without foundation."]; *Christiansburg Garment Co. v. Equal Employment Opportunity Commission* (1978) 434 U.S. 412, 422.)  A prevailing Defendant may also recover attorney's fees incurred on appeal of decisions from the lower court. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927.)

A "frivolous" appeal include those that are "indisputably [without] merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Huang v. Hanks* (2018) 23 Cal.App.5th 179, 182.)

In awarding fees, the court must "avoid *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (*Christiansburg* at 421-422 ["Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."].)

B.    The court determines whether the fee request is reasonable.

The court begins with the lodestar, which is the number of hours reasonably spent multiplied by the reasonable hourly rate. (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) The court considers a number of factors including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.'" (*PLCM Group* at 1096.) The lodestar figure can be adjusted based on the factors specific to the case. (*Id.*; *Mountjoy v. Bank of America, N.A.* (2016) 245 Cal.App.4th 266, 271 [" the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services."]

To determine a reasonable market rate, "the courts will look to equally difficult or complex types of litigation." (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 700.) The "market rate" is generally based on the rates prevalent in the community where the court is located. (*Id.*) The trial court is in the best position to value the services rendered by the attorneys in his or her courtroom for the type of litigation at issue.

The court may rely on his or her own experience and is given broad discretion in calculating reasonable attorney's fees. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 ["The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."].)

The court has discretion to apply a reduction in hours for duplicative and or excessive billing. Proper factors to consider in applying a reduction are the lack of complexity, that the matter did not go to trial, that name partners were doing work that could have been done by lower-billing attorneys, and that all the attorneys were doing work that could have been done by paralegals. (*Morris v. Hyundai Motor America* (2019) 41 Cal.App.5th 24, 41 [Trial court properly applied a 39 percent reduction of the lodestar].)

Ultimately, the trial court "is the best judge of the value of professional services rendered in its court" and its determination will not be disturbed unless it is "clearly wrong' or there is a "manifest abuse of discretion." (*Akins v. Enterprise Rent-A-Car Co. of San Francisco* (2000) 79 Cal.App.4th 1127, 1134; *Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1394.)

IV.     ANALYSIS

This court does not engage in *post hoc* reasoning to determine whether Defendant is entitled to a fee award. The court has reviewed the record, including Plaintiff's complaint, Defendant's motion for summary judgment, the trial court's ruling granting Defendant's fee request, and the analysis of Plaintiff's allegations in the complaint by the Court of Appeal in affirming that ruling.

Plaintiff argues that *Morcos* does not apply because the *Morcos* court was not construing the fee statute under the ADA. However, *Morcos* observed it was "settled case law" establishing "the general principle that statutes authorizing attorney fee awards in lower tribunals include attorney fees incurred on appeals of decisions from those lower tribunals." (*Morcos* at 927.) The *Morcos* opinion did not depend on the construction of a particular fee statute.

In granting the full amount requested in Defendant's motion for attorney's fees after Plaintiff dismissed the action, the Hon. Anne Richardson determined that 28 C.F.R. § 36.302 subd. (e)(ii)[1] and the Department of Justice (DOJ) guidance[2] thereon was "more than clear" of the accessibility information required to be disclosed through its reservations service. (M.O. 7.10.23.)

Contrary to the general guidelines provided, Plaintiff's complaint (referenced and cited above) required disclosure of exact inches of clearance provided for doorways, beds, showers, toilet and sinks in the hotel room and the restaurant, although Plaintiff also alleged that he did not need an "exhaustive list." (Complaint, ¶ 22.) Plaintiff alleged that this "small list of items are the bare necessities that Plaintiff must know" to access whether the room "works for him." (Complaint, ¶ 23.)

Plaintiff argues that the level of detail required by section 36.302 did not become clear until *Love v. Marriott Hotel Services, Inc.* (9th Cir. 2022) 40 F.4th 1043 was decided. Plaintiff argues that "binding authority" did not exist at the time Plaintiff filed the complaint, and there was a "split of authority" regarding the merits of the claim. (Opp. 3:11-12.) However, as Justice Richardson observed, section 36.302 became effective October 11, 2016, and DOJ Guidance was available March 15, 2011, preceding the filing of this action. (M.O. 7/11/23 at p. 4.) Given the DOJ Guidance explaining what is required to be identified and described regarding a hotel's accessibility features including an example of what constituted an adequate description, Plaintiff's complaint lacked any foundation. *Love* on which Plaintiff relied did not resolve any dispute with regard to a hotel's description of accessibility requirements.

Plaintiff argues that the "agency deference rule" employed by *Love* was considered infirm at the time and has since been overturned by the U.S. Supreme Court. (Opp. 3: fn. 1.) The U.S. Supreme Court determined that in interpreting an ambiguous statute the court must exercise its independent judgment and not "afford binding deference to agency interpretations." (*Loper Bright Enterprises v. Raimondo* (2024) 603 U.S. 369, 372.) The *Loper* court rejected the "presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows." (*Id.*)  A court exercises its independent judgment in determining the meaning of statutory provisions "may as they have from the start -- seek aid from the interpretations of those responsible for implementing particular statutes. (*Id.* at  371.)

The trial court's or the appellate court's resort to DOJ Guidance that provided examples of the sufficiency of a Hotel's accessibility disclosure is not at issue. In California, the courts do not regard an agency's interpretation of a statute as binding; rather "the deference that a court must show an agency interpretation of a statute turns on whether the agency has a "'comparative interpretive advantage over the courts.'" (*Capen v. Shewry* (2007) 155 Cal.App.4th 378, 391 [a court may resolve an ambiguity if it is "in as good a position as the [agency], or almost so, to [make the] interpret[ation].")

In *Love*, the court deferred to DOJ's interpretation based on the principle that deference is given to an agency's construction of its own regulation, but not without exercising its independent judgment " into whether the character and context of the agency interpretation entitles it to controlling weight. (*Love* at 1047.)

Regardless of the foregoing, Plaintiff did not challenge the trial court's reliance on DOJ guidelines to determine the adequacy of the Hotel's accessibility information.

Returning to the propriety of fee awards, Plaintiff relies on *Kohler v. Bed Bath & Beyond of California, LLC* (9th Cir. 2015) 780 F.3d 1260 where the U.S. Court of Appeals for the Ninth Circuit determined that the prevailing defendant was not entitled to recover fees because claims regarding maneuvering space "were not clearly resolved by prior case law interpreting the ADA, and therefore, it was reasonable for the Plaintiff to bring suit to resolve those questions." (*Id.* at 1267.)

Kohler, however, is distinguishable because it involved architectural barriers. (*Id.* at  1262.) Plaintiff's complaint expressly alleges Plaintiff "is not claiming that the hotel has violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him." (Complaint, ¶ 7.)

Plaintiff relies on *Garcia v. Gateway Hotel L.P.* (C.D. Cal., Aug. 5, 2021, No. CV2010752PAGJSX) 2021 WL 4776352 which is not persuasive as it discussed the appropriate standard for an award of costs under Fed. Rules Civ.Proc., rule 54, 28 U.S.C.A. which is not at issue here. In *Garcia* the district court relied on the *Christianburg* standards to deny fees because the court "could not conclude on the record" whether Plaintiff's claim was frivolous or unreasonable (Opp. 3:11-12.) *Garcia* did not elaborate on the court's reasoning or whether the reason therefore was the absence of prior binding authority as Plaintiff asserts here (Opp. 3:11-12.)

The court concluded that "[j]ust because Plaintiff's case was unmeritorious, and other similar cases brought by the same counsel were unmeritorious, does not mean Plaintiff's FAC in this case was frivolous or unreasonable." (*Id.* at  2-3.) By the same logic, *Garcia's* denial of the fee motion does not mean fees should not be awarded here based on the allegations of Plaintiff's complaint.

Plaintiff's reliance on *Salinas v. Apple Ten SPE Capistrano, Inc.* (C.D. Cal., Feb. 18, 2021, No. SACV2002379CJCDFMX) 2021 WL 3930605 is misplaced. The court denied attorney's fees because it could not conclude that the complaint was frivolous, vexatious, or unreasonable because there were reasons why Plaintiff might have been entitled to the relief based on the insufficiency of the hotel's website information. This alone does not persuasively establish that Defendant is not entitled to fees.

Plaintiff raised new claims on appeal that the appellate court did not consider because they were forfeited. (*Id.* at  p.12 ¶ 2.) The Court of Appeal noted Plaintiff's claims were based on the alleged insufficiency of accessibility information provided by the hotel, but the complaint displayed images of the bathroom and alleged that the placement of certain items failed to comply with the ADA, none of which were relevant to the alleged insufficiency of the Defendant's accessibility information. (*Id.* at  13.) Finally, none of the cases Plaintiff relied upon compelled the conclusion that the trial court abused its discretion (*Id.* at p. 16.)

Finally, Plaintiff argues that Defendant could have filed a motion for sanctions in the appellate court. Plaintiff does not cite any authority requiring Defendant to file a motion for sanctions in the appellate court.

Based on the foregoing, this court finds Plaintiff's appeal was also frivolous and unreasonable, entitling Defendant to fees incurred for the appeal.

B.   The court cannot assess the reasonableness of fees incurred on this record.

Plaintiff filed the Notice of Appeal on August 11, 2023. The court has considered the declarations of Martin H. Orlick and Steven Tubis and the billing records submitted.

Defendant requests fees of $109,222.97 calculated by subtracting Plaintiff's payment of $57,604.90 from the total defense costs of $166,827.87. This calculation does not establish that the work devoted to the appeal was reasonable. Plaintiff filed a notice of appeal on August 11, 2023. However, Defendant includes detailed billing records beginning July 22, 2021, preceding the commencement of the appeal.

The billing for the appeal commences on August 11, 2023. (.pdf p. 108.) The billing thereafter is not limited to appellate work but includes work related to preparing a proposed judgment and enforcing that judgment (.pdf p. 116, 121-122 for example.) It is Defendant's responsibility to parse from the billing records the particular work devoted to appeal.

V.    CONCLUSION

Because the court cannot determine a reasonable amount of fees, Defendant is ordered to provide a supplemental declaration and prepare a spreadsheet identifying the work done in connection with the appeal only, the particular time spent, the timekeeper, and a total amount of those fees. The court continues this hearing to May 5, 2025, in Department 40 of the Stanley Mosk Courthouse. Defendant is ordered to file the foregoing declaration and spreadsheet 10 court days before the hearing.

[1] "Reservations made by places of lodging" shall "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;" (28 C.F.R. §36.302.)

[2] "... specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations."

(Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 75 FR 56236-01.)

**Case Number:** 23STCV29374   **Hearing Date:** March 13, 2025   **Dept:** 40

23STCV29374 Antonio Becerra and Guadalupe Becerra v. Roger Anderson, Trustee, et al.

Thursday, March 13, 2025

[TENTATIVE] ORDER CONTINUING MOTION BY DEFENDANT, ROGER ANDERSON, TRUSTEE, TO COMPEL COMPLIANCE WITH
DEPOSITION SUBPOENA; REQUEST FOR SANCTIONS

### I.    BACKGROUND

The complaint filed on December 1, 2023, alleges that on November 25, 2019, Plaintiffs obtained a loan, arranged by Olympia
Financial  for $430,000 from lender Roger Anderson, Trustee of the RWA Trust ("Trustee") (the "Loan"). On December 31, 2021,
Plaintiffs signed a loan modification agreement ("Modification") which advanced additional funds to Plaintiffs, extended the original
note's date of maturity, and increased the principal balance to $503,478.83. Plaintiffs allege that the lender, Trustee, is not a licensed
real estate broker in the state of California, and unlawfully arranged and acted as the lender for the loan modification agreement.

Defendants commenced foreclosure proceedings of the real property located at 1008 Adelante Avenue, Los Angeles, CA 90042
("Adelante property") once Plaintiffs defaulted on the loan, which forced Plaintiffs to file for bankruptcy. Plaintiffs allege eight causes
of action for violations of the California Constitution, elder abuse, and contract- and fraud-claims.

On July 11, 2024, Defendant Trustee filed a cross-complaint against Antonio, Guadalupe, and Arthur Becerra ("Becerras") for fraud,
negligent misrepresentation, breach of contract, common counts and for declaratory relief. Cross-complainant alleges that the
Becerra Cross-Defendants affirmed that the loan proceeds obtained from the Loan and Modification against the Adelante property
were for business purposes only, to be used by the Becerras' business Pure Energy, LLC, for the purpose of flipping homes.

Cross-complainant discovered that the proceeds were used to obtain other loans on the purchase of real property located at 1446
Oak Crest Avenue, South Pasadena ("Oak Crest"). However, the loan proceeds were actually used to for the Becerra's personal
residence.

### II.    DISCUSSION

The Trustee's motion at issue here concerns documents subpoenaed and served on Union Bank, not a party in this action, but a
Defendant in a separate action bearing Case No. 23STCV20798 Pure Energy 369, LLC v. Union Home Loan ("Pure Energy" action). The
Trustee asserts that the Pure Energy action factually overlaps with the facts alleged in this case.

The first amended complaint in Pure Energy alleges that Pure Energy is used by the Becerra family to obtain properties to
renovate. The Pure Energy case alleges that in order to obtain a loan for the purchase of the Oak Crest property, which the Becerras
intended to use for a home, the Becerras had to obtain a loan against the Adelante property (at issue in this action), which was the
Becerras' primary residence. The Pure Energy action involves another loan secured by real property located at 5206 Raphael Street,
Los Angeles and owned by Pure Energy.

The court's file in this matter does not reflect that any party filed a Notice of Related Cases to relate this action to the Pure Energy
action, filed on August 29, 2023, and now pending in Department 78 of the Stanley Mosk Courthouse. [1]

A pending civil case is related to another pending civil case, or to a civil case that was dismissed with or without prejudice, or to a
civil case that was disposed of by judgment, if the cases: "(1) Involve the same parties and are based on the same or similar claims; (2)
Arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or
substantially identical questions of law or fact; (3) Involve claims against, title to, possession of, or damages to the same property; or
(4) Are likely for other reasons to require substantial duplication of judicial resources if heard by different judges." (Cal. Rules of Court,
Rule 3.300.)

Accordingly, Plaintiff is ordered to file and serve a Notice of Related Cases in Department 78 and Department 40 for determination
of whether this case should be related to the first-filed action in Department 78. Plaintiff shall comply with Cal Rules of Court, Rule
3.300 and serve all parties in those cases (Cal. Rules of Court, Rule 3.300.)

The hearing on this motion is continued to March 27, 2025,  at 8:30 a.m. in Department 40 of the Stanley Mosk Courthouse
pending Department 78's determination of whether the cases should be related and transferred to Department 78.

[1] On December 18, 2024, the Honorable Tiana Murillo related case #24STCV19220 with case # 23STCV20798, after Defendants filed
a Notice of Related Case in seeking to relate the two cases.

**Case Number:** 24STCV27909  **Hearing Date:** March 13, 2025  **Dept:** 40

24STCV27909 Stephen Chapman v. Horace Mann Property & Casualty Ins. Company

Thursday, March 13, 2025

453

157

[TENTATIVE] ORDER TAKING OFF CALENDAR PLAINTIFF'S MOTION TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED
COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT

I.     BACKGROUND

The first amended complaint filed on November 14, 2024, alleges that Plaintiff bought an automobile insurance policy from
Defendant for a six-month term. Defendant allegedly cancelled the policy improperly for nonpayment although Plaintiff had a credit
balance. Plaintiff alleges that Defendant later denied an insurance claim submitted by Plaintiff. Plaintiff alleges claims for breach of
contract, insurance bad faith, fraud, negligent and intentional infliction of emotional distress, and for statutory violations.

Defendant answered the first amended complaint on December 5, 2024, and removed the action to federal court on December 6,
2024. Plaintiff first submitted for filing a second amended complaint on December 10, 2024, and again on December 13, 2024, both of
which the court rejected on December 19, 2024. (Ex. A to Ntc. Filed 1/7/25.)

II.     ARGUMENTS

A.     Motion filed January 6, 2025.

Plaintiff moves to strike the notice of removal and for an order recognizing the second amended complaint ("SAC") submitted for
filing on December 10, 2024, and for an order remanding this case from federal court to state court. Plaintiff argues that with the
filing of the SAC, diversity jurisdiction is destroyed. Defendant failed to file the notice of removal with the state court as required by
statute. The court should stay the federal proceedings pending resolution of this motion.

B.     Opposition filed February 28, 2025.

In opposition, Defendant argues that this court no longer has jurisdiction because the matter has been removed to the federal
court, and only the federal court can remand this case. Defendant does not submit to the jurisdiction of this court. The court does not
have jurisdiction to grant the relief requested by Plaintiff.  Remand has been denied.

Defendant argues that the motion is without substantive merit because the SAC was submitted for filing after Defendant removed
the action. Plaintiff did not seek leave of court to file an amended pleading or meet and confer with Defendant.

C.     Reply filed March 6, 2025.

Plaintiff argues that Defendant has engaged in bad-faith procedural gamesmanship to improperly remove this matter to federal
court. The opposition is untimely filed. This court has jurisdiction because Plaintiff's motion was filed before Defendant removed the
action. Defendant's removal is defective.

III.     DISCUSSION

The court has considered Defendant's opposition filed untimely on February 28, 2025. It was due nine court days before the
hearing, which was Wednesday, February 26, 2025. (CCP sec 1005 sub. (b).) The court has discretion to consider late papers in favor of
the strong policy favoring disposition of the case on the merits. (*Kapitanski v. Von's* (1983) 146 Cal.App.3d 29, 32). ["Judges are well
aware of the unnecessary burdens placed on courts and counsel when strict compliance with local procedural rules results in the
expenditure of unnecessary time and money for the preparation of later section 473 motions."].) Plaintiff has not shown any prejudice
arising from the late filing. (*Id.*) Plaintiff was able to file a reply brief, which the court has considered.

The court cannot consider Plaintiff's motion as it lacks jurisdiction to hear it. Defendant complied with the procedural
requirements for removal by filing a notice of removal in the federal court, giving notice to all adverse parties, and filing the notice
with the clerk of the state court. (28 U.S.C.A. § 1446 (West) subd. (d).) The filing effects removal and "the State court shall proceed no
further unless and until the case is remanded." (*Id.*) The state court does not resume jurisdiction until the clerk of the federal district
court mails a certified copy of the order of remand to the clerk of the Superior Court. (*Spanair S.A. v. McDonnell Douglas Corp.* (2009)
172 Cal.App.4th 348, 351.)

The court's file reflects that Defendant gave notice in the trial court that the matter was removed to the federal court on December
6, 2024. (Ntc. 1/7/25.) Plaintiff filed this motion on January 6, 2025,  after the matter had been removed.

IV.     CONCLUSION

Based on the foregoing, Plaintiff's motion is TAKEN OFF CALENDAR.

Privacy Statement     |     Disclaimer     |     Employment     |     ADA     |     Holidays     |     Comment on our Website          Copyright © 2025 Superior Court of California, County of Los Angeles

454

158

**PROOF OF SERVICE**

*Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909*

1

2

3        I am over 18 years of age and not a party to this action.  I am employed in Los Angeles,
California. My business address is 550 S. Hope Street, Suite 2200, Los Angeles, California 90071,
4   my email: connie.spears@fmglaw.com.

5        On March 13, 2025, I served a copy of the document(s) titled: **NOTICE OF RULING ON
PLAINTIFF'S "MOTION TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND
6   AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE
COURT"** in the manner described below:
7

8   | **STEPHEN CHAPMAN, IN PRO PER** | |
9   | 7917 Selma Avenue 336 | |
    | Los Angeles, CA 90046 | |
    | T: 619.550.7543 | |
10  | **stefinchapman@outlook.com** | |

11  ☒  **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California.  The
        envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the
12      firm's practice of collection and processing correspondence for mailing.  Under that
        practice it would be deposited with U.S. postal service on that same day with postage
13      thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am
        aware that on motion of the party served, service is presumed invalid if postal cancellation
14      date or postage meter date is more than one day after date of deposit for mailing in affidavit.
15  ☐  **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection
        following ordinary business practices, at the business offices of FREEMAN MATHIS &
16      GARY, LLP and addressed as shown on the attached service list, for collection and delivery
        by FEDEX to receive said documents, with delivery fees provided for.  I am readily
17      familiar with the practices of FREEMAN MATHIS & GARY, LLP for collection and
        processing of documents for overnight delivery and said envelope(s) will be deposited for
18      receipt by FEDEX on said date in the ordinary course of business.
19  ☐  **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the
        offices of the addressee(s).
20  ☒  **(BY-E-MAIL)** I caused a copy of the document(s) to be sent from e-mail address
        connie.spears@fmglaw.com to the person(s) at the email address(es) listed in the attached
21      Service List.  I did not receive, within a reasonable time after the transmission, any
        electronic message or other indication that the transmission was unsuccessful.
22
23  ☒  **(STATE)**  I declare under penalty of perjury under the laws of the State of California that
        the above is true and correct.
24
        Executed on March 13, 2025, at Houston, Texas.
25
26      _____
27      Connie Spears
28

PROOF OF SERVICE





$2.04 0
US POSTAGE IMI
FIRST-CLASS
063S0014950427
FROM 90071

# FIRST CLASS MAIL







FMG LAW   Freeman Mathis & Gary LLP

**550 South Hope Street, Suite 2200 – Los Angeles, CA 90071**

**Stephen Chapman, In Pro Per**
7917 Selma Avenue, 336
Los Angeles, Ca 90046







456

Don't Judge Process Served By it's

FILE STAMPED COPIES - Marc knows this see email sent in reply to Connie's on 12/06/2024



# EXHIBIT B

Documented Evidence of Failure to Serve

Stephen Chapman v. Horace Mann Property and Casualty Insurance Company (2:24-cv-10546), California Central District Court

# Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

---

| **California Central District Court** | | **Case Filed:** | Dec 06, 2024 |
|---|---|---|---|
| **Judge:** | Michael W Fitzgerald | **Case in other court:** | County of Los Angeles, 24STCV27909 |
| **Referred:** | Brianna Fuller Mircheff | | |
| **Case #:** | 2:24-cv-10546 | | |
| **Nature of Suit** | 110 Contract - Insurance | | |
| **Cause** | 28:1441 Notice of Removal - Breach of Contract | | |

| Docket | Parties (2) |
|---|---|

Last checked: **Monday Jan 20, 2025 1:30 AM PST**

**Defendant**
Horace Mann Property and Casualty Insurance Company

**Represented By**
Kristin A Ingulsrud
*Freeman Mathis And Gary, LLP*
contact info

Marc J. Shrake
*Freeman Mathis And Gary LLP*
contact info

---

**Plaintiff**
Stephen Chapman
7917 Selma Ave No 336
Los Angeles, CA 90046



1  **FREEMAN MATHIS & GARY, LLP**
2  Marc J. Shrake, SBN 219331
   mshrake@fmglaw.com
3  Kristin A. Ingulsrud, SBN 294532
4  kingulsrud@fmglaw.com
   550 South Hope Street, Suite 2200
5  Los Angeles, California 90071
6  T: 213.615.7000 | F: 833.264.2083
   Attorneys for Defendant Horace Mann Property
7  and Casualty Insurance Company

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  STEPHEN CHAPMAN,                Case No. 2:24-CV-10546-MWF-BFM
12                                  District Judge: Michael W. Fitzgerald
13                Plaintiff,        **DEFENDANT'S RULE 26(f)**
14       v.                         **REPORT**
                                    *All like documents with these false assertions must be stricken*
15  HORACE MANN PROPERTY &
    CASUALTY INSURANCE             Scheduling Conference: TBD
16  COMPANY,
                                    State Complaint Filed: October 24, 2024
                                    Removal Filed: December 6, 2024
                  Defendant,
                                    *see emails click here*

*Def. Didnt even bother to fill in all 11 causes of action; guess there wasnt really a motive there.*

20       Horace Mann Property and Casualty Insurance Company ("Horace Mann")
21  submits this report under Rule 26(f) of the Federal Rules of Civil Procedure. Horace
22  Mann submits this report unilaterally due to Plaintiff's refusal to cooperate in this
23  filing.
24  **a.   STATEMENT OF THE CASE**
25       Plaintiff filed a First Amended Complaint ("FAC") with purported causes of
26  action labeled as follows: (1) Breach of Contract, (2) Bad Faith Denial of
27  Insurance Benefits, (3) Fraud and Intentional Misrepresentation, (4) Negligent
28  Misrepresentation, (5) Breach of Fiduciary Duty, (6) Malfeasance, (7)

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S RULE 26(f) REPORT



Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Supplemental Opposition | 117684

## Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Supplemental Opposition | 117684

📎   📄 2025-03...Decl.pdf

**CS**   Connie Spears<connie.spears@fmglaw.com>

To: You        ↰ Reply    ↰ Reply all    → Forward

Cc: Marc J. Shrake; Kristin A. Ingulsrud        Tue 3/11/2025 6:20 PM

📄 2025-03-11 Suppl Oppositio...
260 KB

**Mr. Stephen Chapman,** attached for electronic email service, please find the following document:

**DEFENDANT'S SUPPLEMENTAL OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, AND PRELIMINARY RESPONSE TO PAPERS SENT BY PLAINTIFF ON MARCH 10, 2025**

Thank you,
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook

FMG Freeman



1   **FREEMAN MATHIS & GARY, LLP**
2   Marc J. Shrake, SBN 219331
    mshrake@fmglaw.com
3   Kristin A. Ingulsrud, SBN 294532
    kingulsrud@fmglaw.com
4   550 South Hope Street, Suite 2200
    Los Angeles, California 90071
5   T: 213.615.7000 | F: 833.264.2083
6   Attorneys for Defendant Horace Mann
7   Property & Casualty Insurance Company

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10  STEPHEN CHAPMAN,                Case No. 24STCV27909, REMOVED TO UNITED
                                    STATES DISTRICT COURT FOR THE
11          Plaintiff,              CENTRAL DISTRICT OF CALIFORNIA,
                                    CASE NO. 2:24-CV-10546-MWF-BFM
12       v.
                                    Department 40, Honorable Michael Shultz
13  HORACE MANN PROPERTY &
    CASUALTY INSURANCE COMPANY,     **DEFENDANT'S OPPOSITION TO FURTHER
14                                  STATE COURT PROCEEDINGS AFTER
            Defendant.              REMOVAL TO FEDERAL COURT,
15                                  INCLUDING WITHOUT LIMITATION
                                    PLAINTIFF'S "MOTION TO STRIKE NOTICE
16                                  OF REMOVAL, RECOGNIZE SECOND
                                    AMENDED COMPLAINT AS OPERATIVE
17                                  PLEADING, AND REMAND TO STATE
                                    COURT"**
18
                                    **DECLARATION OF KRISTIN A. INGULSRUD**
19
20                                  Date: March 13, 2025
                                    Time: 8:30 a.m.
21                                  Dept: 40
22



Outlook

Current Mailbox · ← answer

2024-12-05 Def Horace Answer to FAC.p...   Open ·   Save as   Print   Save to OneDrive   Hide email

```
1   FREEMAN MATHIS & GARY, LLP
    Marc J. Shrake, SBN 219331
2   mshrake@fmglaw.com
3   Kristin A. Ingulsrud, SBN 294532
    kristin.ingulsrud@fmglaw.com
4   550 South Hope Street, Suite 2200
    Los Angeles, CA 90071
5   T.: 213.615.7000 | F: 833.264.2083

6   Attorneys for Defendant Horace Mann Property
7   and Casualty Insurance Company

8           SUPERIOR COURT OF THE STATE OF CALIFORNI
              FOR THE COUNTY OF LOS ANGELES
9
    STEPHEN CHAPMAN,
10                                  CASE NO. 24STCV27909
            Plaintiff,             Honorable Michael Shultz
11                                  Department 40
            v.
12                                  ANSWER OF HORACE MA
                                    CASUALTY INSURANCE C
13  HORACE MANN PROPERTY &          AMENDED COMPLAINT
    CASUALTY INSURANCE
14  COMPANY,                        Complaint filed:  October 24, 2
                                    First Amended Complaint filed
15          Defendant,             Trial Date:  None
```

**Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Answer to FAC | 117684**

📄 2024-12...FAC.pdf

CS   Connie Spears<connie.spears@fmglaw.com>
To: You                              Thu 12/5/2024 4:26 PM
Cc: +2 others

ℹ You forwarded this message on Fri 12/6/2024 6:17 PM

📄 2024-12-05 Def Horace Ans...
   78 KB

**Counsel,** attached for electronic email service, please find the following document:

**ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT**

Thank you,
Connie Spears
Legal Secretary
Freeman Mathis & Gary, LLP
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



Mail - Stephen Chapman - Outlook - Personal - Microsoft Edge

https://outlook.live.com/mail/0/deeplink/attachment/AQMkADAwATNiZmYAZC0zOWQ1LTllZQAwLTAwAi0wMAoARgAAA9s8Nl1LbNBPhkUrJYO5zckHADoINvpr9d...

2025-03-13 Defs Notice of Ruling.pdf      ⬇ Download      🖨 Print      ☁ Save to OneDrive                                    ⬛ Hide email

```
 1   FREEMAN MATHIS & GARY, LLP
     Marc J. Shrake, SBN 219331
 2   mshrake@fmglaw.com
     Kristin A. Ingulsrud, SBN 294532
 3   kingulsrud@fmglaw.com
     550 South Hope Street, Suite 2200
 4   Los Angeles, California  90071
     T.: 213.615.7000 | F: 833.264.2083
 5
     Attorneys for Defendant Horace Mann
 6   Property and Casualty Insurance Company

 7          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF LOS ANGELES
 8
     STEPHEN CHAPMAN,              Case No. 24STCV27909, REMOVED TO
 9                                 STATES DISTRICT COURT FOR THE C
              Plaintiff,           DISTRICT OF CALIFORNIA,
10                                 CASE NO. 2:24-CV-10546-MWF-BFM
11        v.
                                   Department 40, Honorable Michael Shultz
12   HORACE MANN PROPERTY &
     CASUALTY INSURANCE            NOTICE OF RULING ON PLAINTIFF'
13   COMPANY,                      "MOTION TO STRIKE NOTICE OF
                                   REMOVAL, RECOGNIZE SECOND
14            Defendant.           COMPLAINT AS OPERATIVE PLEAD
                                   AND REMAND TO STATE COURT"
15
16                                 Complaint filed: October 24, 2024
```

**Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Notice of Ruling | 117684**

📎  📄 2025-03...uling.pdf

🔶 Summary by Copilot                                                    ✕

CS  Connie Spears<connie.spears@fmglaw.co   ↩  ⋯
    To: You                                Thu 3/13/2025 10:05 AM
    Cc: +2 others

ⓘ  You replied on Thu 3/13/2025 1:05 PM

📄 2025-03-13 Defs Notice of R...    ⌄
   924 KB

**Dear Mr. Stephen Chapman,** attached for courtesy electronic email service, please find the following document:

**NOTICE OF RULING ON PLAINTIFF'S "MOTION TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT"**

Thank you,

Type here to search                                                    10:43 PM 3/15/2025

**From:**      Stephen Chapman
**Sent on:**   Thursday, December 15, 2022 3:43:55 PM
**To:**        Stephen Chapman
**Subject:**
**Attachments:** Horass Insurance - please review.pdf (3.32 MB)



Stephen Chapman BS-HS, PGDip. AA
Medical Device Sales Professional
Anesthesia Critical Care Consultant

Phone 323.493.1564
Web www.linkedin.com/in/SCLINQ
Email AnesthesiaResource@outlook.com
Los Angeles | Orange County | San Diego, California

| | |
|---|---|
| **From:** | Connie Spears |
| **Sent on:** | Friday, December 6, 2024 4:23:25 PM |
| **To:** | stefinchapman@outlook.com |
| **CC:** | Kristin A. Ingulsrud; Marc J. Shrake |
| **Subject:** | Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 |
| **Attachments:** | 2024-12-06 Civil Cover Sheet.pdf (88.79 KB), 2024-12-06 Notice of Removal.pdf (25.86 KB), 2024-12-06 Notice of Interested.pdf (16.1 KB), 2024-12-06 Declaration of Ingulsrud.pdf (1.15 MB), 2024-12-06 SIGNED Dec of Rubin.pdf (692.1 KB) |

**Mr. Stephen Chapman,** attached for electronic email service, please find the following documents:

    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    CIVIL COVER SHEET
    CERTIFICATE AND NOTICE OF INTERESTED PARTIES
    DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

Thank you
**Connie Spears**
*Legal Secretary*
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
**D:** 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

| | |
|---|---|
| **From:** | Connie Spears |
| **Sent on:** | Friday, December 6, 2024 4:23:25 PM |
| **To:** | stefinchapman@outlook.com |
| **CC:** | Kristin A. Ingulsrud; Marc J. Shrake |
| **Subject:** | Chapman v. Horace Mann - Notice of Removal plus supporting docs \| Central District Court \| 117684 |
| **Attachments:** | 2024-12-06 Civil Cover Sheet.pdf (88.79 KB), 2024-12-06 Notice of Removal.pdf (25.86 KB), 2024-12-06 Notice of Interested.pdf (16.1 KB), 2024-12-06 Declaration of Ingulsrud.pdf (1.15 MB), 2024-12-06 SIGNED Dec of Rubin.pdf (692.1 KB) |

**Mr. Stephen Chapman,** attached for electronic email service, please find the following documents:

      NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
      CIVIL COVER SHEET
      CERTIFICATE AND NOTICE OF INTERESTED PARTIES
      DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
      DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

Thank you
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
**D: 213-615-7046**
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

| | |
|---|---|
| **From:** | Connie Spears |
| **Sent on:** | Friday, December 6, 2024 4:23:25 PM |
| **To:** | stefinchapman@outlook.com |
| **CC:** | Kristin A. Ingulsrud; Marc J. Shrake |
| **Subject:** | Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 |
| **Attachments:** | 2024-12-06 Civil Cover Sheet.pdf (88.79 KB), 2024-12-06 Notice of Removal.pdf (25.86 KB), 2024-12-06 Notice of Interested.pdf (16.1 KB), 2024-12-06 Declaration of Ingulsrud.pdf (1.15 MB), 2024-12-06 SIGNED Dec of Rubin.pdf (692.1 KB) |

**Mr. Stephen Chapman,** attached for electronic email service, please find the following documents:

    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    CIVIL COVER SHEET
    CERTIFICATE AND NOTICE OF INTERESTED PARTIES
    DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

Thank you
**Connie Spears**

Legal Secretary
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
**D:** 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**From:**    Stephen Chapman
**Sent on:**  Monday, December 5, 2022 12:50:44 PM
**To:**      anesthesiaresource@outlook.com
**Subject:**  Dec
**Attachments:** Chapman Auto Declarations Pages.pdf (2.42 MB)

**From:**    Stephen Chapman
**Sent on:**  Sunday, March 30, 2025 9:47:01 PM
**To:**      Stephen Chapman
**Subject:**  Fw: (TEST Replication of Fabrication) Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684
**Attachments:** Outlook-r1e23tk2.png (2.97 MB)

**From:** Connie Spears <connie.spears@fmglaw.com>
**Sent:** Friday, December 6, 2024 4:24 PM
**To:** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Cc:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>; Marc J. Shrake <MShrake@fmglaw.com>
**Subject:** Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684

**Mr. Stephen Chapman,** attached for electronic email service, please find the following documents:

    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    CIVIL COVER SHEET
    CERTIFICATE AND NOTICE OF INTERESTED PARTIES
    DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

Thank you
**Connie Spears**
Legal Secretary

**Freeman Mathis & Gary, LLP**

**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**

**D:** 213-615-7046

Email: connie.spears@fmglaw.com

www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA

Please read this important notice and confidentiality statement

Get Outlook for iOS

---

**From:** Pruitt, Raymond <Raymond.Pruitt@horacemann.com>
**Sent:** Wednesday, January 5, 2022 4:12:33 PM
**To:** Stephen Chapman <stephen__chapman@outlook.com>
**Subject:** RE: EXTERNAL: Re: Your Horace Mann Personal Auto Insurance Quote

Hi Mr. Chapman. Great news! You have been approved for auto insurance and of course renters insurance did not need an approval. I am putting it together for you and will have it for you to sign electronically. Please let me know if you have any questions.

Ray

Ray Pruitt
**office 909-625-5500**
**fax 909-992-3154**
**Agent License #0D67347**
https://go.oncehub.com/RayPruitt

---

**From:** Stephen Chapman <stephen__chapman@outlook.com>
**Sent:** Monday, January 03, 2022 11:37 AM
**To:** Pruitt, Raymond <Raymond.Pruitt@horacemann.com>
**Subject:** EXTERNAL: Re: Your Horace Mann Personal Auto Insurance Quote

> **CAUTION:** *Sender is from outside the Horace Mann organization. Take caution before opening links/attachments or replying with sensitive data.*

this looks great; what are our next steps?

Please note my correct address for your records on this quote.

111 W Pennsylvania Ave Apt 3B
San Diego, CA 92103

Get Outlook for iOS

---

**From:** Raymond.Pruitt@horacemann.com <Raymond.Pruitt@horacemann.com>
**Sent:** Monday, January 3, 2022 11:31:55 AM
**To:** stephen__chapman@outlook.com <stephen__chapman@outlook.com>
**Subject:** Your Horace Mann Personal Auto Insurance Quote

Horace Mann Email Quote



Your Personal Auto insurance quote is attached and ready for your review! Please feel free to reach out with any questions.

Raymond Pruitt
909-625-5500
Raymond.Pruitt@horacemann.com

*Please do not reply to this email. If you have a questions about your account, please log in to your account at **horacemann.com** and send a secure message. Or, you may call us at 800-999-1030. Please add **CustomerCare@horacemann.com** to your email address book and/or list of approved email addresses to ensure our communications reach you.*

*Your privacy is important to us. To see how we protect your information, **view our privacy statement.***

*2018 Horace Mann Insurance Company. All rights reserved. #1 Horace Mann Plaza, Springfield, IL 62715*



Securities offered through Horace Mann Investors, Inc. | Member FINRA | 1 Horace Mann Plaza | Springfield, IL 62715-0001 | 217-789-2500 | horacemann.com

**From:** Stephen Chapman
**Sent on:** Friday, December 6, 2024 6:18:03 PM
**To:** adam@fernaldlawgroup.com
**Subject:** FW: Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Answer to FAC | 117684
**Attachments:** 2024-12-05 Def Horace Answer to FAC.pdf (77.34 KB)



## Stephen Chapman, B.Sc., AA

Medical Device Sales Manager, Los Angeles CA
C| +1 619-550-7543
E| Stefinchapman@outlook.com

*"I have no special talents, I am but only passionately curious."*

-Albert Einstein

---

**From:** Connie Spears <connie.spears@fmglaw.com>
**Sent:** Thursday, December 5, 2024 4:27 PM
**To:** stefinchapman@outlook.com
**Cc:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>; Marc J. Shrake <MShrake@fmglaw.com>
**Subject:** Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Answer to FAC | 117684

**Counsel,** attached for electronic email service, please find the following document:

**ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT**

Thank you,
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**From:** Stephen Chapman
**Sent on:** Friday, January 31, 2025 1:41:52 PM
**To:** kmm@kbklawyers.com
**Subject:** Fw: Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Courtesy Notice Enclosed Federal Filings – Jurisdictional Defect & Sanctions Motion


Good afternoon,

See below for your information; shared with implied confidentiality.

Speak soon,

Stephen Chapman

Get Outlook for iOS



---

**From:** Stephen Chapman <stefinchapman@outlook.com>
**Sent:** Friday, January 31, 2025 1:39:17 PM
**To:** Connie Spears <connie.spears@fmglaw.com>
**Cc:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>; Marc J. Shrake <MShrake@fmglaw.com>
**Subject:** Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Courtesy Notice Enclosed Federal Filings – Jurisdictional Defect & Sanctions Motion

**Dear Ms. Spears,**
**Council Members – Ms. Ingulsrud, and Mr. Shrake,**

        **I write to formally notify you that I have filed the following motions in the U.S. District Court for the Central District of California, which have been entered onto Judge Fitzgerald's docket:**

1. *PLAINTIFF'S NOTICE* OF LACK OF SUBJECT-MATTER JURISDICTION & REQUEST FOR SUA SPONTE DISMISSAL UNDER FRCP 12(H)(3)
2. *MOTION* TO STRIKE DEFENDANT'S NOTICE OF REMOVAL UNDER FRCP 12(F)
3. *MOTION* FOR SANCTIONS UNDER FRCP 11
4. CONCURRENT *DECLARATIONS*
5. *NOTICE* OF ERRATA

**These filings directly challenge the procedural legitimacy of Defendant's removal and expose specific instances of bad faith by your firm in advancing federal proceedings with deliberate disregard for lawful jurisdiction.**

## State Court Proceedings Are Ongoing

**To reiterate, the Los Angeles Superior Court has not ceded jurisdiction, and proceedings remain active and scheduled, including the March 13, 2025, hearing on Plaintiff's Motion to Strike Removal and Recognize the Second Amended Complaint (SAC) as the Operative Pleading.**

Your continued pursuit of federal proceedings, despite clear notice of ongoing state litigation, constitutes a blatant violation of 28 U.S.C. § 1446(d) and established removal procedures.

## Next Steps & Required Actions

✅ **Below are secure links to download courtesy copies of aforementioned federal filings. Once the court endorses them, I will provide stamped copies.**

✅ **Upon receipt of the endorsed copies, you will be formally served, and Proof of Service will be filed accordingly.**

✅ **Please confirm receipt of this notice.** 👆 👆 👆

## Case Management Conference (CMC) Reminder

**Additionally, as required by California Rules of Court, Rule 3.724, this email also serves as formal notice of the Case Management Conference (CMC) scheduled in state court as follows:**

🗓 **Date: March 13, 2025**

⏰ **Time: 8:30 AM**

📍 **Location: Stanley Mosk Courthouse, Department 40 (Hon. Michael Shultz)**



In light of the most recent and telling display of the above-described conduct, and pursuant to CRC 3.724, we are **required to meet and confer** on the CMC no later than February 11, 2025, to discuss:

- Settlement potential
- Discovery and case management plans
- Anticipated motions and trial readiness

**I am available for a meet and confer discussion on February 7, 8, or 10 via Zoom or phone—please confirm your availability.**

**Furthermore, as required by CRC 3.725, our Case Management Statements (Form CM-110) must be filed no later than February 26, 2025.**

## What to Expect Next

📑 **Following this email, but no later by 02/01/2025 you will receive a courtesy email with all CMC-related information to ensure proper compliance with the active state court proceedings.**

**Should you continue to advance federal proceedings despite the clear lack of jurisdiction, this will be documented in support of my Motion for Sanctions under FRCP 11.**

Please confirm receipt of this email and indicate your availability for the meet and confer.

**COURTESY COPIES**

📄 **FEDERAL SUPPLEMENT.pdf**

📄 **NOTICE OF PROPER JURISDICTION_FEDERAL 01302025.pdf**

📄 **NOTICE OF ERRATA 01302025.pdf**



Sincerely,

## Stephen Chapman
*Plaintiff In Pro Per*

*"I have no special talents, I am but only passionately curious."*

-Albert Einstein

---

**From:** Connie Spears <connie.spears@fmglaw.com>
**Sent:** Thursday, December 5, 2024 4:26 PM
**To:** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Cc:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>; Marc J. Shrake <MShrake@fmglaw.com>
**Subject:** Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Answer to FAC | 117684

**Counsel,** attached for electronic email service, please find the following document:

**ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT**

Thank you,
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**180**

**From:**     Stephen Chapman
**Sent on:**   Thursday, March 13, 2025 1:05:49 PM
**To:**         Connie Spears
**CC:**        Marc J. Shrake; Kristin A. Ingulsrud
**Subject:**   Re: Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Notice of Ruling | 117684
**Attachments:** processed-E8C3874E-CF9F-4B1E-B5F9-8B17196E7DBA.jpeg (616.83 KB)

Get Outlook for iOS

---

**From:** Connie Spears <connie.spears@fmglaw.com>
**Sent:** Thursday, March 13, 2025 10:02:54 AM
**To:** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Cc:** Marc J. Shrake <MShrake@fmglaw.com>; Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>
**Subject:** Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Notice of Ruling | 117684

**Dear Mr. Stephen Chapman,** attached for courtesy electronic email service, please find the following
document:

**NOTICE OF RULING ON PLAINTIFF'S "MOTION TO STRIKE NOTICE OF REMOVAL, RECOGNIZE
SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT"**

A hard copy will follow via U.S. Mail.

Thank you,
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**From:**        Stephen Chapman
**Sent on:**     Thursday, March 13, 2025 1:05:49 PM
**To:**          Connie Spears
**CC:**          Marc J. Shrake; Kristin A. Ingulsrud
**Subject:**     Re: Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Notice of Ruling | 117684
**Attachments:** processed-E8C3874E-CF9F-4B1E-B5F9-8B17196E7DBA.jpeg (616.83 KB)



Get Outlook for iOS

---

**From:** Connie Spears <connie.spears@fmglaw.com>
**Sent:** Thursday, March 13, 2025 10:02:54 AM
**To:** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Cc:** Marc J. Shrake <MShrake@fmglaw.com>; Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>
**Subject:** Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Notice of Ruling | 117684

**Dear Mr. Stephen Chapman,** attached for courtesy electronic email service, please find the following document:

**NOTICE OF RULING ON PLAINTIFF'S "MOTION TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT"**

A hard copy will follow via U.S. Mail.

Thank you,
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

| From: | Stephen Chapman |
|---|---|
| Sent on: | Wednesday, December 18, 2024 10:08:39 AM |
| To: | Connie Spears |
| CC: | Kristin A. Ingulsrud; Marc J. Shrake |
| Subject: | Request to Meet and Confer Regarding Motion to Remand in Chapman v. Horace Mann |
| Attachments: | Outlook-ux25zvpe.png (2.97 MB), Outlook-m5jcolwp.png (2.97 MB), Outlook-q3jaz1e2.png (2.97 MB), Outlook-4qot31hc.png (2.97 MB), Outlook-blguqinq.png (2.97 MB), Outlook-gie2qwqp.png (2.97 MB), Outlook-nzqigl3l.png (2.97 MB) |



Dear Ms. Spears, and Esteemed Counsel,

I am writing to request a meet-and-confer discussion regarding my planned Motion to Remand in **Chapman v. Horace Mann, Case No. 2:24-cv-10546-MWF-BFM**.

I believe the federal court lacks jurisdiction due to **Defendant Raymond Pruitt's California residency** and the forum defendant rule under 28 U.S.C. § 1441(b)(2).

Please let me know your availability for a phone or Zoom meeting within the next few days, as **Local Rule 7-3 requires** us to meet at least **7 days before filing the motion**.

I look forward to discussing this matter with you.

Best regards,


## Stephen Chapman, B.Sc., AA

Medical Device Sales Manager, Los Angeles CA

C| +1 619-550-7543

E| Stefinchapman@outlook.com

*"I have no special talents, I am but only passionately curious."*

-Albert Einstein

---

**From:** Connie Spears <connie.spears@fmglaw.com>
**Sent:** Wednesday, December 11, 2024 1:42 PM
**To:** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Cc:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>; Marc J. Shrake <MShrake@fmglaw.com>
**Subject:** Stephen Chapman v. Horace Mann Property, et al. | Case No. 2:24-cv-10546 | 117684

**Dear Mr. Chapman,** attached for electronic email service, please find the following document:  CIVIL COVER SHEET

A hard copy will follow via U.S. Mail. 

Thank you,

**Connie Spears**

Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631

**183**

**D: 213-615-7046**
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**184**

| | |
|---|---|
| **From:** | Connie Spears |
| **Sent on:** | Monday, January 27, 2025 4:04:10 PM |
| **To:** | stefinchapman@outlook.com |
| **CC:** | Kristin A. Ingulsrud; Marc J. Shrake |
| **Subject:** | Stephen Chapman v. Horace Mann Property & Casualty Ins. | Case No. 2:24-CV-10546-MWF-BFM | Def's Rule 26(f) Report | 117684 |
| **Attachments:** | 2025-01-27 Defs Rule 26(f) Report.pdf (174.81 KB) |

**Mr. Stephen Chapman,** attached for electronic email service, please find the following document:

## **DEFENDANT'S RULE 26(f) REPORT**

A hard copy will follow via U.S. Mail.



Thank you,
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

| | |
|---|---|
| **From:** | Connie Spears |
| **Sent on:** | Thursday, December 5, 2024 4:26:33 PM |
| **To:** | Stephen Chapman |
| **CC:** | Kristin A. Ingulsrud; Marc J. Shrake |
| **Subject:** | Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Answer to FAC | 117684 |
| **Attachments:** | 2024-12-05 Def Horace Answer to FAC.pdf (77.34 KB) |

**Counsel,** attached for electronic email service, please find the following document:

**ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED COMPLAINT**

Thank you,

**Connie Spears**

Legal Secretary
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
**D: 213-615-7046**
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**From:**      Connie Spears
**Sent on:**   Thursday, December 5, 2024 4:26:33 PM
**To:**        Stephen Chapman
**CC:**        Kristin A. Ingulsrud; Marc J. Shrake
**Subject:**   Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Answer to FAC | 117684
**Attachments:** 2024-12-05 Def Horace Answer to FAC.pdf (77.34 KB)


**Counsel,** attached for electronic email service, please find the following document:

**ANSWER OF HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY TO FIRST AMENDED
COMPLAINT**

Thank you,
**Connie Spears**

Legal Secretary
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
**D: 213-615-7046**
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

| | |
|---|---|
| **From:** | Connie Spears |
| **Sent on:** | Friday, February 28, 2025 12:31:39 PM |
| **To:** | Stephen Chapman |
| **CC:** | Kristin A. Ingulsrud; Marc J. Shrake |
| **Subject:** | Stephen Chapman v. Horace Mann Property, et al. | Case No. 24STCV27909 | Def's Opposition to Motion to Strike Removal | 117684 |
| **Attachments:** | 2025-02-28 Def Horace OPP to Pltf Motion to Strike Removal - State Court.pdf (1.23 MB) |

**Dear Mr. Stephen Chapman,** attached for electronic email service, please find the following document:

**DEFENDANT'S OPPOSITION TO FURTHER STATE COURT PROCEEDINGS AFTER REMOVAL TO FEDERAL COURT, INCLUDING WITHOUT LIMITATION PLAINTIFF'S "MOTION TO STRIKE NOTICE OF REMOVAL, RECOGNIZE SECOND AMENDED COMPLAINT AS OPERATIVE PLEADING, AND REMAND TO STATE COURT"**

Thank you,
**Connie Spears**

Legal Secretary
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631**
**D: 213-615-7046**
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook





AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

There it is ...

1    **d.    PARTIES, EVIDENCE, ETC.:** The parties are Stephen Chapman and

2    Horace Mann.  Percipient witnesses include Stephen Chapman and Horace

3    Mann personnel with knowledge of the Policy, payment or non-payment of

4    Policy premiums, communications with Plaintiff, and cancellation of the

5    Policy.  Horace Mann is wholly owned by Horace Mann Educators

6    Corporation, which is a publicly traded corporation.  No other corporation

7    owns 10 percent or more of Defendant's stock.  Key documents include the

8    Policy and communications between the Parties.

9    **e.    DAMAGES:** In addition to benefits from the alleged policy, the FAC seeks

10    compensatory damages and lost wages allegedly caused by the absence of

11    insurance, emotional distress damages, punitive damages, and attorney's fees

12    and costs.

13   **f.    INSURANCE:**  Not applicable.

14   **g.    MOTIONS:** Horace Mann anticipates filing a Motion for Summary Judgment.

15   **h.    MANUAL FOR COMPLEX LITIGATION:**  Horace Mann does not

16    believe procedures of the Manual for Complex Litigation should be utilized.

17   **i.    STATUS OF DISCOVERY:**  The Parties have not yet engaged in any

18    discovery.

19   **j.    DISCOVERY PLAN:**  Horace Mann will conduct discovery regarding

20    disputed facts relating to the FAC's allegations and evidence related to the

21    legal issues.  Horace Mann does not propose any modifications to discovery

22    rules.  The Parties have not entered into an e-discovery stipulation but may do

23    so after further discussion.  Horace Mann has not identified any discovery

24    disputes.  Expert witness discovery is also anticipated.

25   **k.    DISCOVERY CUTOFF:**  Horace Mann proposes October 13, 2025.

26   **l.    EXPERT DISCOVERY:**  Horace Mann recommends that expert disclosures

27    be made as required under Rule 26(a)(2) and that expert discovery close 30

28    days before trial.

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S RULE 26(f) REPORT

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I electronically filed the foregoing document [**DEFENDANT'S RULE 26(f) REPORT**] with the Clerk of the Court using the CM/ECF system, and that service will be accomplished by the CM/ECF system to all registered participants, including:

**STEPHEN CHAPMAN, IN PRO PER**
7917 Selma Avenue 336
Los Angeles, CA 90046
T: 619.550.7543
stefinchapman@outlook.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court whose direction the service was made.

Executed on January 27, 2025, at Houston, Texas.

again - logistically impossible

*/s/ Connie Spears*
Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S RULE 26(f) REPORT

190

alledgedly this was mailed to be 44 minutes before it was submitted to the court at 5:08 PM on FRIDAY december 6th 2024 - therefore, no stamped compies were obtained, musch less emailed or mailed.



Exh. B - 26

# EXHIBIT C

11/28/24, 7:58 AM     Case 2:24-cv-10546-MWF-BFM     Illinois Department of Insurance - Company Search     Filed 12/06/24     Page 30 of 31     Page
ID #:45



| | |
|---|---|
| **Legal Name:** | Horace Mann Property & Casualty Insurance Company |
| **Company Type:** | P&C Domestic Stock |
| **Domicile:** | Springfield, Illinois |
| **Parent Company:** | Horace Mann Educators Corporation |
| **Status:** | Active |
| **FEIN:** | 95-2413390 |
| **NAIC Code:** | 300 22756 |
| **Incorporated Date:** | 3/25/1965 |

Addresses

| Corporate Home | Administrative Mailing |
|---|---|
| 1 Horace Mann Plaza<br>Springfield,  IL   62715 0001 | 1 Horace Mann Plaza<br>Springfield,  IL   62715 |

Phone Numbers

| Business |
|---|
| (217) 789-2500 |

<-- Back to Search Results

https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=759100&s=Active&t=INS

Exh. C - 27      1/1

**193**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2024, I served the foregoing document described as **DECLARATION OF KRISTIN A. INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; EXHIBITS A-C** via email and U.S. Mail, on the interested parties in this action as follows:

| | |
|---|---|
| **STEPHEN CHAPMAN, IN PRO PER**<br>7917 Selma Avenue 336<br>Los Angeles, CA 90046<br>T: 619.550.7543<br>stefinchapman@outlook.com | We know this is a false - proven by insiputable evidence of the contrary |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court under whose direction the service was made.

Executed on December 6, 2024, at Houston, TX.

/s/ Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  **FREEMAN MATHIS & GARY, LLP**
2  Marc J. Shrake, SBN 219331
   mshrake@fmglaw.com
3  Kristin A. Ingulsrud, SBN 294532
4  kristin.ingulsrud@fmglaw.com
   550 Sout Hope Street, Suite 2200
5  Los Angeles, California 90071
6  T.: 213.615.7000 | F: 833.264.2083

7  Attorneys for Defendant Horace Mann Property
8  and Casualty Insurance Company

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11
   STEPHEN CHAPMAN,                    Case No.
12                                     District Judge:
13            Plaintiff,              **NOTICE OF INTERESTED**
                                      **PARTIES PURSUANT TO LOCAL**
14     v.                             **RULE 7.1-1 AND FRCP RULE 7.1**

15 HORACE MANN PROPERTY &
   CASUALTY INSURANCE
16 COMPANY,

17                                    State Complaint Filed: October 24, 2024
            Defendant,                Removal Filed:      December 6, 2024
18

19        Defendant Horace Mann Property and Casualty Insurance Company ("Horace

20 Mann") certifies that it is a non-governmental corporation organized and existing

21 under the State of Illinois, with its principal place of business in Springfield, Illinois.

22 Horace Mann submits the following statement of its corporate interests and

23 affiliations pursuant to Local Rule 7.1-1 and Rule 7.1 of the Federal Rules of Civil

24 Procedure:

25        The undersigned, counsel of record for Horace Mann, certifies that the

26 following listed parties may have a pecuniary interest in the outcome of this case.

27 These representations are made to enable the Court to evaluate possible

28 disqualification or recusal.

Freeman Mathis
& Gary, LLP
Attorneys at Law

_____
NOTICE OF INTERESTED PARTIES

SEE DEFENDANT'S RULE 26 F
REPORT PAGE 2 SECTION d;
explains the unilateral filing
manuver

Stephen Chapman is a citizen of the State of California and a

resident of Los Angeles County.

2.    Defendant Horace Mann Property and Casualty Insurance Company.

The undersigned understands that under Federal Rule of Civil Procedure Rule

7.1, they must promptly file a supplemental statement upon any change in the

information that this statement requires.

Dated: December 6, 2024                    **FREEMAN MATHIS & GARY, LLP**


                              By:    /s/ *Kristin Ingulsrud*
                                     Marc J. Shrake
                                     Kristin A. Ingulsrud
                                     Attorneys for Defendant
                                     HORACE MANN PROPERTY AND
                                     CASUALTY INSURANCE
                                     COMPANY

NOTICE OF INTERESTED PARTIES

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2024, I served the foregoing document described as **NOTICE OF INTERESTED PARTIES PURSUANT TO LOCAL RULE 7.1-1 AND FRCP RULE 7.1** via email and U.S. Mail, on the interested parties in this action as follows:

**STEPHEN CHAPMAN, IN PRO PER**
7917 Selma Avenue 336
Los Angeles, CA 90046
T: 619.550.7543
stefinchapman@outlook.com

FAILED TO DISCLOSE BLACKROCK (~15% OWNER VANGUARD (~13% OWNER) AND HORACE MANN'S PRESIDENT AND SHAREHOLDER ALSO PRESIDENT OF BCG SECURITIES

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court under whose direction the service was made.

Executed on December 6, 2024, at Houston, TX.

ALL POS HALE FROM TEXAS AND CALIFORNIA AT THE SAME TIME AND BY THE SAME PERSON

Connie Spears

Freeman Mathis
& Gary, LLP
Attorneys at Law

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 40

**24STCV27909**                                                   January 14, 2025
**STEPHEN CHAPMAN vs HORACE MANN PROPERTY &**          3:56 PM
**CASUALTY INSURANCE COMPANY**

Judge: Honorable Michael Shultz          CSR: None
Judicial Assistant: Chante' L. Warren    ERM: None
Courtroom Assistant: Annfrancis Solis    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review regarding Order to Show
Cause Hearing and Case Management Conference scheduled for February 26, 2025.

The Court reviews the Case Docket and finds that Proof of Personal Service regarding the
Defendant was filed on November 18, 2024.

The Court finds good cause and orders the Order to Show Cause Hearing is placed Off Calendar
and Discharged.

"REVIEWS" DOES NOT CONFER, ADOPT OR VALIDATE

On the Court's own motion, the Order to Show Cause Re: Failure to File Proof of Service
scheduled for 02/26/2025 is vacated.

Additionally, the Court reviews the Notice of Removal to Federal Court, filed by the Defendant
on January 7, 2025.

On the Court's own motion, the Case Management Conference scheduled for 02/26/2025 is
advanced to this date and continued to 03/13/2025 at 08:30 AM in Department 40 at Stanley
Mosk Courthouse.

BUT INSTEAD CONFIRMS MOTION HEARING

Clerk to give notice.

Certificate of Mailing is attached.

SERVED BY THE COURT ON BOTH PARTIES WELL AFTER THE NOTICE

Minute Order                                                      Page 1 of 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

District Judge  **Michael W. Fitzgerald**
Magistrate Judge  **Brianna Fuller Mircheff**

The case number on all documents filed with the Court should read as follows:

**2:24−cv−10546 MWF (BFMx)**

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.



FAILED TO SERVE ON
UNILATERALLY ADVANCE
PROCEEDINGS

Clerk, U.S. District Court

  December 11, 2024  
Date

By  /s/ Carmen Lujan  
Deputy Clerk

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

CV-18 (08/19)                    **NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN<br><br>Plaintiff(s)<br><br>v.<br><br>HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>Defendant(s). | CASE NUMBER:<br><br>2:24–cv–10546–MWF–BFM<br><br><br>**NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM** |

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

  December 11, 2024  
Date

By  */s/ Carmen Lujan*  
Deputy Clerk

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
#### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

---

ADR–08 (04/18)                    **NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN CHAPMAN<br><br>PLAINTIFF(S),<br><br>v.<br><br>HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>2:24–cv–10546–MWF–BFM<br><br>**Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge** |

The parties are advised they may consent to proceed before any available magistrate judge participating in the Voluntary Consent to Magistrate Judges Program to conduct all further proceedings in the case pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73.  The consent list and consent form are available on the court's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges-program.  To confirm a particular magistrate judge's availability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact the magistrate judge's courtroom deputy prior to filing the consent.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority.  Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge.  The parties can select a participating Magistrate Judge from any of the three divisions in the Central District of California.  There may be other advantages or disadvantages which you will want to consider.

The plaintiff or removing party must serve this Notice on each named party in the case.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN | CASE NUMBER: |
| PLAINTIFF(S) | 2:24–cv–10546–MWF–BFM |
| v. | |
| HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY | |
| DEFENDANT(S). | **NOTICE TO FILER OF DEFICIENCIES IN ATTORNEY CASE OPENING** |

**PLEASE TAKE NOTICE:**

The following problem(s) have been found with your electronically filed document:

| 12/6/2024 | 1 | Notice of Removal |
|---|---|---|
| Date Filed | Doc. No. | Title of Doc. |

**ERROR(S) WITH DOCUMENT:**

*Other Error(s):*

Attachment 1 Civil Cover Sheet should be e–filed separately. The event is located under Civil Events Other Filings Miscellaneous Filings.

Clerk, U.S. District Court

Dated: December 11, 2024        By: /s/ Carmen Lujan  Carmen_Lujan@cacd.uscourts.gov
                                                    Deputy Clerk

– NOTICE TO FILER OF DEFICIENCIES IN ATTORNEY CASE OPENING –

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [x] )

STEPHEN CHAPMAN

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff    Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Sangamon, Illinois
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
STEPHEN CHAPMAN, IN PRO PER
7917 Selma Avenue 336
Los Angeles, CA 90046
T: 619.550.7543

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Freeman Mathis & Gary, LLP
Marc Shrake, mshrake@fmglaw.com; Kristin Ingulsrud, kingulsrud@fmglaw.com
550 S. Hope St, Suite 2200, Los Angeles, CA 90071
T: 213-615-7000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| [ ] 1. U.S. Government Plaintiff | [ ] 3. Federal Question (U.S. Government Not a Party) |
| [ ] 2. U.S. Government Defendant | [x] 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| [ ] 1. Original Proceeding | [x] 2. Removed from State Court | [ ] 3. Remanded from Appellate Court | [ ] 4. Reinstated or Reopened | [ ] 5. Transferred from Another District (Specify) | [ ] 6. Multidistrict Litigation - Transfer    [ ] 8. Multidistrict Litigation - Direct File |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [ ] Yes  [x] No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes  [x] No    [x] **MONEY DEMANDED IN COMPLAINT:** $ +75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [x] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 835 Patent - Abbreviated New Drug Application |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 880 Defend Trade Secrets Act of 2016 (DTSA) |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | **SOCIAL SECURITY** |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 861 HIA (1395ff) |
| [ ] 480 Consumer Credit | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 862 Black Lung (923) |
| [ ] 485 Telephone Consumer Protection Act | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 490 Cable/Sat TV | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 864 SSID Title XVI |
| [ ] 850 Securities/Commodities/Exchange | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 865 RSI (405 (g)) |
| [ ] 890 Other Statutory Actions | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | **FEDERAL TAX SUITS** |
| [ ] 891 Agricultural Acts | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 893 Environmental Matters | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 895 Freedom of Info. Act | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 896 Arbitration | [ ] 220 Foreclosure | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| [ ] 950 Constitutionality of State Statutes | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: _____

CV-71 (06/24)                    CIVIL COVER SHEET                    Page 1 of 3

1  **FREEMAN MATHIS & GARY, LLP**
   Marc Shrake, SBN 219331
2  mshrake@fmglaw.com
   Kristin A. Ingulsrud, SBN 294532
3  kristin.ingulsrud@fmglaw.com
   550 S. Hope Street, Suite 2200
4  Los Angeles, CA 90071
   T.: 213.615.7000 | F: 833.264.2083
5

6  *Attorneys for Defendant*
   *Horace Mann Property*
7  *& Casualty Insurance Company*

8

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/07/2025 11:24 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF LOS ANGELES**

11

12  STEPHEN CHAPMAN,                    CASE NO.: 24STCV27909
                                        *[Assigned for All Purposes to Dept 40,*
13              Plaintiff,               *Hon. Michael Shultz]*

14       v .                            **DEFENDANT HORACE MANN**
                                        **PROPERTY & CASUALTY INSURANCE**
15  HORACE MANN PROPERTY & CASUALTY     **COMPANY'S NOTICE OF FILING**
    INSURANCE COMPANY,                  **NOTICE OF REMOVAL**
16
                                        
17              Defendants,

18                                      Complaint filed: October 24, 2024
                                        Trial Date:      None
19

20       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that on December 6, 2024, Defendant Horace Mann Property &

22  Casualty Insurance Company filed a Notice of Removal in the United States District Court for the

23  Central District of California.  This Notice is provided in compliance with 28 U.S.C. § 1446(d).

24  / / /

25  / / /

26  / / /

27

28
                                         1
    **DEFENDANT HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY'S**
                **NOTICE OF FILING NOTICE OF REMOVAL**

2/24/25, 7:41 PM          Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 - Stephen Chapman - Outl…

 Outlook

**Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684**

From  Marc J. Shrake <MShrake@fmglaw.com>
Date  Fri 12/6/2024 5:36 PM
To    Connie Spears <connie.spears@fmglaw.com>
Cc    stefinchapman@outlook.com <stefinchapman@outlook.com>; Kristin A. Ingulsrud
      <kristin.ingulsrud@fmglaw.com>

> By the fabricated timestamp, it appears marc had altered the timestamp below ("18:23") or he is replyinto to the future connie - either way this confirms the Defendant's attempts to Falisify the Federal Record

Please send me file marked copies of everything. I did not receive any notice from the court. Please make sure that I am listed as a lawyer on the case with my email address so that I get everything that's filed. Thank you.

Marc

Marc J Shrake
310-892-3759

Mobile phone communication.  Please excuse brevity and typos.

On Dec 6, 2024, at 18:23, Connie Spears <connie.spears@fmglaw.com> wrote:

> Defendant's attempt to rewrite history to appear compliant. see actual time email from Connie was sent above (4:24 PM) not 6:23 PM as fabricated by Attorney Marc Shrake

**Mr. Stephen Chapman,** attached for electronic email service, please find the following documents:

> without Consent - the FRCP Mandate written consent (consent was filed 1/24/25) see ECF 15.

    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
    CIVIL COVER SHEET
    CERTIFICATE AND NOTICE OF INTERESTED PARTIES
    DECLARATION OF KRISTIN INGULSRUD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
    UNDER 28 U.S.C. § 1441
    DECLARATION OF MATTHEW RUBIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
    UNDER 28 U.S.C. § 1441

Hard copies will follow via U.S. Mail.

> this was sent with an image of the envolpe stuffed containing these documents - however, this occured 44 ninutes prior to submitting documents to the court after 5PM on a Friday

Thank you
**Connie Spears**
Legal Secretary
**Freeman Mathis & Gary, LLP**
550 South Hope Street | Suite 2200 | Los Angeles, CA 90071-2631
D: 213-615-7046
Email: connie.spears@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook

2/24/25, 7:41 PM        Re: Chapman v. Horace Mann - Notice of Removal plus supporting docs | Central District Court | 117684 - Stephen Chapman - Outl...

<image002.png>

AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

<2024-12-06 Civil Cover Sheet.pdf>
<2024-12-06 Notice of Removal.pdf>
<2024-12-06 Notice of Interested.pdf>
<2024-12-06 Declaration of Ingulsrud.pdf>
<2024-12-06 SIGNED Dec of Rubin.pdf>

Query   Reports   Utilities   Help   Log Out

ACCO,(BFMx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:24-cv-10546-MWF-BFM

and Casualty

Date Filed: 12/06/2024
Jury Demand: None
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

r Mircheff

, 24STCV27909
n of Contract

Not the Address of the Plaintiff's and not the Address on FIle with the Court

represented by **Stephen Chapman**
7917 Selma Ave No 336
Los Angeles, CA 90046
619-550-7543
PRO SE

represented by **Kristin A Ingulsrud**
Freeman Mathis and Gary, LLP
550 South Hoper Street Suite 2200
Los Angeles, CA 90071
213-615-7000
Fax: 833-264-2083
Email: kristin.ingulsrud@fmglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA

Please read this important notice and confidentiality statement

**From:** Stephen Chapman <stefinchapman@outlook.com>
**Sent:** Monday, January 27, 2025 1:38 PM
**To:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>
**Subject:** Re: Case No. 2:24-cv-10546 – Plaintiff's Statements
**Importance:** High

Here The Plaintiff complies prior to the 2 PM deadline insisted by the Defendant

**Caution:** This email originated from outside of the FMG organization. **Do not click links** or **open attachments** unless you recognize the sender and know the content is safe.

Dear Kristin,

I hope you are doing well. As discussed, please find attached the Plaintiff's Statements for inclusion in our Rule 26(f) report for Case No. 2:24-cv-10546.

Should you have any questions or require additional information, please feel free to let me know.

Thank you for your cooperation and patience. The only preference I have that comes to mind is that all events be scheduled after March 20th 2025.

Please let me know if you have questions.


Thanks,


Stephen Chapman, B.Sc., AA


Medical Device Sales Manager, Los Angeles CA


C| +1 619-550-7543


E| Stefinchapman@outlook.com

*"I have no special talents, I am but only passionately curious."*

-Albert Einstein

Page 10 of 25

**709**

**209**

Here Counsel tries to pressure me into signing a document written by them and threatens plaintiff with an ultimatum

**From:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>
**Sent:** Monday, January 27, 2025 10:23 AM
**To:** Stephen Chapman <stefinchapman@outlook.com>
**Subject:** RE: Case No. 2:24-cv-10546 – Plaintiff's Statements

Good Morning,

I'm not sure if you are referring to the Joint Statement, but if so, that is the document that I have been emailing about for the past couple weeks.  Please let me know if I have authority to file the attached document.  If you are a registered CM/ECF filer, I can file (with your permission) without your hand-signed signature.  If you are not, please sign the "hand signature" version, scan and return.

Please let me know if you want us to file on your behalf by 2 p.m. so that we have time to get it filed today.   If you do not intend to participate, please also let me know ASAP because then I need to redo this as a solo filing.   Per the court's previous order, this is supposed to be a joint filing.  The court has already reprimanded us once for not complying with this order.

**Kristin A. Ingulsrud**

Senior Counsel

**Freeman Mathis & Gary, LLP**

**550 South Hope Street | 22nd Floor | Los Angeles, CA 90071-2631**

**D:** 213-615-7056 **| C: 909-210-2763**

Email: kristin.ingulsrud@fmglaw.com

www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA

Please read this important notice and confidentiality statement

Page 11 of 25

**710**

**210**

I'll ask my client about stipulating to filing an amended complaint.

Thanks



Defendant agrees to confer with client and reply - .......

**Kristin A. Ingulsrud**

Senior Counsel

**Freeman Mathis & Gary, LLP**

**550 South Hope Street | 22nd Floor | Los Angeles, CA 90071-2631**

**D: 213-615-7056    | C: 909-210-2763**

Email: kristin.ingulsrud@fmglaw.com

www.fmglaw.com  | Instagram  | Twitter | Facebook

FMG LAW Freeman Mathis & Gary LLP — When It Counts

AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA

Please read this important notice and confidentiality statement

---

**From:** Stephen Chapman <stefinchapman@outlook.com>
**Sent:** Tuesday, January 14, 2025 10:36 PM
**To:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>
**Subject:** Re: Chapman v. Horace Mann - Joint Rule 26(f) Report



Date Sent

**Caution:** This email originated from outside of the FMG organization. **Do not click links** or **open attachments** unless you recognize the sender and know the content is safe.

Stipulation proposed by Plaintiff January 14 - which would help dictate postions in rule 26 goinf forward.

Hi Kristin,

Following our conversation I wanted to propose the attached document. Please review and feel free to connect with me tomorrow to discuss.

Thanks,



Stephen Chapman, B.Sc., AA

Medical Device Sales Manager, Los Angeles CA

C| +1 619-550-7543

E| Stefinchapman@outlook.com

*"I have no special talents, I am but only passionately curious."*

-Albert Einstein

**From:** Kristin A. Ingulsrud <kristin.ingulsrud@fmglaw.com>
**Sent:** Monday, January 13, 2025 7:50 PM
**To:** stefinchapman@outlook.com <stefinchapman@outlook.com>
**Subject:** Chapman v. Horace Mann - Joint Rule 26(f) Report

Page 23 of 25

**722**

**212**