**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
T: 213.615.7000 | F: 833.264.2083
Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>      Plaintiff,<br><br>v.<br><br>HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>      Defendant. | Case No. 2:24-CV-10546-MWF-BFM<br>District Judge Michael W. Fitzgerald<br><br>**DEFENDANT HORACE MANN'S OBJECTIONS TO PLAINTIFF'S FILINGS IN DOCKET NOS. 38 AND 38-1** |

Horace Mann Property and Casualty Insurance Company ("Horace Mann") objects to the untimely, impermissible filings by Plaintiff Stephen Chapman on the afternoon of Friday, April 4, 2025 (Docket Nos. 38, 38.1).

The filings are titled, respectively, "Notice of Errata" and "Notice of Hearin[g] Brief in Advance of 04/29/2025 Motion Hearing", but together they comprise 428 pages of additional argument and purported "evidence" for Plaintiff's Reply (Docket No. 27) regarding his Motion to Remand (Docket No. 31).

Horace Mann's objections are based on both procedural and substantive grounds. Moreover, Plaintiff's citations to non-existent cases are sanctionable.

1

**I.     Under L.R. 7-13, Plaintiff "shall be subject to the sanctions of L.R. 83-7" because his filings on April 4 were filed "after the time for filing the same shall have expired."**

The Court's Order of March 10, 2025 [Docket No. 31] permitted Plaintiff to file "a Reply in support of the Motion [to remand] no later than 3/31/2025." However, Plaintiff's additional reply papers in Docket Nos. 38 and 38-1 were filed four days late, on April 4, 2025.

Under L.R. 7-13, Plaintiff "shall be subject to the sanctions of L.R. 83-7." Sanctions under L.R. 83-7 include (a) monetary sanctions, (b) the imposition of costs and attorneys' fees to opposing counsel, "and/or" (c) such other sanctions the Court deems appropriate.

Because the filings were a full four days late despite Plaintiff's knowing since March 10 of his March 31 deadline, include more than 400 additional pages, and include documents dated *after* the March 31 deadline, the Court could find that Plaintiff's conduct was "willful, grossly negligent, or reckless," or all three. Such a finding would warrant the imposition of monetary sanctions under L.R. 83-7(a).

The record also supports the imposition of costs and attorneys' fees to Horace Mann's counsel under L.R. 83-7(b) because, at the very least, Plaintiff had to have been aware of the deadlines in the Court's March 10 Order and simply disobeyed them.

Moreover, as discussed below, monetary sanctions and the imposition of costs and attorneys' fees are warranted by Plaintiff's citations to two cases that do not exist and his blatant mischaracterizations of the facts and holdings of other cases.

At a minimum, Plaintiff's filings should be stricken and disregarded as not only late but also irrelevant in their content.

**II.    Plaintiff has committed multiple violations of Rule 11 and "an abuse of the adversary system" by making false representations to the Court by**

2

**DEFENDANT HORACE MANN'S OBJECTIONS TO PLAINTIFF'S FILINGS IN DOCKET NOS. 38 AND 38-1**

**citing cases that do not exist and misrepresenting the holdings of cases that do exist.**

Throughout this litigation, Plaintiffs' regular distortions of case law and extended arguments over irrelevant points suggest that he is making liberal use of artificial "intelligence." Plaintiff's papers filed on April 4 contain "hallucinated cases" and "fictitious legal citations." See United States v. Hayes, No. 2:24-CR-0280-DJC, 2025 WL 235531 at *8 (E.D. Cal. Jan. 17, 2025). His papers also wildly misstate issues and holdings of existing cited cases.

"Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court." Id. at *9. A fake opinion is not "existing law," and "an attempt to persuade a court or oppose an adversary by relying on fake opinions" is not only a Rule 11 violation, but "an abuse of the adversary system." Strike 3 Holdings, LLC v. Doe, No. 2:24-CV-8183-TJH (SPX), 2025 WL 882212 at *3 (C.D. Cal. Jan. 22, 2025) (quoting Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)).

In addition to the obvious problem of inviting a court to make an erroneous ruling based on fake precedent, many other harms result from the submission of false opinions to a court of law. These include wasting the opposing party's time and money in "exposing the deception" and taking the court's time away from other important matters. Mata, 678 F. Supp. 3d at 448. There is also reputational harm to judges and courts "whose names are falsely invoked as authors of the bogus opinions" and to those named as parties with fictional conduct attributed to them. Id. It may also incent future litigants to "defy a judicial ruling by disingenuously claiming doubt about its authenticity." Id.

Rule 11 "explicitly applies to parties not represented by attorneys". Novitzky v. Transunion LLC, No. 2:23-CV-04229-SPG-MAR, 2024 WL 5424114 at *3 (C.D.

3

**DEFENDANT HORACE MANN'S OBJECTIONS TO
PLAINTIFF'S FILINGS IN DOCKET NOS. 38 AND 38-1**

Cal. Apr. 11, 2024) (quoting Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994)); see also FRCP 11(b).

In his April 4 filings, Plaintiff deems a non-existent case "controlling case law" on the timing of Horace Mann's filing of the state court notice of notice removal. [Docket No. 38, pp. 11 and 24, citing a "hallucinated case" that Plaintiff calls "*Regents of Univ. of Cal. v. Gen. Refractories Co.*, No. C 10-04305 WHA, 2011 WL 1459068 at *2 (N.D. Cal. Apr. 15, 2011)."] Plaintiff even adds a parenthetical to emphasize, in bold, that this is controlling precedent. [Docket No. 38, p. 11]. For good measure, Plaintiff makes up a quotation from the "case": "'Failure to file the notice of removal with the state court deprives the federal court of jurisdiction.'" [Docket No. 38, p. 11].

The "case," however, does not exist. There is no case associated with the provided citation and there is no case by that name. And, in any event the point Plaintiff tries to make in citing this "case" three times is irrelevant: Horace Mann did file a notice of notice of removal with the state court.

Plaintiff also cites another nonexistent case, "*Rodriguez v. Ventura Cnty.*, 2020 WL 3964793." The numerical Westlaw citation provided leads to an entirely different case with unrelated facts and legal issues. See Medina v. County of Los Angeles, 2020 WL 3964793.

Plaintiff also cites California ex rel. Lockyer v. Dynegy, Inc. for the erroneous proposition that the "Ninth Circuit reaffirmed that federal jurisdiction does not attach unless and until the procedural requisites of removal have been strictly complied with." [Docket No. 38, pp. 11, 13]. However, Lockyer addressed issues involving

4

**DEFENDANT HORACE MANN'S OBJECTIONS TO PLAINTIFF'S FILINGS IN DOCKET NOS. 38 AND 38-1**

federal question jurisdiction and sovereign immunity. It makes no reference to the procedural requirements referred to by Plaintiff.[1]

Plaintiff also purports to distinguish a case he says Horace Mann cited, Spanair S.A. v. McDonnell Douglas Corp. [Docket No. 38, p. 13]. In fact, however, Horace Mann has not cited this case. In any event, Spanair concerns the point at which a state court *reassumes* jurisdiction after a removed matter is later *remanded*. Spanair S.A. v. McDonnell Douglas Corp., 172 Cal. App. 4th 348, 351 (Cal. App. 2009).

Plaintiff's citation to Owen Equip. & Erection Co. v. Kroger is also not informative. [Docket No. 38, p. 24]. The issue there was whether a plaintiff could assert a claim against a third-party defendant when there is no independent basis for federal jurisdiction over that claim. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 367 (1978). The opinion exclusively discusses the concept of ancillary jurisdiction without a single reference to the notice of removal.

**III.  Plaintiff's pursuit of attention from the state court has nothing to do with a motion to remand.**

Included in Plaintiffs papers is a document titled "Notice of Hearin[g] Brief in Advance of 04/29/2025 Motion Hearing," which Plaintiff apparently filed in state court on April 3, 2025. [Docket No. 38-1, pp. 1-15.] That document relates to a motion the state court already denied at a hearing on March 13, 2025 ("The court cannot consider Plaintiff's motion as it lacks jurisdiction to hear it."). [Docket No. 34-1, p. 20-21.]

---

[1] In Lockyer, the state of California brought an action in state court which was subsequently removed. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 837 (9th Cir. 2004). California argued that removal was improper because no federal question was raised in its complaint and because sovereign immunity barred removal. Id. at 838, 844. Absent from the opinion is any discussion of procedural removal requirements or strict compliance with them.

5

In Plaintiff's recent state court pleading, he admits he was at that hearing, but elected not to appear. The remedy he now seeks in state court is another hearing on the same motion: that same day, Plaintiff went to the state court's online registration system and, on his own, reserved another hearing date for the same motion.

Now, Plaintiff argues to this Court, as a basis for remand, that his own repeated activity in state court (which has stayed its action), including Plaintiff's filing frivolous pleadings, is evidence that "the California Superior Court has continued to exercise jurisdiction". [Docket No. 38, p. 5.]

However, the fact that the state court's administrative functions allow litigants to file documents and schedule motions, in a case that the state court has stayed, has nothing to do with a motion to remand.

**IV. Conclusion**

Based on the record, Horace Mann respectfully requests strike and disregard Plaintiff's filings in Docket Nos. 38 and 38-1 on April 4, 2024, and that the Court deny Plaintiff's Motion to Remand.

Dated: April 7, 2025            **FREEMAN MATHIS & GARY, LLP**

By:   /s/ Marc J. Shrake\_\_
Marc J. Shrake
Attorneys for Defendant
HORACE MANN PROPERTY AND
CASUALTY INSURANCE
COMPANY