UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-10546-MWF (BFMx)              Date:  April 23, 2025
Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

Proceedings (In Chambers):   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [29]

Before the Court is Plaintiff Stephen Chapman's Motion for Judicial Notice of Notice of Motion to Remand Sua Sponte (the "Motion") filed on March 4, 2025, which the Court construed as motion to remand.  (Docket Nos. 29, 31).  On March 21, 2025, Defendant Horace Mann Property & Casualty Insurance Company filed an Opposition.  (Docket No. 34).  Plaintiff filed a Reply on March 31, 2025.  (Docket No. 37).

On April 4, 2025, Plaintiff filed a Notice of Supplemental Authority in Support of his Motion to Remand ("Supplemental Authority"), which included over 400 pages of exhibits.  (Docket No. 38).  Defendant filed objections to the Supplemental Authority on April 7, 2025.  (Docket No. 39).

The Motion is **DENIED**.  Defendant has met its burden of establishing that removal was proper pursuant to this Court's diversity jurisdiction.

I.    **BACKGROUND**

Plaintiff commenced this action in Los Angeles County Superior Court (the "State Action") on October 24, 2024.  (*See* Notice of Removal ("NOR") (Docket No. 1) at 1).  Defendant was served on November 8, 2024.  (Declaration of Kristin Ingulsrud in Support of Notice of Removal (Docket No. 1-3) ¶ 2).

On November 14, 2024, Plaintiff filed a First Amended Complaint ("FAC") alleging the following causes of action: (1) Breach of Contract; (2) Bad Faith Denial of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**            **Date:  April 23, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Insurance Benefits; (3) Fraud and Intentional Misrepresentation; (4) Negligent Misrepresentation; (5) Breach of Fiduciary Duty; (6) Malfeasance; (7) Oppressive Conduct; (8) Violation of California Insurance Code § 662; (9) Violation of California Business & Professions Code § 17200; (10) Intentional Infliction of Emotional Distress; and (11) Negligent Infliction of Emotional Distress.  (NOR at 2)

On December 6, 2024, Defendant Horace Mann Property and Casualty Insurance Company filed the NOR in the United States District Court for the Central District of California.  (*Id.* at 2).  The basis of removal is diversity jurisdiction under 28 U.S.C § 1132(b).  (*Id.*).

On January 7, 2025, Defendant filed a copy of the Notice of Removal in the State Action.  (*See* Docket No. 11, Ex. B, List of Documents Filed in *Stephen Chapman v. Horace Mann Property & Casualty Insurance Company*, 24STCV27909 ("State Court Docket")) (noting "Notice of Removal to Federal Court" was filed on "1/07/2025").  Plaintiff alleges that Defendant served him a copy of the unfiled NOR on December 6, 2024.  (Motion at 5–6).

Following Defendant's removal of this action, Plaintiff filed two ex parte applications, which primarily requested the Court remand this action to Los Angeles County Superior Court.  (*See* Docket Nos. 11, 23).  The Court denied Plaintiff's request for remand because he had not identified grounds for expedited relief.  (*See* Docket Nos. 17, 27).

In the weeks that followed, Plaintiff continued filing declarations and other "notices", which primarily sought remand of the action.  (*See e.g.*, Docket Nos. 18, 20, 29, 30).  On March 10, 2025, the Court decided to construe Plaintiff's latest filing as a motion to remand and set a briefing schedule.  (Docket No. 31).  The Court then took the motion under submission.  (*Id.*).

## II.  **DISCUSSION**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**                    **Date:  April 23, 2025**
Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

## A.    Supplemental Authority

On March 10, 2025, the Court issued an Order explaining that it would construe the Motion as a motion to remand and permitted Plaintiff to file a Reply in support of the Motion no later than March 31, 2025.  (Docket No. 31).  Plaintiff filed a Reply by that deadline.  However, on April 4, 2025, Plaintiff filed supplemental authority in support of the Motion, which included over 400 pages of exhibits.  (*See generally* Supplemental Authority).

On April 7, 2025, Defendant objected to the Supplemental Authority on procedural and substantive grounds.  (Docket No. 39).  Specifically, Defendant took issue with the untimeliness of the filings and Plaintiff's distortion of and citation to nonexistent case law.  (*Id.* at 1–3).

Defendant's objections are well-taken.  However, because the Supplemental Authority did not alter the Court's ruling, Defendant's objections are overruled.  Plaintiff is warned, however, that any future noncompliance with the Local Rules or this Court's procedures may not be similarly entertained.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-10546-MWF (BFMx)              Date:  April 23, 2025
Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

### B.    Motion to Remand

Plaintiff largely renews arguments raised in his previous filings and primarily argues that remand is appropriate because Defendant delayed in filing the NOR in the State Action.  As the Court previously explained, the procedural missteps allegedly committed by Defendant do not divest this Court of jurisdiction.  (*See* Docket No. 17 "Prior EPA Order").  While Section 1446(d) creates a separate obligation to "promptly" notify the state court of removal after filing a notice of removal in federal court, "a number of federal courts have held that a failure to file the copy with the state court will not defeat the district court's subject-matter jurisdiction."  14 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 3735 (4th ed.); *see also Rito Ligutom v. SunTrust Mortgage*, No. C10-05431 HRL, 2011 WL 445655, *2 (N.D. Cal. Feb. 4, 2011) (defendant's one month delay in filing notice of remand with Superior Court did not warrant remand); *Nixon v. Wheatley*, 368 F.Supp.2d 635, 640 (E.D. Tex. 2005) (finding notice was reasonably prompt, despite twenty-two day delay); *Calderon v. Pathmark Stores, Inc.*, 101 F.Supp.2d 246, 247–48 (S.D.N.Y. 2000) (concluding thirty-six day delay was relatively short and harmless and did not justify remand).

The Court finds Plaintiff's arguments regarding other procedural missteps hard to follow.  Nevertheless, the Court does not perceive how the alleged conduct would divest it of jurisdiction or warrant imposition of sanctions on Defendant.

### 1.  Diversity of Citizenship

For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship.  *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).  In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-10546-MWF (BFMx)          Date:  April 23, 2025

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

The Court concludes that there is complete diversity of citizenship between the two parties named in the operative complaint (i.e., the First Amended Complaint). Plaintiff is an individual residing in Los Angeles County, California, and Defendant is incorporated and has its principal place of business in Illinois.  (NOR at 3).  While Plaintiff refers to joinder of a non-diverse defendant, he has filed no motion seeking amendment or joinder in this Court.

## 2.  Amount in Controversy

Generally, the amount in controversy in a liability coverage case is "the value of the underlying potential tort action."  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).  Specifically, in actions that call into question the validity of an insurance contract, such as when the insurer contends the policy is lapsed for nonpayment of premiums, "the policy's face amount is the measure of the amount in controversy."  *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018); *see also* 14B Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 3710.3 (5th ed.) (collecting cases).

Here, Plaintiff seeks recovery for alleged losses after Defendant canceled an automobile insurance policy due to Plaintiff's alleged nonpayment of the premium. (NOR 3). That policy had bodily injury liability limits of $100,000 per person/$300,000 per accident, property damage liability limit of $100,000 per accident, medical payments limit of $5,000 per insured, UM/UIM bodily injury limits of $100,000 per person/$300,000 per accident, collision coverage, other-than-collision coverage, and other coverages.  (*See* NOR, Ex.1 (Docket No. 1-2).  The policy limit alone exceeds the jurisdictional threshold, but Plaintiff also seeks "financial losses, including medical expenses, lost wages, and emotional distress", as well as attorney's fees and costs.  (*See* First Amended Complaint (Docket No. 1-3) at 6).

Therefore, Defendant has met its burden of establishing both the requisite amount in controversy and complete diversity between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**          **Date:  April 23, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

## III.  CONCLUSION

Accordingly, the Motion is **DENIED**.  Defendant has met its burden of establishing that removal was proper pursuant to this Court's diversity jurisdiction.

On March 3, 2025, Plaintiff filed the parties' Joint Rule 26(f) Report.  (Docket No. 28).  The missing Schedule of Pretrial and Trial Dates Worksheet (the "Worksheet") was filed on March 10, 2025.  (Docket No. 32).  The Worksheet reflects Plaintiff's requested jury trial date of October 7, 2025, and Defendant's requested jury trial date of June 16, 2026.

A trial in October 2025 is not available on the Court's calendar, and the Court does not believe it is reasonably likely that the case will be ready for trial this year.  The Court is inclined to grant Defendant's requested trial date.  The Court will separately file its Order Re Jury Trial and Order/Referral to ADR.

Plaintiff is reminded that although he is proceeding pro se, he will be held to the same requirements as counsel through discovery and trial preparation.  The Court urges Plaintiff to review the Self-Representation Order (Docket No. 8).

IT IS SO ORDERED.