2:24-CV-10546-MWF-BFM  01.30.2025

FILED
CLERK, U.S. DISTRICT COURT
1/30/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  RYO  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**Stephen Chapman**
7917 Selma Ave #336
Los Angeles, CA 90046
(619) 550-7543
StefinChapman@outlook.com
**Plaintiff, In Pro Per**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>Plaintiff,<br><br>v.<br><br>HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY et al<br><br>Defendant(s) | Case No. 2:24-CV-10546-MWF-BFM<br>District Judge: Michael W. Fitzgerald:<br><br>**PLAINTIFF'S NOTICE OF LACK OF SUBJECT-MATTER JURISDICTION & REQUEST FOR SUA SPONTE DISMISSAL UNDER FRCP 12(H)(3), MOTION TO STRIKE DEFENDANT'S NOTICE OF REMOVAL UNDER FRCP 12(F), AND MOTION FOR SANCTIONS UNDER FRCP 11**<br><br>**State Motion Hearing:** 03/13/2025<br>**Matter Stayed (State):** 01/07/2025<br><br>**Dated:** 01/29/2025 |

**TO THE HONORABLE MICHAEL W. FITZGERALD AND ALL PARTIES AND THEIR ATTORNEYS OF RECORDs:**

Plaintiff **Stephen R. Chapman**, in **pro se**, submits this Notice under

**Federal Rule of Civil Procedure 12(h)(3)**, requesting the Court **sua**

PLAINTIFF'S NOTICE OF LACK OF SUBJECT-MATTER JURISDICTION & REQUEST FOR SUA SPONTE DISMISSAL UNDER FRCP 12(H)(3) AND MOTION TO STRIKE DEFENDANT'S NOTICE OF REMOVAL UNDER FRCP 12(F) - 1

**sponte dismiss this case for lack of subject-matter jurisdiction**, a **Motion to Strike Defendant's Notice of Removal and All Federal Filings under FRCP 12(f), and a Motion for Sanctions under FRCP 11** due to Defendant's bad faith litigation conduct.

## I. INTRODUCTION

This Court **lacks subject-matter jurisdiction** over this case because **removal was procedurally defective and never perfected under 28 U.S.C. § 1446(d)**. The **State Court has never relinquished jurisdiction**, rendering all federal filings **void ab initio** (null from the outset). Pursuant to **Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998)**, this Court **must resolve jurisdiction before taking any further action**.

Additionally, under **FRCP 12(f),** Plaintiff moves to **strike Defendant's Notice of Removal and all subsequent federal filings** as **redundant, immaterial, and improper** given the defective removal. Further, **under FRCP 11, Plaintiff seeks sanctions against Defense Counsel** for filing **a frivolous and procedurally improper removal in bad faith**, wasting judicial resources, and attempting to mislead the court.

## II. FACTUAL BACKGROUND

1. **Defendant filed a Notice of Removal in federal court on 12/06/2024 but delayed filing notice in state court until 01/07/2025 (31 days later), in violation of 28 U.S.C. § 1446(d).**

2. **State Court has never relinquished jurisdiction and has scheduled a hearing for 03/13/2025 to address Plaintiff's Motion to Strike and Remand.**

3. **Defendant's federal filings were made before state court received any notice of removal, rendering all actions taken in this Court ultra vires.**

## III. LEGAL ARGUMENT

**A. The Court Lacks Jurisdiction Because Removal Was Procedurally Defective**

- **28 U.S.C. § 1446(d) requires that removal is not effective until notice is properly filed in state court.**

- **Since Defendant failed to timely file the removal notice in state court, the State Court's jurisdiction remains intact.**

- **Meyer v. Health Mgmt. Assocs., Inc., 841 F. Supp. 2d 1262, 1265 (S.D. Fla. 2012) confirms that a delay in state court notice invalidates removal.**

**B. Ultra Vires Federal Proceedings Must Be Stricken**

- **Federal courts cannot exercise jurisdiction when removal was not properly effectuated.**

- **Under Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004),** jurisdiction must exist at the time of removal, or the case must be dismissed.

- **All federal actions taken** in this matter are therefore **null and must be stricken.**

**C. Motion to Strike Defendant's Notice of Removal Under FRCP 12(f)**

- **FRCP 12(f)** allows courts to strike filings that **are redundant, immaterial, or improper.**

- Since removal carried **multiple defects, Defendant's Notice of Removal and all related filings should be stricken for their impropriety.**

- **Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996)** confirms that procedural defects in **removal** must be **resolved immediately**.

**D. Motion for Sanctions Under FRCP 11 for Bad Faith Litigation Conduct**

- **FRCP 11** allows sanctions for filings made for **improper purposes**, including harassment, **causing unnecessary delay**, or needlessly **increasing litigation costs**.

- **Defendant's actions demonstrate a clear pattern of bad faith:**

- o **Willfully filing an invalid removal in state court, pursuant to the woeful advantages and undue prejudice offered without perfecting jurisdiction.**
- o **Engaging in willful procedural misrepresentation by failing to timely notify the state court and misrepresenting jurisdictional facts to induce unlawful federal proceedings under false pretenses** by failing to timely notify the state court.
- o Advancing proceedings in a court **without jurisdiction, wasting judicial resources.**

- **Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)** allows courts to impose sanctions where removal was frivolous or in bad faith.

- Plaintiff requests monetary **sanctions** and an **order preventing further removal attempts with prejudice.**

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. **Dismiss this action sua sponte under FRCP 12(h)(3) for lack of subject-matter jurisdiction.**

2. **Strike Defendant's Notice of Removal and all subsequent federal filings under FRCP 12(f).**

3. **Impose sanctions against Defense Counsel under FRCP 11 for bad faith litigation conduct.**

4. **Order that future removal attempts in this matter be barred with prejudice.**

5. **Grant any further relief the Court deems just and proper.**

**Respectfully submitted,**

Dated: January 29, 2025 .

[signature]

Stephen R. Chapman
Plaintiff, In Pro Per

PLAINTIFF'S NOTICE OF LACK OF SUBJECT-MATTER JURISDICTION & REQUEST FOR SUA SPONTE DISMISSAL UNDER FRCP 12(H)(3) AND MOTION TO STRIKE DEFENDANT'S NOTICE OF REMOVAL UNDER FRCP 12(F) - 6

## INDEX OF EXHIBITS

**Exhibit A:** *State Court Ledger & Docket Entries*
*Proves no jurisdictional transfer exists as promulgated by the defense.*

**Exhibit B:** *State Court Order scheduling Motion to Strike/Remand hearing. Confirmed by the enclosed (see page 1) [state] clerk endorsement*

**Exhibit C:** Demonstrated Cause(s) of Action – **Sanctions; Notice to State Court of Removal (Filed in State Court - Jan 7, 2025)**

**Exhibit C further demonstrates Willful Misrepresentation & Procedural Defect**

- **Conflicting dates indicate an unlawful attempt to cure a jurisdictional defect.**
- **State court notice was filed 31 days after federal removal, violating 28 U.S.C. § 1446(d).**

**See redlined dates in conflict:**

- **(See state caption page 1)** – Caption misleadingly claims compliance with statutory deadline.
- **(See state caption page 2)** – Signature date in directconflict with purported compliance, confirming the actual filing date **beyond the 30-day limit**.
- **(see exhibit page 4) –** [Banner] timestamp confirms the date filed in federal court (12/06/2024)

**Additional Procedural Violations:**

- **Failure to file concurrent substantive documents in state court**
    - (see *Federal Notice of Removal*) missing exhibits titled:
        - "Declaration of Kristin…"
        - "Declaration of Matthew…"
        - "Notice to Interested Parties…"
    - *Link to State Docket*: Confirms missing filings.

**Attempt to conceal procedural defect through deceptive structuring of document.**