UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10546-MWF (BFMx)                    **Date:** June 11, 2025

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                               Not Reported

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
None Present                               None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [45]; MOTION TO STRIKE [46]; MOTION TO STAY [47]

Before the Court are three motions (the "Motions"):

The first is Plaintiff Stephen Chapman's Motion for Reconsideration of Order Denying Motion to Remand (the "Reconsideration Motion") filed on May 9, 2025. (Docket No. 45).  On May 19, 2025, Defendant Horace Mann Property & Casualty Insurance Company filed an Opposition.  (Docket No. 53).

The second is a Motion to Strike Portions of Defendant's Opposition to the Motion to Remand (the "Motion to Strike") filed by Plaintiff on May 11, 2025. (Docket No. 46).  Defendant filed an Opposition on May 19, 2025.  (Docket No. 53).

The third is a Motion to Stay Enforcement of Orders Pending Resolution of Plaintiff's Motion for Reconsideration (the "Motion to Stay").  (Docket No. 48).

Plaintiff filed a Supplemental Brief and Evidentiary Declaration in support of the Motions on May 11, 2025.  (Docket No. 47).  Additionally, Plaintiff filed an untimely, comprehensive Reply on June 3, 2025.  (Docket No. 55).  Despite its untimeliness, the Court considered Plaintiff's arguments in the Reply.

The Motions are **DENIED**.  Plaintiff has failed to articulate any viable basis for the relief sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 24-10546-MWF (BFMx)**                        **Date:  June 11, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

## I.    <u>BACKGROUND</u>

The Court previously summarized the central facts of this action in its Order Denying Plaintiff's Motion to Remand (the "Prior Order").  (Docket No. 40).  The Court incorporates by reference the Background section of the Prior Order.

## II.    <u>DISCUSSION</u>

### A.    <u>Reconsideration Motion</u>

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).  The movant bears the burden of proving that reconsideration is proper.  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *Gish v. Newsom*, No. EDCV 20-755-JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted)).  Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  L.R. 7-18.

"No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  *Id.*  "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration."  *Gish*, 2020 WL 6054912, at *2 (citation omitted) (denying a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**            **Date:  June 11, 2025**

Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

motion for reconsideration where the plaintiffs failed to present new evidence or show a change in law).

Plaintiff's arguments for reconsideration are merely attempts to re-litigate the arguments already rejected in the Prior Order.  Plaintiff fails to identify newly discovered evidence, clear error, or an intervening change of authority that warrant relief.  Rather, the Reconsideration Motion is hard to follow and replete with actions that Plaintiff perceives to be procedural irregularities amounting to fraud on the Court.  The clerical errors that Plaintiff raises would neither cause the Court to change its ruling in the Prior Order nor divest this Court of its jurisdiction over the action.

Accordingly, the Motion for reconsideration is denied.

**B.    Motion to Strike and to Stay**

In the Motion to Strike, Plaintiff seeks to strike portions of Defendant's Opposition to the Motion to Remand, which the Court already ruled on in the Prior Order.  Plaintiff cites to no authority supporting the relief sought, and most notably, the Court fails to understand the relevance of seeking such relief.

The Motion to Stay is similarly meritless.  Plaintiff seeks to stay enforcement of this Court's Order/Referral to ADR, Docket No. 43, and Order re: Jury Trial, Docket No. 44, pending resolution of Plaintiff's Reconsideration Motion.  Because the Court is ruling on the Reconsideration Motion in this Order, the Motion to stay is denied as moot.

Accordingly, the Motions are **DENIED**.

Since January 23, 2025, Plaintiff has submitted 22 separate filings to the Court—including two ex parte applications, four motions, and various declarations amassing a total of 1,376 pages—dedicated to litigating and re-litigating largely the same issues regarding "procedural irregularities."  (*See* Docket Nos. 11, 12, 13, 18, 19, 20, 22, 23, 29, 30, 32, 36, 37, 38, 41, 42, 45, 46, 47, 48, 55, 58).   Any further filings seeking to re-litigate the issues raised in these filings, and already ruled on by this Court, will summarily be denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-10546-MWF (BFMx)**                    **Date:  June 11, 2025**
Title:  Stephen Chapman v. Horace Mann Property and Casualty Insurance Company

Plaintiff is again reminded that although he is proceeding pro se, he will be held to the same requirements as counsel through discovery and trial preparation.  The Court urges Plaintiff to review the Self-Representation Order (Docket No. 8).

IT IS SO ORDERED.