1  STEPHEN CHAPMAN
   In Propria Persona
2  7917 Selma Ave #336
   Los Angeles, CA 90046
3  (619) 550-7543
   Stefinchapman@outlook.com
4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN CHAPMAN**,<br><br>Plaintiff(s),<br><br>vs.<br><br>**HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, et al.**,<br><br>Defendant(s) | Case No.: 2:24-cv-10546-MWF (BFMx)<br>Hon. Michael Fitzgerald<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO JOIN RAYMOND PRUITT, EDUCATORS INSURANCE SALES, LLC, HORACE MANN SERVICE CORPORATION, AND HORACE MANN INSURANCE COMPANY UNDER FRCP 15, 19, 21, AND 28 U.S.C. § 1447(e)**<br><br>Hearing: Aug 5, 2025 10 AM |

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on August 5, 2025, 10 AM or as soon thereafter as the matter may be heard, in Courtroom 5A of the above-entitled Court, located at 350 W. First Street, Los Angeles, California 90012, before the Honorable Michael W. Fitzgerald, Plaintiff **Stephen Chapman**, appearing **in propria persona**, will and hereby does move the Court for leave to file an amended complaint pursuant to **Federal Rules of Civil Procedure 15(a)(2), 19, 21**, and **28 U.S.C. § 1447(e)**.

- 1 -

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED**

This Motion seeks:

1. **To reaffirm the Second Amended Complaint (SAC)** as the operative pleading, which was electronically filed and accepted by the Los Angeles County Superior Court on December 10, 2024, prior to the purported removal. Pursuant to California Rule of Court 2.259(c), an electronically submitted document is deemed filed upon confirmation of its acceptance. Plaintiff received such confirmation on December 10, 2024. The SAC was thus legally operative at the time of the scheduled hearing on Plaintiff's Motion to Strike the Notice of Removal and request leave to amend and join indispensable parties. The SAC's validity is not dependent on subsequent federal proceedings, but stems from state court rules governing e-filing and case status at the moment of removal.

2. **To join Raymond Pruitt**, a California resident, the licensed agent of record, and indispensable party as indicated in the Plaintiff's fourth cause of action in the initial and first amended complaint; moreover, identified as a named Defendant on the State Court Docket, joined through dispositive motions filed at the state court, before removal had effectuated, pursuant to CCP Rules 337, 338, and 339.

3. **To join Educators Insurance Sales, LLC**, owned and operated by Raymond Pruitt, endorsed by Horace Mann and dissolved by the CA Franchise Tax Board as confirmed by the Secretary of State's Office; nevertheless, the promoted and acting agency under which Plaintiff's policies were transacted, issued and managed.

4. **To join Horace Mann Insurance Company**, jointly named on policy declarations and correspondences.

5. **To join Horace Mann Service Corporation**, the CDI-licensed agency that endorsed Raymond Pruitt and transacted the subject policy, and "'HMSC INSURANCE AGENCY'

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED**

MUST BE USED FOR ALL INSURANCE BUSINESS CONDUCTED IN CALIFORNIA" – per CDI directive.

6. **To join Horace Mann Educators Corporation**, the parent entity that publicly markets, controls, and underwrites the policies through affiliated agents (including Raymond Pruitt and Educators Insurance Sales, LLC) and subsidiaries, and whose website and public communications induced Plaintiff's reliance.

7. **To correct jurisdictional defects, promote complete relief, and prevent parallel or inconsistent litigation.**

This Motion is made following compliance with Local Rule 7-3, including Plaintiff's renewed meet-and-confer communication on June 24, 2025, and the prior proposal made during the parties' Rule 26(f) conference on January 15, 2025. The Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, supporting declarations and exhibits, judicially noticeable facts, the pleadings and records in this case, and any evidence or argument presented at hearing.

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This Motion addresses a fundamental defect in the parties before the Court. Plaintiff's policies were brokered, bound, and issued through individuals and entities who have not been named in the federal docket due to Defendants' strategic omissions. These parties are:

- Raymond Pruitt;
- Educators Insurance Sales, LLC;
- Horace Mann Insurance Company;
- Horace Mann Service Corporation;
- Horace Mann Educators Corporation.

Each is a necessary party under Rules 19 and 21 and must be joined to ensure complete relief and protect against inconsistent obligations. Joinder also mandates remand under 28 U.S.C. § 1447(e) because Pruitt is a non-diverse party.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED**

## II. TABLE OF PROPOSED PARTIES FOR JOINDER

| Party | Role | Authority | Reason for Joinder |
|---|---|---|---|
| **Raymond Pruitt** | Agent of Record | CCP §§ 337–339; FRCP 19 | Bound and issued Plaintiff's policy; fourth COA named him individually |
| **Educators Insurance Sales, LLC** | Suspended Entity | CA Sec. of State; FTB; Rule 19 | Platform and conduit for policy transactions under Horace Mann brand |
| **Horace Mann Insurance Co.** | Underwriter | Policy Declarations | Issued and maintained policy |
| **Horace Mann Service Corp.** | Licensed CA Agency | CDI Records | Endorsed Pruitt; mandated agency name per CDI |
| **Horace Mann Educators Corp.** | Parent Corporation | Public website & advertising | Induced reliance; oversaw branding, training, marketing |

## III. FAILURE TO JOIN THESE PARTIES WILL CAUSE IRREPARABLE PREJUDICE

The absence of these parties renders the current action incapable of providing full relief. Specifically:

- Plaintiff cannot pursue full contractual, statutory, and tort damages against all actors responsible for wrongful cancellation and denial of coverage;

- Core allegations—fraud, concealment, unauthorized consolidation, backdating of coverage—are directly attributable to non-joined parties (particularly Pruitt and his LLC);

- Plaintiff's evidentiary rights and discovery remedies would be severely limited without party access to those controlling policy issuance, modification, and system errors;

- Failure to include dissolved and unlicensed entities (e.g., Educators Insurance Sales, LLC) will create judgment-proof gaps and obstruct enforceability;

- Parallel state court litigation or separate actions would be inevitable, risking duplicative rulings and judicial inefficiency;

- Asserting agency and *respondeat superior* theories without joining the agent and agency risks inconsistent verdicts on shared liability.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED**

**Without joinder**, Plaintiff faces procedural and substantive harm that cannot be remedied by monetary sanctions alone. The Court's equitable power to allow joinder must be exercised to preserve Plaintiff's access to a complete and just adjudication.

## IV. ARGUMENT

### A. Pruitt is an Indispensable Forum Defendant

Pruitt was named in the Fourth Cause of Action in the SAC, served through publication, and endorsed on CDI records under Horace Mann Service Corporation. He brokered, bound, and unlawfully modified Plaintiff's policy. His role is direct and central, and joinder destroys diversity under § 1441(b)(2).

### B. Educators Insurance Sales, LLC Transacted Policies While Defunct

This dissolved LLC was used post-2014 to transact policies without valid authority in violation of Cal. Corp. Code § 2205. CDI licensing records confirm it was inactive while being used by Pruitt. Plaintiff's policy was issued under its name, rendering it an indispensable party and subject to joinder under Rule 19(a).

### C. Horace Mann Insurance Company is a Real Party in Interest

Plaintiff's auto and renters declarations name Horace Mann Insurance Company as the underwriting entity. Their failure to appear has prevented discovery, enforcement of policy rights, and resolution of benefit claims. Joinder is required to avoid piecemeal litigation.

**D. Horace Mann Service Corporation is the Statutorily Required Agency**

CDI License No. 0D04004, issued to Horace Mann Service Corporation, lists it as the only entity authorized to transact Horace Mann insurance in California. Pruitt is endorsed under this entity. Its concealment undermines regulatory compliance and constitutes a fraud on the court. Joinder is not optional.

**E. Plaintiff Complied Fully With Rule 7-3 and Prior Efforts to Amend**

Plaintiff raised this amendment during the **January 15, 2025 Rule 26(f) conference**, proposing to stipulate. Defense counsel stated he would review the request and respond, but never did. Plaintiff followed up again on **June 24, 2025**, and was told the request would be opposed, without legal justification. Plaintiff has thus satisfied and exceeded Local Rule 7-3 requirements, demonstrating good faith and diligence.

**F. Failure to Join Will Result in Irreparable Harm and Prejudice**

Plaintiff will suffer irreparable prejudice if amendment is denied:

- He will be denied the opportunity to assert valid claims against directly responsible parties, including those who issued and canceled his insurance;
- He will face duplicative litigation and conflicting obligations if forced to separately pursue the agent, the defunct LLC, and the underwriting and licensing entities;
- Key testimony, coverage documents, internal correspondence, and bad faith findings will remain outside the scope of the current pleading structure;
- Any judgment rendered without all real parties in interest may lack preclusive effect or suffer legal vulnerability;

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED**

- Plaintiff's constitutional right to petition and redress grievances would be impaired where strategic omission by Defendants has concealed the true parties in interest.

**G. Horace Mann Educators Corporation Directed and Ratified Agency Activity**

Horace Mann Educators Corporation (HMEC) is the national parent entity publicly identified in Plaintiff's declarations and advertising content as the governing and controlling authority for all affiliated underwriting companies, including Horace Mann Insurance Company and Horace Mann Property & Casualty Insurance Company. Its website, policy disclaimers, and advertising representations identify Pruitt and Educators Insurance Sales, LLC as authorized "representatives of Horace Mann" and describe products underwritten by "Horace Mann Insurance Company and its affiliates." See e.g., content.pdf, attached.

The footer of public marketing materials clearly states: "© 2025 Horace Mann Educators Corporation," and it is this entity that publishes regulatory disclaimers, agent endorsements, and policy representations relied upon by Plaintiff.

By marketing policies through non-licensed, suspended, or dissolved LLCs while ratifying their acts and deriving financial benefit, HMEC is jointly and severally liable for the harms caused. Joinder is required under FRCP 19 to avoid incomplete adjudication, protect against duplicative litigation, and allow direct discovery of corporate agency protocols.

Failure to join HMEC would deprive Plaintiff of an opportunity to examine the corporate infrastructure, decision-making, and representations made through its network of agents, thereby unfairly prejudicing Plaintiff and undermining the full scope of relief available under law.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED**

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. GRANT leave to file the amended complaint;
2. RECOGNIZE the Second Amended Complaint filed December 10, 2024, as operative;
3. JOIN:
   - Raymond Pruitt
   - Educators Insurance Sales, LLC
   - Horace Mann Insurance Company
   - Horace Mann Service Corporation
   - Horace Mann Educators Corporation, and
   - Does
4. REMAND under 28 U.S.C. § 1447(e) upon joinder; and
5. Grant all other relief the Court deems proper.

Dated: June 30, 2025
Respectfully submitted,

**/s/ Stephen Chapman**
Stephen Chapman
Plaintiff, In Propria Persona