**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake, SBN 219331
mshrake@fmglaw.com
Kristin A. Ingulsrud, SBN 294532
kingulsrud@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
T: 213.615.7000 | F: 833.264.2083

Attorneys for Defendant Horace Mann Property
and Casualty Insurance Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHAPMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 2:24-CV-10546-MWF-BFM<br>District Judge Michael W. Fitzgerald<br><br>**DEFENDANT HORACE MANN'S OPPOSITION TO**<br><br>**PLAINTIFF'S "MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT" [Docket No. 66]**<br><br>**and, if still at issue,**<br><br>**PLAINTIFF'S "MOTION TO AMEND FIRST AMENDED COMPLAINT" [Docket No. 63 as deemed by the Court in Docket No. 64]**<br><br>Date: To be decided on the papers<br><br>Trial: June 16, 2026 |

Horace Mann Property & Casualty Insurance Company ("Horace Mann") respectfully requests that the Court (a) deny Plaintiff's "Motion for Leave to File an Amended Complaint Naming Raymond Pruitt, Educators Insurance Sales, LLC, Horace Mann Service Corporation, and Horace Mann Insurance Company Under FRCP 15, 19, 21, and 28 U.S.C. § 1447(c)" ("Motion for Leave") [Docket No. 66], and (b) deny, if still at issue, Plaintiff's "Motion to Amend First Amended

1

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

Complaint" ("Motion to Amend"). [Docket No. 63].[1] This Opposition will refer to Plaintiff's latest efforts simply as "Motion."

Plaintiff's Motion misses the deadline to amend pleadings or add parties set forth in the Court's Order Re Jury Trial. [Docket No. 44]. Therefore, the Motion is decided under the "good cause" standard for amending scheduling orders and not the Rule 15 standard ("when justice so requires").

Plaintiff's Motion does not show good cause or otherwise meet <u>any</u> of the applicable requirements for obtaining leave to file a second amended complaint or to add parties, and his arguments should be rejected. In summary:

- The deadline has passed for amending pleadings or adding parties, and for hearings on motions seeking leave to do so.
- Under the Ninth Circuit's "good cause" analysis, diligence is the key consideration, and here Plaintiff delayed making his Motion until more than five months after Horace Mann did not agree to the filing of a second amended complaint.
- Plaintiff's Motion does not attach a proposed amended pleading as required by rule, prejudicing Horace Mann and making it impossible to know the specific amendments Plaintiff thinks he would be making or even what *new parties* he would try to target.

---

[1] On June 25, 2025, Plaintiff filed "Plaintiff's Notice of Newly Discovered Jurisdictional Facts Negating Diversity Jurisdiction Under 28 U.S.C. § 1332(a); Request for Remand or Vacatur Under FRCP 60(b)(4)." [Docket No. 63].

On June 26, 2025, the Court entered a Scheduling Notice and Order [Docket No. 64] deeming Plaintiff's filing in Docket No. 63 to be a "Motion to Amend First Amended Complaint."

Plaintiff, however, balked. Reacting that same day, he filed "Plaintiff's Objection to Court's Sua Sponte Construction of Rule 60(b)(4) Motion as Motion to Amend; Clarification of Request for Relief Under FRCP 60(b)(3), 60(b)(4), 60(d)(3), and 28 U.S.C. § 1447(c)." [Docket No. 65]. Plaintiff argued unyieldingly that his pleading in Docket No. 63 was not a motion to amend the pleading and that this Court is "powerless" to decide a motion to amend. [Docket No. 65, p. 3, ll. 16-17].

2

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

The title of the Motion for Leave lists only Raymond Pruitt and three entities as candidates to be added as parties. However, the body of the Motion for Leave purports to add a fourth entity plus undefined "Does."

- Plaintiff's Motion violates the Court's admonition not to re-litigate issues already raised and ruled on by the Court.
- Plaintiff has admitted that his first and only attempt to seek leave to amend the pleadings and add parties was filed on June 30, 2025, and he set it for hearing on August 5, 2025, which misses the deadline in the Court's scheduling order. Plaintiff rejected the Court's order [Docket No. 64] saying Plaintiff did this any earlier and, instead, has accused the Court of, among other things, engaging in "a judicial pattern of constructive suppression and constitutional injury" [Docket No. 68, p. 3, ll. 11-12] and a "failure to adjudicate [that] reflects a failure of judicial safeguards . . ." [Docket No. 68, p. 3, ll. 18-20]; "procedural indifference [that] serves as a direct extension of Defendant['s] scheme: a pattern of forum manipulation, procedural evasion, and document falsification . . ." [Docket No. 68, p. 3, ll. 22-23]; and, having created a "judicial record [that] risks becoming a shield for further injustice rather than a forum for redress." [Docket No. 68, p. 3, ll. 26-27].
- Allowing even more of these freewheeling and groundless allegations, which are rife with misstatements of the record, *ad hominem* attacks, and disrespect toward the Court, will unnecessarily and artificially complicate this very straightforward dispute: Horace Mann cancelled Plaintiff's auto policy after he failed to pay his monthly premiums; several months later,

3

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

Plaintiff had an auto accident and made a claim; his claim was denied because there was no policy in effect.

Plaintiff has failed to show good cause for changing the scheduling order, amending the pleadings, or adding parties, and for all of these reasons, or for any one of them standing alone, Plaintiff's Motion should be denied.

**I.   This lawsuit is a dispute with an insurance company over its cancellation of an auto insurance policy for non-payment of premium, followed by a denial of benefits for a post-cancellation accident.**

As is plain from Plaintiff's original complaint and the operative First Amended Complaint, this is a straightforward dispute that is framed by the assertions in a series of communications involving Plaintiff, Horace Mann, and the California Department of Insurance ("DOI").

Plaintiff's issues arise from Horace Mann's cancellation in August 2022 of an automobile insurance policy it issued to him. Following the August 2022 cancellation, in November 2022 Plaintiff was allegedly involved in an auto accident, and he submitted a claim to Horace Mann. In June 2023, Horace Mann denied insurance benefits because no Horace Mann policy was in effect at the time of the accident or claim, as the policy had been cancelled the previous August. See, e.g., First Amended Complaint [Docket No. 1-3, pp. 5-8]; Complaint [Docket No. 1-3, pp. 11-15]; Declaration of Marie Bartolazzi ¶¶ 7-8, Exhs. 1-2.

In March 2024, Plaintiff submitted a "Request for Assistance" to the California Department of Insurance ("DOI"). See Bartolazzi Decl. ¶ 7, Exh. 1. The DOI forwarded Plaintiff's request to Horace Mann and requested an investigation and response. Id.

In April 2024, Horace Mann submitted to the DOI a detailed chronology of the issuance of the initial auto policy (1/10/22 - 7/10/22) to Plaintiff, the monthly premium payments for that initial policy, the policy renewal for the period 7/10/22 - 1/10/23 and new premium amount, the history of Plaintiff's non-payment of premium for two successive months, Horace Mann's notice of non-payment to

4

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

Plaintiff after the first instance of Plaintiff's non-payment, and Horace Mann's notice of cancellation of the Policy after the second instance of Plaintiff's non-payment. See Bartolazzi Decl. ¶ 8, Exh. 2.[2]

Plaintiff contends he made his monthly premium payments on the renewal policy and that Horace Mann unlawfully and in "bad faith" cancelled that policy, which allegedly caused damages for which he seeks recovery in this case.

These issues form the sole basis for this litigation between Plaintiff and Defendant Horace Mann Property & Casualty Insurance Company.

In October 2024 Plaintiff sued Horace Mann. Horace Mann removed the case to federal court and, rather than pursue his claims, Plaintiff has been continuously engineering repetitious procedural diversions and delays. Notably, however, in January 2025 Plaintiff requested that Horace Mann agree to his filing of a second amended complaint naming Raymond Pruitt as a defendant; Horace Mann did not agree. See Ingulsrud Decl. ¶ 2. Plaintiff thereafter continued to file meritless motions in federal court *and* state court. See, e.g., Docket No. 38-1 (state court filing challenging jurisdiction, also filed in this Court). After waiting more than five months after first asking Horace Mann about joining Pruitt, and after entry of the Court's Order Re Jury Trial and passing the deadline therein for amendments and adding parties, Plaintiff now asks to add not only Pruitt, but three (or four -- it's unclear) other entities plus undefined "Does," as additional defendants.

The dispute, however, is and always has been between only the two parties already in the case: Plaintiff and Defendant Horace Mann Property and Casualty Insurance Company, which is the company that issued the auto policy that was cancelled, and that denied his claim because there was no policy in effect at the time of the accident.

---

[2] The excerpts in Exhibits 1 and 2 to the Bartolazzi Declaration are submitted here <u>not</u> for the truth of the matters asserted in them but rather simply to show the only dispute between Plaintiff and Horace Mann.

5

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

Meanwhile, the Court directed the parties to mediation with James Fitzgerald, which has already begun with a pre-mediation telephonic joint session on June 19 and a scheduled in-person session on August 19.  See Docket No. 57.

**II. Plaintiff has not demonstrated -- or even tried to demonstrate -- good cause to amend the Court's Order Re Jury Trial [Docket No. 44] to allow the late filing of his Motion.**

The Court's Order Re Jury Trial entered on April 29, 2025, set the "Last Day to Amend Pleadings/Add Parties" as June 30, 2025.  [Docket No. 44, p. 2].

That Order further clarified this deadline:

> The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be *heard* on or before the cut-off date.

[Docket No. 44, p. 4, ll. 2-4, emphasis in original].

However, Plaintiff waited until June 30 before even *filing* his Motion.  In further disregard of the Court's Order he selected a *hearing* day of August 5, 2025, more than a month after the deadline.

Once a district court files its pretrial scheduling order that establishes a timetable for amending pleadings, Rule 16 controls a party's attempt to deviate from that order.  If a party seeks to amend its pleading after the deadline provided in the pretrial scheduling order, that party must first show "good cause" for amendment under Rule 16(b)(4), and then, if good cause is shown, the party must demonstrate that the proposed amendment is proper under Rule 15.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (citations omitted).

The Ninth Circuit framework for addressing Plaintiff's Motion is as follows:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s <u>"good cause" standard primarily considers the diligence of the party seeking the amendment</u>.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension. . . .  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, <u>the focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end</u>.

6

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

Johnson, 975 F.2d at 609 (citations omitted, emphasis added).

Over the five and half months after Horace Mann did not agree to Plaintiff's filing a second amended complaint, Plaintiff submitted dozens of filings, but none was, until the deadline had passed, a motion for leave to amend pleadings or add parties.

The late-filed Motion does not ask the Court to extend the deadline for hearing motions for leave to amend or to add parties, and it makes no attempt to show any cause -- good or otherwise -- for the Plaintiff's late filing. On this basis alone, the Motion should be denied.

**III.  Plaintiff's dilatory filing of the Motion is the result of abusive litigation conduct.**

Not only is the record devoid of evidence of good cause for Plaintiff's late filing, but it is replete with evidence of Plaintiff's lack of diligence in timely filing the Motion.

Since filing his case, including after the Court entered its Order Re Jury Trial [Docket No. 44] on April 29, 2025, Plaintiff has filed dozens of other submissions *not* seeking leave to amend the pleadings or add parties. Instead, Plaintiff has spent his days preparing and filing voluminous documents that did nothing to advance his case. Plaintiff's filings featured multiple motions on the same procedural issues, hallucinated cases, mischaracterized case law, defiance of the Court's directive not to relitigate decided issues, *ad hominem* commentary about counsel, and impugnment of the Court's integrity. Even after this Court's order denying his motion to remand, Plaintiff continued attempting to litigate his case in state court, including setting a hearing at which he, as part of his advocacy, intentionally did not make an appearance. See Docket No. 38-1, pp. 1-2.

Consistent with Plaintiff's deliberate decision *not* to seek leave to amend, Plaintiff admonished this Court for construing one of his filings as a motion for leave to amend. Specifically, five days before the June 30 deadline to have motions to

7

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

amend or add parties *heard*, Plaintiff filed a "Notice of Newly Discovered Jurisdictional Facts . . .; Request for Remand or Vacatur . . ." [Docket No. 63]. The Court deemed this a Motion to Amend [Docket No. 64], but Plaintiff immediately rejected the Court's characterization. Despite the June 30 deadline just four days away, on June 26 Plaintiff filed an "Objection to the Court's Sua Sponte Construction of a Rule 60(b)(4) Motion as a Motion to Amend," citing for good measure the Federal Rules and case law, insisting "**that Dkt 63 was not filed pursuant to Federal Rule of Civil Procedure 15(a)**," "not a RULE 15(a) MOTION TO AMEND," and "not Rule 15(a)-based." [Docket No. 65, pp. 1, ll. 24-25; p. 2, l. 7; p. 3, l. 26, emphasis in original].

Plaintiff went even further: He admonished the Court that it was "render[ed] . . . powerless to proceed" in determining a motion to amend or to add parties. [Docket No. 65, ll. 16-17].

Plaintiff has picked up on the theme again, reminding the Court that this is not the first time Plaintiff's actions have been "misconstrued" as a request to amend the pleadings in advance of the deadline. In his "Declaration of Stephen Chapman in Support of Exhibit A and Request for Judicial Notice of Procedural Record," filed on July 1, Plaintiff avers under penalty of perjury:

> Similar to the court's misconstrued application of Dkt 63, **The Court [17] erroneously misconstrued Plaintiff's first ex parte application** [11] as a premature request to adopt the Second Amended Complaint ("SAC") under federal pleading rules.

[Docket 68-1, p. 3 at fn. 1, ll. 17-18, emphasis in original].

Thus, Plaintiff admits that at no time did he, even inadvertently, seek to amend the pleadings or add parties within the time required in the Order Re Jury Trial.

Since learning in January 2025 that Horace Mann would not agree to the filing of a second amended complaint adding Pruitt, Plaintiff could not have been less diligent. He has done nothing to try to establish good cause to change the deadlines in the Order Re Jury Trial. Accordingly, his Motion should be denied.

8

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

### IV. Even if the Rule 15 standard ("when justice so requires") applied, which it does not, the Motion should be denied.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has declared, "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962). Here, Horace Mann has not consented, the Court has not granted leave, and justice does not require leave to amend. In fact, Plaintiff has not even lawfully asked for leave. The record is clear that since filing this case Plaintiff has engaged in almost nothing *except* undue delay, bad faith, and dilatory tactics, including the present Motion which provides, prejudicially for Horace Mann, virtually no information about what Plaintiff intends to allege in his proposed pleading, either generally or specifically as to any of the proposed four or five defendants (and unidentified "Does").

The Court's Local Rules for motions for leave to amend a pleading require the following:

> **L.R. 15-1 Separate Document.** Any proposed amended pleading must be filed as an attachment to the related motion or stipulation. . . .
>
> **L.R. 15-2 Complete Document.** Every amended pleading . . . allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading.

In further disregard of Court rules, Plaintiff's Motion does not attach the proposed amended pleading. This failure, whether standing alone or considered in the context of the Motion's other shortcomings, is grounds for denying the Motion.

"Although litigants are 'freely give[n] leave' to amend pleadings [under] Fed.R.Civ.P. 15(a)(2), they still have to 'follow [the] proper procedures. . . . One requirement, which is specified in a local rule, is to 'submit [a] proposed amendment

9

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**

along with [the] motion. . . . [Plaintiff] has never submitted an amended complaint at all, much less presented one along with the motion. . . . A failure to do so, as we have concluded before, is reason enough to deny leave to amend. . . . Our conclusion is the same here." Far East Aluminum Works Co. Ltd. v. Viracon, Inc., 27 F.4th 1361, 1367 (D. Minn. 2022) (citations omitted, quoting D. Minn. R. 15.1(b) ("Any motion to amend a pleading must be accompanied by . . . a copy of the proposed amended pleading.")). See also IMAPizza LLC v. At Pizza Limited, 965 F.3d 871, 876 (D.C. Cir. 2020) (no abuse of discretion to deny motion for leave to amend where plaintiff violated local rule to attach proposed amended pleading and make request in motion, thereby denying court the opportunity to exercise its discretion).

The rationale for L.R. 15-1, and demanding compliance with it, is tied to the Rule 15 standard for deciding motions for leave to amend: "In the absence of a proposed pleading, neither the opposing party nor the district court is in a position to 'determine whether or not [the] proposed amendments would be futile.'. . . As such, the failure to include the proposed pleading with a motion to amend is a sufficient basis for denying the motion." Haijer-Nejad v. George Washington Univ., 802 F. Supp. 2d 166, 178-79 (D.D.C. 2011) (citations omitted).

Horace Mann is prejudiced by not knowing what the pleading would look like or what its allegations and claims might be in order to respond to the Motion. And Plaintiff's Motion is no help either. It provides no substantive indication of what Plaintiff would allege against Horace Mann or the proposed additional parties other than information about his understanding of their formation and legal existence, and possibly their relationship as Plaintiff understands it. Nothing in the Motion specifies any alleged relationship that Plaintiff may have had with those entities, or details the elements of any conceivable cause of action Plaintiff may be contemplating against any of them, including how they may have damaged Plaintiff. Plaintiff was insured by Defendant Horace Mann Property and Casualty Insurance

Company; his policy was cancelled by Defendant Horace Mann Property and Casualty Insurance Company when he failed to pay his monthly premiums.

From the few notions discernable in Plaintiff's Motion about his proposed intentions, there is no basis -- procedural, good faith, justice-required, or otherwise -- to complicate this straightforward dispute by expanding it to include parties with whom Plaintiff did not have a contract of insurance.

Accordingly, even if the Rule 15 standard applied, which it does not, that standard has not been met.

## V. Conclusion

Plaintiff's Motion is groundless and frivolous. Plaintiff has wholly failed to meet his burden to show good cause, including proving that he acted diligently. The record demonstrates overwhelmingly that he did not act diligently. And, even if the "justice so requires" standard applied, Plaintiff's Motion should also fail. Horace Mann does not have the burden of guessing and then negating unknown allegations Plaintiff may conjure up at some point in the future in an amended pleading against four or five new parties (plus undefined "Does").

Horace Mann respectfully requests that the Court deny the Motion and sanction Plaintiff under L.R. 83-7 by awarding Horace Mann its fees and costs incurred to respond to the Motion, in an amount to be submitted.

Dated: July 14, 2025            **FREEMAN MATHIS & GARY, LLP**
                                By:    /s/ Marc J. Shrake
                                       Marc J. Shrake
                                       Attorneys for Defendant Horace Mann
                                       Property & Casualty Insurance Company

11

**HORACE MANN'S OPPOSITION TO MOTIONS TO AMEND AND FOR LEAVE**